IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**TAIWAN DICKERSON and KIM**                                                   **PLAINTIFFS**
**KING-MACON, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                             No. 4:22-cv-519

**CENTENE MANAGEMENT COMPANY, LLC,**                         **DEFENDANTS**
**and CENTENE CORPORATION**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Taiwan Dickerson and Kim King-Macon ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Courtney Harness of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendants Centene Management Company, LLC, and Centene Corporation (collectively "Defendant" or "Defendants"), they state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA.

## II.    JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Missouri has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendants conduct business within the State of Missouri, operating and maintaining local offices throughout Missouri.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2) because the State of Missouri has personal jurisdiction over Defendants, and Defendants therefore "reside" in Missouri.

6. Upon information and belief, Defendants are headquartered within the Eastern Division of the Eastern District of Missouri. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

7. Plaintiff Taiwan Dickerson ("Dickerson") is an individual and resident of Arkansas.

8. Plaintiff Kim King-Macon ("King-Macon") is an individual and resident of Arkansas.

9. Separate Defendant Centene Management Company, LLC ("Centene Management"), is a foreign limited liability company.

10. Centene Management's registered agent for service of process is C T Corporation System, at 120 South Central Avenue, Clayton, Missouri, 63105.

11. Separate Defendant Centene Corporation ("Centene Corporation") is a foreign, for-profit corporation.

12. Centene Corporation's registered agent for service of process is C T Corporation System, at 120 South Central Avenue, Clayton, Missouri, 63105.

13. Defendants maintain a website at https://www.centene.com/.

## IV.    FACTUAL ALLEGATIONS

14. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

15. Defendants provide healthcare plans and services to its customers.

16. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

17. Upon information and belief, the revenue generated from Centene Management and Centene Corporation was merged and managed in a unified manner.

18. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

19. Within the two years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

20. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

21. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

22. Defendant employed Dickerson as a Care Coordinator from April of 2018 to August of 2021.

23. Defendant employed King-Macon as a Care Coordinator from around March of 2019 to November of 2020.

24. Defendant also employed other Care Coordinators within the three years preceding the filing of this lawsuit (hereinafter "Care Coordinators").

25. As Care Coordinators, Plaintiffs were classified by Defendants as nonexempt from the overtime requirements of the FLSA and were paid an hourly wage.

26. Other Care Coordinators were also classified by Defendant as nonexempt from the overtime requirements of the FLSA and were paid an hourly wage.

27. Plaintiffs worked at Defendant's location in Little Rock.

28. At all relevant times herein, Defendants directly hired Plaintiffs and other Care Coordinators to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

29. As Care Coordinators, Plaintiffs' primary duties were to coordinate the services provided to Defendants' clients, which included scheduling appointments, traveling to meet clients and take clients to appointments, assisting clients with day-to-day tasks, and other related tasks.

30. Other Care Coordinators had the same or similar duties as Plaintiffs.

31. At all times material hereto, Plaintiffs and other Care Coordinators were entitled to the rights, protections, and benefits provided under the FLSA.

32. Plaintiffs regularly worked more than 40 hours per week during the relevant time period.

33. Upon information and belief, other Care Coordinators also regularly or occasionally worked more than 40 hours per week during the relevant time period and had similar schedules to Plaintiffs.

34. Because of the volume of work required to perform their jobs, Plaintiffs and other Care Coordinators consistently worked in excess of forty hours per week.

35. Defendants did not pay Plaintiffs or other Care Coordinators for all hours worked or 1.5 times their regular rate for all hours worked over 40 each week.

36. It was Defendant's commonly applied policy to pay Plaintiffs and other Care Coordinators only for the hours from 8 a.m. to 5 p.m. that they were scheduled to work.

37. Plaintiffs and other Care Coordinators were regularly required to perform work outside Defendant's set window of time (8 a.m. to 5 p.m.). For example, Plaintiffs and other Care Coordinators were required to travel to client locations, enter client information into Defendant's systems and input client care plans.

38. Therefore, Plaintiffs and other Care Coordinators worked hours for which they were not compensated.

39. At all relevant times herein, Defendants have failed to pay Plaintiffs and other Care Coordinators overtime premiums for all hours worked over 40 per week.

40. Upon information and belief, Defendant's pay practices were the same for all Care Coordinators.

41. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

42. At Defendant's direction, Plaintiffs and other Care Coordinators tracked their time using an app on their phone.

43. Defendant knew or should have known that Plaintiffs and other Care Coordinators were working hours which went unrecorded and uncompensated.

44. Defendant knew, or showed reckless disregard for whether, the way it paid Dickerson, King-Macon, and other Care Coordinators violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

45. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

46. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A.   Regular wages and overtime premiums for all hours worked over forty hours in any week;

   B.   Liquidated damages; and

   C.   Attorney's fees and costs.

47. Plaintiffs propose the following collective under the FLSA:

**All Care Coordinators who worked over forty hours in any week within the past three years.**

48. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

49. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were paid hourly;

    B. They were classified by Defendant as nonexempt from the overtime requirements of the FLSA;

    C. They had the same or substantially similar job duties;

    D. They were subject to Defendant's common policy and practice of failing to pay them an overtime premium for all hours worked over 40 each week.

51. Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds 50 persons.

52. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

53. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

54. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

55. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

56. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

57. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

58. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

59. Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

60. Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiffs 1.5x their regular rate for all hours worked in excess of 40 per week.

61. Defendant knew or should have known that its actions violated the FLSA.

62. Defendant's conduct and practices, as described above, were willful.

63. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

64. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

65. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

66. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

67. Plaintiffs asserts this claim for damages and declaratory relief on behalf of all similarly situated Care Coordinators pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

68. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

69. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

70. Defendant classified Plaintiffs and other similarly situated Care Coordinators as nonexempt from the overtime provisions of the FLSA.

71. Defendant failed to pay Plaintiffs and similarly situated Care Coordinators 1.5x their regular rate for all hours worked in excess of 40 per week, despite their entitlement thereto.

72. Defendant deprived Plaintiffs and similarly situated Care Coordinators of compensation for all of the hours worked over forty per week, in violation of the FLSA.

73. Defendant knew or should have known that its actions violated the FLSA.

74. Defendant's conduct and practices, as described above, were willful.

75. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated Care Coordinators for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

76. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated Care Coordinators are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

77. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Taiwan Dickerson and Kim King-Macon, each individually and on behalf of all others similarly situated, respectfully pray

that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

      A.      Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

      B.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

      C.      Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

      D.      Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

      E.      An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

      F.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**TAIWAN DICKERSON and KIM KING-MACON, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

/s/ *Courtney Harness*
Courtney Harness
56923 (MO)
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
harness@sanfordlawfirm.com