IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **TAIWAN DICKERSON and KIM KING-MACON, Each Individually and on Behalf of All Others Similarly Situated,** | |
| Plaintiffs, | Case No. 4:22-cv-00519-JMB |
| vs. | |
| **CENTENE MANAGEMENT COMPANY, LLC, and CENTENE CORPORATION,** | |
| Defendants. | |

## DEFENDANTS' ANSWER, AFFIRMATIVE, AND OTHER DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants Centene Management Company, LLC ("Centene Management") and Centene Corporation (collectively, "Defendants")[1] hereby file their Answer, Affirmative, and Other Defenses to the Original Complaint – Collective Action ("Complaint") filed by Plaintiffs Taiwan Dickerson and Kim King-Macon ("Plaintiffs"). Defendants deny each and every allegation in the Complaint not specifically admitted herein (including averments contained in numbered paragraphs and unnumbered "headers" in the Complaint) and further respond to the Complaint below:

## I. PRELIMINARY STATEMENTS

1. Answering Paragraph 1, Defendants admit only that Plaintiffs purport to bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendants deny the remaining allegations contained in Paragraph 1 and specifically deny that they engaged

---

[1] Plaintiffs' employer was Centene Management. Centene Corporation did not employ Plaintiffs and is improperly named herein.

in any conduct that would subject them to liability or which would entitle Plaintiffs or any other individual to damages. Further answering, Defendants deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiffs.

2.      Answering Paragraph 2, Defendants deny all allegations and specifically deny that they engaged in any conduct that would subject them to liability or which would entitle Plaintiffs or any other individual to declaratory judgment, monetary damages, liquidated damages, prejudgment interest, attorneys' fees, or any other relief.

## II.      JURISDICTION AND VENUE

3.      Answering Paragraph 3, the allegations in Paragraph 3 are legal or jurisdictional in nature and, therefore, require no response. To the extent a response is required, Defendants admit the Court has subject matter jurisdiction over Plaintiffs' FLSA claim under 28 U.S.C. § 1331 but deny that they engaged in any conduct that would subject them to liability. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 3.

4.      Answering Paragraph 4, Defendants admit that they conduct business within the State of Missouri. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 4.

5.      Answering Paragraph 5, the allegations in Paragraph 5 are legal or jurisdictional in nature and, therefore, require no response. To the extent that a response is required, Defendants admit that they conduct business within the State of Missouri and that this action may be brought in this Court, but deny that they engaged in any conduct that would subject them to liability. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 5.

6.      Answering Paragraph 6, the allegations in Paragraph 6 are legal or jurisdictional in nature and, therefore, require no response. To the extent that a response is required, Defendants admit that they have headquarters in St. Louis, Missouri and that this action may be brought in this Court, but deny that they engaged in any conduct that would subject them to liability. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 6.

### III.      THE PARTIES

7.      Answering Paragraph 7, Defendants admit Plaintiff Dickerson is an individual but lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation pertaining to Plaintiff Dickerson's residence and on that basis deny the allegation. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 7.

8.      Answering Paragraph 8, Defendants admit Plaintiff King-Macon is an individual but lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation pertaining to Plaintiff King-Macon's residence and on that basis deny the allegation. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 8.

9.      Answering Paragraph 9, Defendants admit that Centene Management is a limited liability company formed in Wisconsin.

10.      Answering Paragraph 10, Defendants admit that Centene Management's registered agent for service of process in the State of Missouri is CT Corporation System, at 120 South Central Avenue, Clayton, Missouri, 63105.

11.      Answering Paragraph 11, Defendants admit that Centene Corporation is a for-profit company incorporated in Delaware.

12.     Answering Paragraph 12, Defendants admit Centene Corporation's registered agent for service of process in the State of Missouri is CT Corporation System, at 120 South Central Avenue, Clayton, Missouri, 63105.

13.     Answering Paragraph 13, Defendants admit only that Centene Corporation maintains a website at www.centene.com. Defendants state that the provisions of the cited website speak for themselves and deny any assertion of fact or inference that Plaintiffs are drawing from the material. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 13.

