UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAIWAN DICKERSON and KIM KING-MACON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:22CV519 HEA ) |
| CENTENE MANAGEMENT COMPANY, LLC and CENTENE CORPORATION, | ) ) ) |
| Defendants. | ) ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Conditional Collective Certification, for Approval and Distribution of Notice, and for Disclosure of Contact Information, [Doc. No. 28]. This Motion is fully briefed and ready for disposition. The Court denies Plaintiffs' Motion, without prejudice.

## Facts and Background

Plaintiffs brought this collective action individually and on behalf of all others similarly situated against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Plaintiffs seek a declaratory judgment and damages as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA. Plaintiffs' Complaint alleges the following.

Defendants provide healthcare plans and services to its customers. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

Defendant employed Dickerson as a Care Coordinator from April of 2018 to August of 2021. Defendant employed King-Macon as a Care Coordinator from around March of 2019 to November of 2020.  Plaintiffs worked at Defendant's location in Little Rock. Defendant also employed other Care Coordinators within the three years preceding the filing of the lawsuit. As Care Coordinators, Plaintiffs were classified by Defendants as nonexempt from the overtime requirements of the FLSA and were paid an hourly wage. Other Care Coordinators were also classified by Defendant as nonexempt from the overtime requirements of the FLSA and were paid an hourly wage.

As Care Coordinators, Plaintiffs' primary duties were to coordinate the services provided to Defendants' clients, which included scheduling appointments, traveling to meet clients and take clients to appointments, assisting clients with day-to-day tasks, and other related tasks. Other Care Coordinators had the same or similar duties as Plaintiffs.

Plaintiffs regularly worked more than 40 hours per week during the relevant time period. Upon information and belief, other Care Coordinators also regularly or occasionally worked more than 40 hours per week during the relevant time period and had similar schedules to Plaintiffs. Because of the volume of work required to perform their jobs, Plaintiffs and other Care Coordinators consistently worked in excess of forty hours per week. Defendants did not pay Plaintiffs or other Care Coordinators for all hours worked or 1.5 times their regular rate for all hours worked over 40 each week. It was Defendant's commonly applied policy to pay Plaintiffs and other Care Coordinators only for the hours from 8 a.m. to 5 p.m. that they were scheduled to work.

Plaintiffs and other Care Coordinators were regularly required to perform work outside Defendant's set window of time (8 a.m. to 5 p.m.). Plaintiffs and other Care Coordinators were required to travel to client locations, enter client information into Defendant's systems and input client care plans. Plaintiffs and other Care Coordinators worked hours for which they were not compensated. Defendants have failed to pay Plaintiffs and other Care Coordinators overtime premiums for all hours worked over 40 per week. Upon information and belief, Defendant's pay practices were the same for all Care Coordinators.

At Defendant's direction, Plaintiffs and other Care Coordinators tracked their time using an app on their phone. Defendant knew or should have known that

Plaintiffs and other Care Coordinators were working hours which went unrecorded and uncompensated. Defendant knew, or showed reckless disregard for whether, the way it paid Dickerson, King-Macon, and other Care Coordinators violated the FLSA.

The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A. They were paid hourly;

   B. They were classified by Defendant as nonexempt from the overtime requirements of the FLSA;

   C. They had the same or substantially similar job duties;

   D. They were subject to Defendant's common policy and practice of failing to pay them an overtime premium for all hours worked over 40 each week.

Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiffs 1.5x their regular rate for all hours worked in excess of 40 per week.

Defendant failed to pay Plaintiffs and similarly situated Care Coordinators 1.5x their regular rate for all hours worked in excess of 40 per week, despite their entitlement thereto. Defendant deprived Plaintiffs and similarly situated Care Coordinators of compensation for all of the hours worked over forty per week, in violation of the FLSA.

**Discussion**

The FLSA provides that "[a]ny employer who violates the provisions of … section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 219(b). An action to recover such damages may be maintained "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." *Id.*; *Kayser v. Sw. Bell Tel. Co.*, 912 F. Supp. 2d 803, 811 (E.D. Mo. 2012).

Plaintiffs allege they meet the standard for conditional certification because the hourly-paid workers were subject to Defendants' company-wide policy and practice, which failed to compensate Care Coordinators for time worked beyond the scheduled 8:00-5:00 time. The named Plaintiffs provided declarations to support these alleged violations.

