IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAIWAN DICKERSON and KIM KING-MACON, | ) ) ) | |
| Plaintiffs, | ) ) | No. 4:22 CV 519 HEA |
| v. | ) ) | |
| CENTENE MANAGEMENT COMPANY, LLC and CENTENE CORPORATION, | ) ) ) | |
| Defendants. | ) | |

**PHASE TWO JOINT PROPOSED SCHEDULING PLAN**

Plaintiffs Taiwan Dickerson and Kim King-Macon, and Defendants Centene Management Company, LLC and Centene Corporation, by and through their respective undersigned counsel, submit the following Phase Two Joint Proposed Scheduling Plan pursuant to the Court's Case Management Order of July 27, 2022 (Doc. # 24):

A. **Track Assignment**

(i) **Assignment to Track 2**

This case has been assigned to "Track 2: Standard."

(ii) **Phase Two**

The Court denied Plaintiffs' Motion for Conditional Certification on September 22, 2023. Phase Two will focus on the claims of the two named plaintiffs.

B. **Dates for Joinder of Additional Parties or Amendment of Pleadings**

The deadline for joinder of additional parties or amendment of pleadings was September 30, 2022.  Plaintiffs request that the scheduling plan permit until October 20, 2023 for them to request leave to file an Amended Complaint for the sole purpose of adding Tiffany Russell, whose consent was filed prior to the court's denial of Plaintiffs' Motion for Conditional Certification, as a named Plaintiff in this

    action.  Defendants have not consented to the amendment but are considering the request.

C. **<u>Discovery Plan</u>**

(i) <u>Any agreed-upon provisions or issues about disclosure, discovery, or preservation of electronically stored information</u>

The Parties have taken and will continue to take reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. If a party requests or produces information from electronic or computer-based media, the disclosure or production shall be limited to data reasonably accessible to the Parties in the ordinary course of business. The Parties will object and/or respond to discovery requests at the time they are made and will attempt to work together to resolve any issues that arise surrounding these requests. The Parties have started to confer regarding production formats and will continue this discussion during Phase Two.

The parties agree to produce ESI in electronic format such as PDF, except for spreadsheets, which should be produced in native format such as XLS.

The parties have been made aware of the need to maintain the relevant records taken in the ordinary course of business.

(ii) <u>Any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production</u>

The Parties will enter into a Stipulated Confidentiality Protective Order including a Non-Waiver Rule 502(d) & (e) "Clawback" Agreement. The Parties agree that privileged communications between attorneys and clients conducted after the commencement of their attorney-client relationship in relation to this litigation, and work-product created after the commencement of litigation or in preparation for this litigation, do not need to be included on privilege logs.

(iii)   <u>A date or dates by which the parties will disclose information and exchange documents pursuant to Fed. R. Civ. P. 26(a)(1)</u>

The parties have made initial disclosures pursuant to Rule 26(a)(1).

(iv)   <u>Whether discovery should be conducted in phases or limited to certain issues</u>

The case is currently in Phase Two in accordance with the Court's July 27, 2022, Case Management Order.

(v)   <u>Dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case</u>

Plaintiffs will disclose any expert witnesses and their reports no later than November 1, 2023. Defendants will disclose any expert witnesses and their reports no later than December 1, 2023. The parties will make their experts available for deposition during the discovery period.

(vi)   <u>Whether the presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(a), and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules</u>

The parties agree to the limit of ten (10) depositions per side and twenty-five (25) interrogatories per party.

(vii)   <u>Whether any physical or mental examinations of parties will be requested pursuant to Fed. R. Civ. P. 35, and if so, by what date that request will be made and the date the examination will be completed</u>

The parties do not anticipate the need to request any physical or mental examinations pursuant to Fed. R. Civ. P. 35.

(viii)   <u>A date by which all discovery will be completed</u>

The parties agree all discovery will be complete by April 12, 2024.

(ix)   <u>Any other matters pertinent to the completion of discovery in this case</u>

None at this time.

D.   **Mediation**

The parties believe the case may be appropriate for referral to mediation. Mediation should be completed no later than April 19, 2024.

E.   **Dispositive Motions**

Motions for Summary Judgment should be filed no later than May 1, 2024.

F.   **Trial**

The parties agree that the trial of this matter should begin on or around the trial period beginning September 30, 2024.

G.   **Estimated Length of Trial**

The parties anticipate the trial will be two days.

H.   **Other Matters**

Pursuant to Rule 5(b)(2), the parties consent to the electronic service of all documents that require service on an opposing party outside of the ECF system, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, Subpoenas, and Notices of Deposition, as well as Answers and Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at all e-mail addresses at which each attorney of record receives ECF filings in this case as well as discovery@sanfordlawfirm.com for service on Plaintiffs. The parties agree that attorneys may sign discovery documents by e-signature rather than by hand and that the e-signature carries the same weight under Rule 11 and Rule 26(g) as a hand signature. When serving documents by email, the parties agree to include "SERVICE BY EMAIL" in the subject line. If either party needs to serve discovery documents in paper form or large electronic discovery productions

that cannot be sent via email, they will work together to agree on a method of service. The parties agree they will not serve any item by mail without first checking with the other party to ensure the mail may be received.

Dated this 6th day of October, 2023.

                                Respectfully submitted,

*s/ Josh Sanford*
Josh Sanford
*Admitted Pro Hac Vice*
josh@sanfordlawfirm.com
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

**ATTORNEYS FOR PLAINTIFFS TAIWAN DICKERSON and KIM KING-MACON**

and

*s/ Breanne Sheetz Martell*
Patricia J. Martin
MO Bar No. 57420
pmartin@littler.com
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
Telephone: (314) 659-2000
Facsimile: (314) 659-2099

Breanne Sheetz Martell
*Admitted Pro Hac Vice*
WA Bar No. 39632
bsmartell@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-3300

Facsimile: (206) 447-6965

Eva C. Madison
*Admitted Pro Hac Vice*
Ark. Bar No. 98183
emadison@littler.com
LITTLER MENDELSON, P.C.
217 E. Dickson St., Suite 204
Fayetteville, Arkansas 72701
Telephone: (479) 582-6100
Facsimile: (479) 582-6111

**ATTORNEYS FOR DEFENDANTS CENTENE MANAGEMENT COMPANY, LLC and CENTENE CORPORATION**