IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**TAIWAN DICKERSON, KIM**                                                             **PLAINTIFFS**
**KING-MACON, and TIFFANY**
**RUSSELL**

vs.                                      No. 4:22-cv-519-HEA

**CENTENE MANAGEMENT COMPANY, LLC,**                  **DEFENDANTS**
**and CENTENE CORPORATION**

### FIRST AMENDED AND SUBSTITUTED COMPLAINT

Plaintiffs Taiwan Dickerson, Kim King-Macon and Tiffany Russell ("Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint ("Complaint") against Defendants Centene Management Company, LLC, and Centene Corporation (collectively "Defendant" or "Defendants"), they state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiffs bring this action against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policy and practice of failing to pay proper overtime compensation under the FLSA.

3. The purpose of this First Amended and Substituted Complaint is to remove the collective action allegations and add Tiffany Russell as a named plaintiff.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Missouri has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendants conduct business within the State of Missouri, operating and maintaining local offices throughout Missouri.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2) because the State of Missouri has personal jurisdiction over Defendants, and Defendants therefore "reside" in Missouri.

7. Upon information and belief, Defendants are headquartered within the Eastern Division of the Eastern District of Missouri. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff Taiwan Dickerson ("Dickerson") is an individual and resident of Arkansas.

9. Plaintiff Kim King-Macon ("King-Macon") is an individual and resident of Arkansas.

10. Plaintiff Tiffany Russell ("Russell") is an individual and resident of Arkansas.

11. Separate Defendant Centene Management Company, LLC ("Centene Management"), is a foreign limited liability company.

12. Centene Management's registered agent for service of process is C T Corporation System, at 120 South Central Avenue, Clayton, Missouri, 63105.

13. Separate Defendant Centene Corporation ("Centene Corporation") is a foreign, for-profit corporation.

14. Centene Corporation's registered agent for service of process is C T Corporation System, at 120 South Central Avenue, Clayton, Missouri, 63105.

15. Defendants, in the course of their business, maintain a website at https://www.centene.com/.

### IV.   FACTUAL ALLEGATIONS

16. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

17. Defendants provide healthcare plans and services to its customers.

18. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

19. Upon information and belief, the revenue generated from Centene Management and Centene Corporation was merged and managed in a unified manner.

20. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

21. Within the two years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

22. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

23. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

24. Defendant employed Dickerson as a Care Coordinator from April of 2018 to August of 2021.

25. Defendant employed King-Macon as a Care Coordinator from around March of 2019 to November of 2020.

26. Defendant employed Russell as a Care Coordinator from approximately September of 2018 to March of 2021.

27. As Care Coordinators, Plaintiffs were classified by Defendants as nonexempt from the overtime requirements of the FLSA and were paid an hourly wage.

28. Plaintiffs worked at Defendant's location in Little Rock.

29. At all relevant times herein, Defendants directly hired Plaintiffs to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30. As Care Coordinators, Plaintiffs' primary duties were to coordinate the services provided to Defendants' clients, which included scheduling appointments, traveling to meet clients and take clients to appointments, assisting clients with day-to-day tasks, and other related tasks.

31. At all times material hereto, Plaintiffs were entitled to the rights, protections, and benefits provided under the FLSA.

32. Plaintiffs regularly worked more than 40 hours per week during the relevant time period.

33. Because of the volume of work required to perform their jobs, Plaintiffs consistently worked in excess of forty hours per week.

34. Defendants did not pay Plaintiffs for all hours worked or 1.5 times their regular rate for all hours worked over 40 each week.

35. It was Defendant's commonly applied policy to pay Plaintiffs only for the hours from 8 a.m. to 5 p.m. that they were scheduled to work.

36. Plaintiffs were regularly required to perform work outside Defendant's set window of time (8 a.m. to 5 p.m.). For example, Plaintiffs were required to travel to client locations, enter client information into Defendant's systems and input client care plans.

37. Therefore, Plaintiffs worked hours for which they were not compensated.

38. At all relevant times herein, Defendants have failed to pay Plaintiffs overtime premiums for all hours worked over 40 per week.

39. At Defendant's direction, Plaintiffs tracked their time using an app on their phone.

40. Defendant knew or should have known that Plaintiffs were working hours which went unrecorded and uncompensated.

41. Defendant knew, or showed reckless disregard for whether, the way it paid Dickerson, King-Macon, and Russell violated the FLSA.

## V.  FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

42. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

43. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

44. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

46. Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

47. Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiffs 1.5x their regular rate for all hours worked in excess of 40 per week.

48. Defendant knew or should have known that its actions violated the FLSA.

49. Defendant's conduct and practices, as described above, were willful.

50. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

51.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

52.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Taiwan Dickerson, Kim King-Macon and Tiffany Russell, respectfully pray that Defendants be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.     Judgment for damages suffered by Plaintiffs for all unpaid overtime wages under the FLSA and its related regulations;

C.     Judgment for liquidated damages owed to Plaintiffs pursuant to the FLSA and its related regulations;

D.     An order directing Defendant to pay Plaintiffs a reasonable attorney's fee and all costs connected with this action; and

E.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFFS TAIWAN DICKERSON, KIM KING-MACON and TIFFANY RUSSELL**

*/s/ Josh Sanford*
Josh Sanford
*Admitted Pro Hac Vice*
Ark. Bar No. 2001037
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com