## IV.     FACTUAL ALLEGATIONS

14.     Answering Paragraph 14, Defendants reallege and incorporate by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

15.     Answering Paragraph 15, Defendants deny the allegations contained in Paragraph 15.

16.     Answering Paragraph 16, Defendants deny the allegations contained in Paragraph 16.

17.     Answering Paragraph 17, Defendants deny the allegations contained in Paragraph 17.

18.     Answering Paragraph 18, Defendants deny the allegations contained in Paragraph 18.

19.     Answering Paragraph 19, Defendants state the allegations are legal in nature and, therefore, require no response. To the extent a response is required, Defendants admit only that Plaintiffs were employees of Centene Management within the two years prior to the filing of the

Complaint. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 19.

20.     Answering Paragraph 20, Defendants state the allegations in Paragraph 20 are legal in nature and, therefore, require no response. To the extent a response is required, Defendants admit only that Plaintiffs were employees of Centene Management within the two years prior to the filing of the Complaint and were engaged in interstate commerce. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 20.

21.     Answering Paragraph 21, Defendants admit only that each of their respective annual gross volumes of sales made or business done was not less than $500,000.00 during each of the last three years preceding the filing of the Complaint.

22.     Answering Paragraph 22, Defendants admit that Centene Management employed Plaintiff Dickerson as a Care Coordinator from approximately April 9, 2018 to July 29, 2021. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 22.

23.     Answering Paragraph 23, Defendants admit that Centene Management employed Plaintiff King-Macon as a Care Coordinator from approximately March 11, 2019 to July 23, 2019. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 23.

24.     Answering Paragraph 24, Defendants admit only that Centene Management has employed and does employ certain other individuals in the job title of Care Coordinator. Defendants specifically deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiffs. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 24.

25.     Answering Paragraph 25, Defendants admit only that Centene Management classified Plaintiffs as non-exempt employees for purposes of receiving overtime in accordance with the FLSA and paid Plaintiffs hourly wages. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 25.

26.     Answering Paragraph 26, Defendants admit only that Centene Management classified Plaintiffs as non-exempt employees for purposes of receiving overtime in accordance with the FLSA and paid Plaintiffs hourly wages. Defendants are unable to answer the allegations regarding other individuals because Plaintiffs' generic allegations are too broad and vague to permit them to provide a meaningful response, and on that basis Defendants deny the allegations. Defendants specifically deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiffs. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 26.

27.     Answering Paragraph 27, Defendants admit that Plaintiffs formerly worked for Centene Management based in Little Rock, Arkansas. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 27.

28.     Answering Paragraph 28, Defendants admit only that Centene Management hired Plaintiffs, paid wages and benefits to Plaintiffs while they were employed, set a general work schedule for Plaintiffs, established Plaintiffs' duties and responsibilities, and kept the required records regarding Plaintiffs' employment. Defendants are unable to answer the allegations regarding "protocols, applications, assignments and employment conditions" or regarding other individuals because Plaintiffs' generic allegations are too broad and vague to permit them to provide a meaningful response, and on that basis Defendants deny the allegations. Defendants

specifically deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action or that there are others similarly situated to Plaintiffs. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 28.

29.    Answering Paragraph 29, Defendants deny the allegations contained in Paragraph 29.

30.    Answering Paragraph 30, Defendants deny the allegations contained in Paragraph 30.

31.    Answering Paragraph 31, Defendants state the allegations in Paragraph 31 are legal in nature and, therefore, require no response. To the extent a response is required, Plaintiffs' generic allegations are too broad and vague for Defendants to admit or deny the allegations because they do not specify the alleged "rights, protections, and benefits," the alleged material time period, or the individuals in question, and on that basis Defendants deny the allegations contained in Paragraph 31. Defendants specifically deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action or that there are others similarly situated to Plaintiffs.

32.    Answering Paragraph 32, Defendants admit only that Plaintiffs worked in excess of forty hours for Centene Management during some workweeks in their roles as Care Coordinators, as reflected in their respective time records, and that Plaintiffs' time records speak for themselves as to the number of hours they worked each week. Defendants further aver that Centene Management has compensated Plaintiffs properly with overtime pay for all hours worked over 40 in a workweek as required by the FLSA. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 32.