District courts within the Eighth Circuit conduct a two-step analysis to determine whether employees are "similarly situated" under § 216. *Peck v. Mercy Health*, No. 4:21CV834 RLW, 2022 WL 17961184, at *2 (E.D. Mo. Dec. 27, 2022); *Beasley v. GC Services LP*, 270 F.R.D. 442, 444 (E.D. Mo. 2010); *Littlefield v. Dealer Warranty Services, LLC*, 679 F.Supp.2d 1014, 1016 (E.D. Mo. 2010); *Ford v. Townsends of Ark., Inc.*, No. 4:08CV00509BSM, 2010 WL 1433455, at *3 (E.D. Ark. Apr. 9, 2010). Under the two-step process, plaintiffs

first seek conditional certification, and if granted, the defendant may later move for decertification after the opt-in period has closed and all discovery is complete. *Kayser v. Sw. Bell Tel. Co.*, 912 F. Supp. 2d 803, 812 (E.D. Mo. 2012); *Davis v. NovaStar Mortg., Inc.,* 408 F.Supp. 2d 811, 815 (W.D. Mo. 2005). The motion for conditional certification is usually filed before any significant discovery has taken place. *Id*. The plaintiffs' burden at this first stage is typically not onerous. *Id*. Conditional certification at the notice stage requires "nothing more than *substantial allegations* that the putative class members were together the victims of a single decision, policy or plan." *Id.* (emphasis added); *see also Kautsch v. Premier Commc'ns*, 504 F.Supp. 2d 685, 689 (W.D. Mo. 2007); *Ford*, 2010 WL 1433455, at *3 ("A class is similarly situated at this stage if plaintiffs make a modest factual showing, based upon the pleadings and affidavits, that the proposed class members were victims of a single decision, policy, or plan."); *Dernovish v. AT&T Operations, Inc.*, No. 09-0015CVWODS, 2010 WL 143692, at *1 (W.D. Mo. Jan. 12, 2010) ("There is no need to show that the would-be members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances."). A plaintiff may meet this burden by "detailed allegations supported by affidavits." *Kautsch*, 504 F.Supp. 2d at 689 (citation omitted). The Court does not reach the merits of the plaintiffs'

claims at this early stage of litigation. *Fast v. Applebee's Int'l, Inc.*, 243 F.R.D. 360, 363 (W.D. Mo. 2007). If the Court conditionally certifies the class, the potential class members are given notice and the opportunity to opt-in. *Dernovish*, 2010 WL 143692, at *1.

Because the notice stage is typically based on little or no discovery, the burden on plaintiffs is not stringent and courts generally utilize a lenient evaluation standard. *Chapman v. Hy-Vee, Inc.*, No. 10-CV-6128-W-HFS, 2012 WL 1067736, at *2 (W.D. Mo. Mar. 29, 2012). The standard is not invisible though. *Settles v. Gen. Electric*, No. 12-00602-CV-W-BP, 2013 WL 12143084, at *2 (W.D. Mo. Feb. 19, 2013); *Adams v. Hy–Vee, Inc.*, No. 11–00449–CV–W–DW, 2012 U.S. Dist. LEXIS 98590, *10 (W.D. Mo. May 22, 2012). "[P]laintiffs must present more than mere allegations[.] ... [S]ome evidence to support the allegations is required." *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007). "Unsupported assertions or those not based on personal knowledge will not show that the plaintiffs are similarly situated for conditional certification." *Settles*, 2013 WL 12143084, at *2.

Where the parties have engaged in substantial discovery, however, some courts have used an "intermediate standard," which requires a court to compare the allegations in the complaint with the evidence actually presented to determine whether plaintiffs have made a sufficient showing beyond their original

allegations. *See Allen v. Pinnacle Ent., Inc.*, No. 17-00374-CV-W-GAF, 2018 WL 11376058, at *4 (W.D. Mo. July 24, 2018); *McClean v. Health Sys, Inc.*, No. 11-03037-CV-W-DGK, 2011 WL 6153091, at *5 (W.D. Mo. Dec. 12, 2011); *Sutton-Price v. Daugherty Sys., Inc.*, No. 4:11-CV-1943 (CEJ), 2013 WL 3324364, at *4 (E.D. Mo. July 1, 2013). Such standard requires "the plaintiffs to demonstrate at least 'modest' factual support for the class allegations in their complaint." *Sutton-Price*, 2013 WL 3324364, at *3. This is particularly true where the parties have engaged in discovery on the issue of whether or not the action should proceed as a collective action. *See id.*; *McClean*, 2011 WL 6153091, at *5; *Kayser v. Sw. Bell Tel. Co.*, 912 F. Supp. 2d 803, 812 (E.D. Mo. 2012); *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 823–27 (N.D. Ohio 2011); *Pacheco v. Boar's Head Provisions Co., Inc.*, 671 F. Supp. 2d 957, 960 (W.D. Mich. 2009).