33.     Answering Paragraph 33, Defendants admit only that Plaintiffs worked in excess of forty hours for Centene Management during some workweeks in their roles as Care Coordinators, as reflected in their respective time records, and that Plaintiffs' time records speak for themselves as to the number of hours they worked each week. Defendants further aver that Centene Management has compensated Plaintiffs properly with overtime pay for all hours worked over 40 in a workweek as required by the FLSA. Plaintiffs' generic allegations about other individuals are too broad and vague for Defendants to admit or deny the allegations because they do not specify the individuals or workweeks in question, and on that basis Defendants deny the remaining allegations contained in Paragraph 33. Defendants specifically deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action or that there are others similarly situated to Plaintiffs. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 33.

34.     Answering Paragraph 34, Defendants deny the allegations contained in Paragraph 34.

35.     Answering Paragraph 35, Defendants deny the allegations contained in Paragraph 35.

36.     Answering Paragraph 36, Defendants deny the allegations contained in Paragraph 36.

37.     Answering Paragraph 37, Defendants deny the allegations contained in Paragraph 37.

38.     Answering Paragraph 38, Defendants deny the allegations contained in Paragraph 38.

39.     Answering Paragraph 39, Defendants deny the allegations contained in Paragraph 39.

40.     Answering Paragraph 40, Plaintiffs' generic allegations about "pay practices" and "all Care Coordinators" are too broad and vague for Defendants to admit or deny the allegations because they do not specify the bonus, the practices, individuals, or locations in question, and on that basis Defendants deny the allegations contained in Paragraph 40. Defendants specifically deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action or that there are others similarly situated to Plaintiffs.

41.     Answering Paragraph 41, Defendants deny the allegations contained in Paragraph 41.

42.     Answering Paragraph 42, Defendants admit only that Plaintiffs were required to record all time worked using Centene Management's timekeeping system. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 42.

43.     Answering Paragraph 43, Defendants deny the allegations contained in Paragraph 43.

44.     Answering Paragraph 44, Defendants deny the allegations contained in Paragraph 44.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

45.     Answering Paragraph 45, Defendants reallege and incorporate by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

46.     Answering Paragraph 46 and its subparagraphs, Defendants admit only that Plaintiffs purport to bring a claim for relief pursuant to the FLSA. Defendants deny the remaining allegations contained in Paragraph 46 and its subparagraphs. Defendants specifically deny that

9

they engaged in any conduct that would subject them to liability or which would entitle Plaintiffs or any other individual to damages, and Defendants deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action or that there are others similarly situated to Plaintiffs. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 46.

47.     Answering Paragraph 47, Defendants admit only that Plaintiffs purport to assert an action on behalf of themselves and others as defined in their Complaint. Further answering, Defendants deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action, that there are others similarly situated to Plaintiffs, or that a three-year statute of limitations is appropriate in this matter. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 47.

48.     Answering Paragraph 48, Defendants admit that the Complaint attaches Consents to Join Collective Action purporting to be executed by Plaintiffs. Defendants lack knowledge and information sufficient to form a belief as to the validity of the consent forms and, therefore, deny the allegations contained in Paragraph 48. Defendants specifically deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action or that there are others similarly situated to Plaintiffs. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 47.

49.     Answering Paragraph 49, the allegations in Paragraph 49 are legal in nature and, therefore, require no response. To the extent a response is required, Defendants deny that they engaged in any conduct that would subject them to liability or which would entitle Plaintiffs or any other individual to damages. Further answering, Defendants specifically deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action,

that there are others similarly situated to Plaintiffs, or that a three-year statute of limitations is appropriate in this matter.

50.     Answering Paragraph 50, Defendants deny the allegations contained in Paragraph 50, including its subparagraphs.

51.     Answering Paragraph 51, Defendants deny the allegations contained in Paragraph 51. Defendants specifically deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action or that there are others similarly situated to Plaintiffs.

52.     Answering Paragraph 52, Defendants deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action or that there are others similarly situated to Plaintiffs. As there are no "members of the collective," Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 regarding their identities, and therefore deny the allegations contained in Paragraph 52.

53.     Answering Paragraph 53, Defendants deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action, that there are others similarly situated to Plaintiffs, or that the Court should approve notice being sent to anyone by any means. As there are no "FLSA collective action plaintiffs," Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 regarding their names and addresses, and therefore deny the allegations contained in Paragraph 53.

54.     Answering Paragraph 54, Defendants deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action, that there are others similarly situated to Plaintiffs, or that the Court should approve notice being sent to anyone by any means. As there are no "FLSA collective action plaintiffs," Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 54 regarding their names and addresses, and therefore deny the allegations contained in Paragraph 54.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims Under the FLSA)

55.     Answering Paragraph 55, Defendants reallege and incorporate by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

56.     Answering Paragraph 56, Defendants admit only that Plaintiffs purport to bring individual claims pursuant to the FLSA. Defendants specifically deny that they engaged in any conduct that would subject them to liability or which would entitle Plaintiffs to damages or declaratory relief. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 47.

57.     Paragraph 57 is a legal conclusion to which no response is required. To the extent a response is required, Defendants admit only that Centene Management was an "enterprise" as to Plaintiffs within the meaning of the FLSA, 29 U.S.C. section 203(r)(1) within the two years prior to the filing of the Complaint. Defendants further deny that Centene Management has operated an enterprise with any other person or entity. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 57.

58.     Answering Paragraph 58, the allegations in Paragraph 58 are legal in nature and, therefore, require no response. To the extent a response is required, Defendants state that the language of the statute speaks for itself, and Defendants deny violating the statute referenced in this Paragraph. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 58.

59.     Answering Paragraph 59, Defendants admit only that Centene Management classified Plaintiffs in their respective roles as Care Coordinators as non-exempt employees for

purposes of receiving overtime in accordance with the FLSA. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 59.

60.     Answering Paragraph 60, Defendants deny the allegations contained in Paragraph 60.

61.     Answering Paragraph 61, Defendants deny the allegations contained in Paragraph 61.

62.     Answering Paragraph 62, Defendants deny the allegations contained in Paragraph 62.

63.     Answering Paragraph 63, Defendants deny the allegations contained in Paragraph 63.

64.     Answering Paragraph 64, Defendants deny the allegations contained in Paragraph 64.

65.     Answering Paragraph 65, Defendants deny the allegations contained in Paragraph 65.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim Under the FLSA)

66.     Answering Paragraph 66, Defendants reallege and incorporate by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

67.     Answering Paragraph 67, Defendants admit only that Plaintiffs purport to bring a claim on a collective basis pursuant to the FLSA. Defendants specifically deny that they engaged in any conduct that would subject them to liability or which would entitle Plaintiffs or any other individual to damages or declaratory relief. Further answering, Defendants deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiffs. Except as specifically admitted, Defendants

deny the allegations contained in Paragraph 67.

68.    Answering Paragraph 68, the allegations in Paragraph 68 are legal in nature and, therefore, require no response. To the extent a response is required, Defendants admit only that Centene Management was an "enterprise" as to Plaintiffs within the meaning of the FLSA, 29 U.S.C. section 203(r)(1) within the two years prior to the filing of the Complaint. Defendants further deny that Centene Management has operated an enterprise with any other person or entity. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 68.

69.    Answering Paragraph 69, the allegations in Paragraph 69 are legal in nature and, therefore, require no response. To the extent a response is required, Defendants state that the language of the statutes speak for themselves, and Defendants deny violating the statutes referenced in this Paragraph. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 69.

70.    Answering Paragraph 70, Defendants admit only that Centene Management classified Plaintiffs in their respective roles as Care Coordinators as non-exempt employees for purposes of receiving overtime in accordance with the FLSA. Further answering, Defendants deny any claim or implication by Plaintiffs that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiffs. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 70.

71.    Answering Paragraph 71, Defendants deny the allegations contained in Paragraph 71.

72.    Answering Paragraph 72, Defendants deny the allegations contained in Paragraph 72.

73.     Answering Paragraph 73, Defendants deny the allegations contained in Paragraph 73.

74.     Answering Paragraph 74, Defendants deny the allegations contained in Paragraph 74.

75.     Answering Paragraph 75, Defendants deny the allegations contained in Paragraph 75.

76.     Answering Paragraph 76, Defendants deny the allegations contained in Paragraph 76.

77.     Answering Paragraph 77, Defendants deny the allegations contained in Paragraph 77.

## VIII.   PRAYER FOR RELIEF

Responding to the Complaint's PRAYER FOR RELIEF paragraph and each of its subparts, Defendants deny that Plaintiffs or any other individuals are entitled to any of the relief Plaintiffs seek, or in the manner Plaintiffs seek it, and otherwise deny the allegations in Plaintiffs' unnumbered PRAYER FOR RELIEF paragraph.

## <u>GENERAL DENIAL</u>

Any allegations contained in the Complaint that Defendants did not specifically admit are expressly denied.

## <u>AFFIRMATIVE DEFENSES AND OTHER DEFENSES</u>

Defendants assert the following affirmative and other defenses to Plaintiffs' claims, which also may apply to the claims of the individuals Plaintiffs seek to represent, although Plaintiffs are not similarly situated to any other individuals. For any individual other than Plaintiffs who is part of the putative collective or who files a consent to join in this action, Defendants reserve the right

to assert any of these or any additional defenses as to each such individual. By asserting these defenses, Defendants do not concede that they have the burden of proof as to any such defense and do not hereby assume any such burden. To the extent any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are pleaded in the alternative. Defendants also reserve the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action. Subject to and without waiving the foregoing, Defendants state:

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The Complaint fails, in whole or in part, because Defendant Centene Corporation was not and is not an employer or joint employer either of Plaintiffs or the individuals Plaintiffs seek to represent, and the FLSA applies only to an "employee" who is "employed" by an "employer." *See* 29 U.S.C. § 207(a)(1); 29 U.S.C. § 203(e)(1).

3.      Plaintiffs' claims (and/or the claims of some or all of the putative collective action members) are barred, in whole or part, by the applicable statutes of limitation. Specifically, the statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation. 29 U.S.C. § 255. Plaintiffs' claims do not arise out of a willful violation, so the applicable statute of limitations under the FLSA is two years prior to the filing of each party-plaintiff's notice of consent.

4.      To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations periods set forth in the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, such claims are barred.

5.      The claims of Plaintiffs and the individuals they seek to represent are barred, in

whole or in part, by the doctrines of estoppel and avoidable consequences to the extent that discovery reveals that Plaintiffs and those they seek to represent misrepresented, fabricated, falsely reported, or purposely concealed their true time worked, duties, or job performance and there is no evidence that their employer encouraged them to misrepresent, fabricate, falsely report, or purposely conceal their true time worked, duties, or job performance and no evidence that their employer knew or should have known that they were misrepresenting, fabricating, falsely reporting, or purposely concealing their true time worked, duties, or job performance. *See, e.g., Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

6.      The claims of Plaintiffs and the individuals they seek to represent are barred, in whole or in part, by Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254(a) as to all hours during which they were engaged in activities preliminary, postliminary, or incidental to their principal duties or activities, or otherwise were not engaged in compensable work.

7.      To the extent Plaintiffs or the individuals they seek to represent might have spent insubstantial or insignificant periods of time working beyond their scheduled working hours, such time may be disregarded to the extent it cannot, as a practical administrative matter, be precisely recorded for payroll purposes.

8.      Plaintiffs' claims are barred, in whole or in part, as to all hours allegedly worked that their employer did not suffer or permit Plaintiffs to work, of which their employer lacked actual or constructive knowledge, and/or which Plaintiffs deliberately misreported hours by failing to report all hours worked. Among other reasons, Plaintiffs' employer implemented and enforced policies requiring them to accurately report their work time, and Plaintiffs' failure to comply with those timekeeping policies bars any recovery. *See, e.g., Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981); Department of Labor Field Assistance Bulletin No. 2020-5

(August 24, 2020).

9.      Plaintiffs are not entitled to collective action certification pursuant to 29 U.S.C. § 216(b) because Plaintiffs are not similarly situated to each other or members of the putative collective action whom they purport to represent, and they cannot identify a group of similarly situated individuals. By way of example, consideration of the work activities, hours, and supervision of the Plaintiffs and each putative collective action member will require an individual fact-specific inquiry into the actual day-to-day activities of each individual.

10.     Plaintiffs lack standing to raise some or all of the claims on behalf of themselves and/or some or all of the putative collective action members.

11.     Liability, if any, to each member of any putative collective that Plaintiff purports to represent cannot be determined through generalized class-wide proof by a single jury on a group-wide basis. Allowing this action to proceed as a collective action would violate their employer's rights to a trial by jury guaranteed by the United States Constitution and rights under the Seventh and Fourteenth Amendments to the United States Constitution.

12.     Unlawful or other wrongful acts, if any, taken by any of the officers, directors, supervisors, or employees were outside the scope of their authority and such acts, if any, were not authorized, ratified or condoned by their employer, and their employer did not know, nor should have known, of such conduct.

13.     Plaintiffs fail to state a claim for declaratory or injunctive relief as to those Plaintiffs who were never or are no longer employed because there is no continuing or imminent future injury to enjoin and, accordingly, such individuals are incapable of alleging prospective or future harm or seeking declaratory relief in connection with past conduct. For these and other reasons, Plaintiffs also are inadequate class representatives.

14. Plaintiffs' employer is entitled to an offset against any damages awarded for amounts paid to Plaintiffs or other putative collective action members to which they were not otherwise entitled, including but not limited to wage overpayments.

15. In calculating overtime liability (if any), Defendants are entitled to exclude all elements of compensation that are excludable from the regular rate for purposes of calculating overtime, including but not limited to, those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. § 207(e).

16. Even if they prevail on any or all of their claims (which they cannot), Plaintiffs and/or members of the putative collective action are not entitled to an award of any damages that are not authorized for FLSA claims.

17. Plaintiffs and the individuals they seek to represent are not entitled to any recovery to the extent the work they performed falls within exemptions, exclusions, or credits provided for under the FLSA, including but not limited to those for individuals employed in a bona fide executive, administrative, professional, or other capacity per 29 U.S.C. section 213(a)(1), 29 C.F.R. section 541.100, *et seq*. (executive employees), 29 C.F.R. section 541.200, *et seq*. (administrative employees), 29 C.F.R. section 541.300, *et seq*. (professional employees), or 29 C.F.R. section 541.708 (combination).

18. Assuming, arguendo, that Plaintiffs' employer violated any provision of the FLSA, which is denied, such violation was not caused by any unlawful policy, custom, practice, or procedure promulgated or tolerated by their employer.

19. For purposes of preserving the defense pending discovery, if Plaintiffs or any of the individuals they seek to represent file or have filed for bankruptcy and fail or have failed to disclose with the bankruptcy court either: (1) unpaid wages as an amount owed to them; or (2) employment

disputes giving rise to a claim seeking monetary damages, they may be barred from pursuing their wage and/or employment claims under the doctrine of judicial estoppel and for lack of standing.

20.     The Complaint is barred, in whole or in part, to the extent Plaintiffs, and/or some or all of the putative collective action members, settled, waived, and/or released their alleged claims.

21.     The Complaint is barred, in whole or in part, to the extent Plaintiffs, or some or all of the individuals Plaintiffs seek to represent, agreed to submit the claims alleged herein to binding arbitration and/or waived their rights to bring claims under the FLSA, among others, on a class, collective, or representative basis.

22.     Defendants' defenses above are likewise asserted as defenses to the claims of any and all members of any collective action that may (but should not be) certified in this case.

23.     Defendants have not had an opportunity to conduct a full and sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiffs' allegations. Defendants will inform themselves as to the pertinent facts and prevailing circumstances surrounding any claimed damages and hereby gives notice of their intent to assert any affirmative defenses or allegations of fact that this information-gathering process may indicate are supported by law.

WHEREFORE, having fully answered the Complaint, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice, deny Plaintiffs' demands and prayer for relief, award Defendants their costs and reasonable attorneys' fees incurred herein, and grant such other and further relief to which Defendants may be equitably, justly, or legally entitled.

Dated this 10th day of June 2022.

Respectfully submitted,


*/s/ Patricia J. Martin*

Patricia J. Martin #57420 (MO)
pmartin@littler.com

LITTLER MENDELSON P.C.
600 Washington Avenue
Suite 900
St. Louis, MO  63101
Telephone:     314.659.2000
Facsimile:     314.659.2099

Breanne Sheetz Martell, #39632 (WA)
*Pro Hac Vice forthcoming*
bsmartell@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101
Telephone: 206.623.3300
Facsimile: 206.447.6965

Eva C. Madison, #98183 (AR)
*Pro Hac Vice forthcoming*
emadison@littler.com

LITTLER MENDELSON, P.C.
2600 Candlewood Drive
Fayetteville, AR 72703
Telephone: 479.582.6102
Facsimile: 479-582-6111


**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 10th day of June, 2022, a true and correct copy of the above and foregoing **Defendants' Answer, Affirmative, and Other Defenses to Plaintiffs' Complaint** was electronically filed with the court using the CM/ECF system, which sent notification to all parties in interest participating in the CM/ECF.

*/s/ Patricia J. Martin*
Patricia J. Martin

4855-0306-2305.4 / 095402-1034