Here, the parties have engaged in substantial discovery directly related to the issue of conditional certification. The depositions of Plaintiffs have been taken, written discovery has been propounded, with responses to requests to admit having been served. The Court cannot turn a blind eye to the amount of discovery already performed, particularly where the discovery has led to evidence which undercuts the statements made in declarations. *Allen*, 2018 WL 11376058, at *5; *McClean*,

Although the term "similarly situated" is not defined by the FLSA, it "typically requires a showing that an employer's commonly applied decision,

policy, or plan similarly affects the potential class members, and inflicts a common injury on plaintiffs and the putative class." *Keef v. M.A. Mortenson Co.*, No. 07–cv–3915 (JMR/FLN), 2008 WL 3166302, at *2 (D. Minn. Aug. 4, 2008) (citation and quotation omitted); *Hussein v. Cap. Bldg. Servs. Grp., Inc.*, 152 F. Supp. 3d 1182, 1191 (D. Minn. 2015). Determining whether Plaintiff's showing meets this standard "lies within the Court's sound discretion." *Id*.

 Both named Plaintiffs have submitted their declarations in which they declare identical claims of "other Care Coordinators" working similar schedules and not receiving overtime pay.  Both Plaintiffs declare they and "other Care Coordinators" were regularly required to perform work outside [Defendant's] set window of time. Both claim as a standard practice, Defendant pays all of its Care Coordinators for some of the hours worked, but not for all hours, claiming to know this to be a fact because other Care Coordinators and he/she discussed the way they were paid. Neither Plaintiff sets forth any specific times they and the other Care Coordinators were not paid overtime, any specific other Care Coordinators with whom they spoke, how it was made known that they and other Care Coordinators were required to work overtime without receiving overtime pay. In essence, the declarations present vague and nonspecific claims regarding the nonpayment of overtime.

In contrast to their declarations, Plaintiffs' depositions and responses to the requests to admit reveal that Plaintiffs were not told by other Care Coordinators these other workers were not paid overtime. Indeed, Plaintiff King-Macon specifically states that she can only speak for herself.  Likewise, Plaintiff both admit they never specifically spoke with other Care Coordinators about the circumstances of the other Care Coordinators' work schedules or overtime payments.  Plaintiffs' claims that they are similarly situated with the other proposed class members are not even minimally set in the declarations, depositions, or request to admit; Plaintiffs motion fails to substantiate allegations that the putative class members were together victims of a single decision, policy or plan. *Hampton v. Maxwell Trailers & Pick-Up Accessories, Inc.*, No. 2:18CV110 HEA, 2020 WL 1888798, at *1 (E.D. Mo. Apr. 16, 2020). Plaintiffs' bare assertions that Defendant engaged in an employee-wide policy of forbidding overtime pay is insufficient to constitute evidence that Defendant engaged in violating the FLSA. *See Peck,* 2022 WL 17961184, at *1–7; *Evans v. Cont. Callers, Inc.*, No. 4:10CV2358 FRB, 2012 WL 234653, at *5 (E.D. Mo. Jan. 25, 2012) ("plaintiff's bare assertion that CCI should have known that its employees were not taking lunch breaks, with nothing more, is insufficient to constitute evidence that CCI engaged in a systematic policy of violating the FLSA with regard to its mealtime deduction").

## Conclusion

Based upon the foregoing, the Court concludes Plaintiffs have failed to establish the initial showing that they are similarly situated with other Care Coordinators that have not received overtime pay as provided in the FLSA.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Conditional Collective Certification, for Approval and Distribution of Notice, and for Disclosure of Contact Information, [Doc. No. 28], is denied, without prejudice.

Dated this 22nd day of September, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE