IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**TAIWAN DICKERSON, KIM KING-MACON, and TIFFANY RUSSELL,**

Plaintiffs,

vs.

**CENTENE MANAGEMENT COMPANY, LLC, and CENTENE CORPORATION,**

Defendants.

Case No. 4:22-cv-00519-HEA

## DEFENDANTS' ANSWER, AFFIRMATIVE, AND OTHER DEFENSES TO PLAINTIFFS' FIRST AMENDED AND SUBSTITUTED COMPLAINT

Defendants Centene Management Company, LLC ("Centene Management") and Centene Corporation (collectively, "Defendants")[1] hereby file their Answer, Affirmative, and Other Defenses to the Plaintiffs' First Amended and Substituted Complaint ("Amended Complaint") filed by Plaintiffs Taiwan Dickerson, Kim King-Macon, and Tiffany Russell ("Plaintiffs"). Defendants deny each and every allegation in the Amended Complaint not specifically admitted herein (including averments contained in numbered paragraphs and unnumbered "headers" in the Amended Complaint) and further respond to the Amended Complaint below:

### I.   PRELIMINARY STATEMENTS

1.      Answering Paragraph 1, Defendants admit only that Plaintiffs purport to bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendants deny the remaining allegations contained in Paragraph 1 and specifically deny that they engaged in any conduct that would subject them to liability or which would entitle Plaintiffs to damages.

---

[1] Plaintiffs' employer was Centene Management. Centene Corporation did not employ Plaintiffs and is improperly named herein.

2.      Answering Paragraph 2, Defendants deny all allegations and specifically deny that they engaged in any conduct that would subject them to liability or which would entitle Plaintiffs to declaratory judgment, monetary damages, liquidated damages, prejudgment interest, attorneys' fees, or any other relief.

3.      Answering Paragraph 3, Defendants acknowledge that the purpose of the Amended Complaint is to remove the collective action allegations and add Tiffany Russell as a named Plaintiff. Defendants deny that they engaged in any conduct that would subject them to liability or which would entitle Plaintiffs to damages.

## II.      JURISDICTION AND VENUE

4.      Answering Paragraph 4, the allegations in Paragraph 3 are legal or jurisdictional in nature and, therefore, require no response. To the extent a response is required, Defendants admit the Court has subject matter jurisdiction over Plaintiffs' FLSA claim under 28 U.S.C. § 1331 but deny that they engaged in any conduct that would subject them to liability. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 4.

5.      Answering Paragraph 5, Defendants admit that they conduct business within the State of Missouri. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 5.

6.      Answering Paragraph 6, The allegations in Paragraph 6 are legal or jurisdictional in nature and, therefore, require no response. To the extent that a response is required, Defendants admit that they conduct business within the State of Missouri and that this action may be brought in this Court, but deny that they engaged in any conduct that would subject them to liability. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 6.

7.      Answering Paragraph 7, The allegations in Paragraph 7 are legal or jurisdictional in nature and, therefore, require no response. To the extent that a response is required, Defendants admit that they have headquarters in St. Louis, Missouri and that this action may be brought in this Court, but deny that they engaged in any conduct that would subject them to liability. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 7.

### III.      THE PARTIES

8.      Answering Paragraph 8, Defendants admit Plaintiff Dickerson is an individual but lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation pertaining to Plaintiff Dickerson's residence and on that basis deny the allegation. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 8.

9.      Answering Paragraph 9, Defendants admit Plaintiff King-Macon is an individual but lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation pertaining to Plaintiff King-Macon's residence and on that basis deny the allegation. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 9.

10.      Answering Paragraph 10, Defendants admit Plaintiff Russell is an individual but lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation pertaining to Plaintiff Russell's residence and on that basis deny the allegation. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 10.

11.      Answering Paragraph 11, Defendants admit that Centene Management is a limited liability company formed in Wisconsin.

12.      Answering Paragraph 12, Defendants admit that Centene Management's registered agent for service of process in the State of Missouri is CT Corporation System, at 120 South Central Avenue, Clayton, Missouri, 63105.

13.     Answering Paragraph 13, Defendants admit that Centene Corporation is a for-profit company incorporated in Delaware.

14.     Answering Paragraph 14, Defendants admit Centene Corporation's registered agent for service of process in the State of Missouri is CT Corporation System, at 120 South Central Avenue, Clayton, Missouri, 63105.

15.     Answering Paragraph 15, Defendants admit only that Centene Corporation maintains a website at www.centene.com. Defendants state that the provisions of the cited website speak for themselves and deny any assertion of fact or inference that Plaintiffs are drawing from the material. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 15.

## IV.     FACTUAL ALLEGATIONS

16.     Answering Paragraph 16, Defendants reallege and incorporate by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

17.     Answering Paragraph 17, Defendants deny the allegations contained in Paragraph 17.

18.     Answering Paragraph 18, Defendants deny the allegations contained in Paragraph 18.

19.     Answering Paragraph 19, Defendants deny the allegations contained in Paragraph 19.

20.     Answering Paragraph 20, Defendants deny the allegations contained in Paragraph 20.

21.     Answering Paragraph 21, Defendants state the allegations are legal in nature and, therefore, require no response. To the extent a response is required, Defendants admit only that

Plaintiffs were employees of Centene Management during the employment time periods stated in subsequent paragraphs herein. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 21.

22.     Answering Paragraph 22, Defendants state the allegations in Paragraph 22 are legal in nature and, therefore, require no response. To the extent a response is required, Defendants admit only that Plaintiffs were employees of Centene Management during the employment time periods stated in subsequent paragraphs herein and were engaged in interstate commerce. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 22.

23.     Answering Paragraph 23, Defendants admit only that each of their respective annual gross volumes of sales made or business done was not less than $500,000.00 during each of the last three years preceding the filing of the Complaint.

24.     Answering Paragraph 24, Defendants admit that Centene Management employed Plaintiff Dickerson as a Care Coordinator from approximately April 9, 2018 to July 29, 2021. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 24.

25.     Answering Paragraph 25, Defendants admit that Centene Management employed Plaintiff King-Macon as a Care Coordinator from approximately March 11, 2019 to July 23, 2019. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 25.

26.     Answering Paragraph 26, Defendants admit that Centene Management employed Plaintiff Russell as a Care Coordinator from approximately September 17, 2018 to March 22, 2021. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 26.

27.     Answering Paragraph 27, Defendants admit only that Centene Management classified Plaintiffs as non-exempt employees for purposes of receiving overtime in accordance

4884-3373-8890.4 / 095402-1034

with the FLSA and paid Plaintiffs hourly wages. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 27.

28.     Answering Paragraph 28, Defendants admit that Plaintiffs formerly worked for Centene Management based in Little Rock, Arkansas. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 28.

29.     Answering Paragraph 29, Defendants admit only that Centene Management hired Plaintiffs, paid wages and benefits to Plaintiffs while they were employed, set a general work schedule for Plaintiffs, established Plaintiffs' duties and responsibilities, and kept the required records regarding Plaintiffs' employment. Defendants are unable to answer the allegations regarding "protocols, applications, assignments and employment conditions" because Plaintiffs' generic allegations are too broad and vague to permit them to provide a meaningful response, and on that basis Defendants deny the allegations. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 29.

30.     Answering Paragraph 30, Defendants deny the allegations contained in Paragraph 30.

31.     Answering Paragraph 31, Defendants state the allegations in Paragraph 31 are legal in nature and, therefore, require no response. To the extent a response is required, Plaintiffs' generic allegations are too broad and vague for Defendants to admit or deny the allegations because they do not specify the alleged "rights, protections, and benefits," the alleged material time period, or the individuals in question, and on that basis Defendants deny the allegations contained in Paragraph 31.

32.     Answering Paragraph 32, Defendants admit only that Plaintiffs worked in excess of forty hours for Centene Management during some workweeks in their roles as Care

6

Coordinators, as reflected in their respective time records, and that Plaintiffs' time records speak for themselves as to the number of hours they worked each week. Defendants further aver that Centene Management has compensated Plaintiffs properly with overtime pay for all hours worked over 40 in a workweek as required by the FLSA. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 32.

33.     Answering Paragraph 33, Defendants deny the allegations contained in Paragraph 33.

34.     Answering Paragraph 34, Defendants deny the allegations contained in Paragraph 34.

35.     Answering Paragraph 35, Defendants deny the allegations contained in Paragraph 35.

36.     Answering Paragraph 36, Defendants deny the allegations contained in Paragraph 36.

37.     Answering Paragraph 37, Defendants deny the allegations contained in Paragraph 37.

38.     Answering Paragraph 38, Defendants deny the allegations contained in Paragraph 38.

39.     Answering Paragraph 39, Defendants admit only that Plaintiffs were required to record all time worked using Centene Management's timekeeping system. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 39.

40.     Answering Paragraph 40, Defendants deny the allegations contained in Paragraph 40.

41.     Answering Paragraph 41, Defendants deny the allegations contained in Paragraph 41.

## V. FIRST CLAIM FOR RELIEF
### (Individual Claims Under the FLSA)

42.     Answering Paragraph 42, Defendants reallege and incorporate by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

43.     Answering Paragraph 43, Defendants admit only that Plaintiffs purport to bring individual claims pursuant to the FLSA. Defendants specifically deny that they engaged in any conduct that would subject them to liability or which would entitle Plaintiffs to damages or declaratory relief. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 43.

44.     Answering Paragraph 44, Defendants state the allegations in Paragraph 44 are legal in nature and, therefore, require no response. To the extent a response is required, Defendants admit only that Centene Management was an "enterprise" as to Plaintiffs within the meaning of the FLSA, 29 U.S.C. section 203(r)(1) during the employment time periods stated in prior paragraphs herein. Defendants further deny that Centene Management has operated an enterprise with any other person or entity. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 44.

45.     Answering Paragraph 45, The allegations in Paragraph 45 are legal in nature and, therefore, require no response. To the extent a response is required, Defendants state that the language of the statute speaks for itself, and Defendants deny violating the statute referenced in this Paragraph. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 45.

4884-3373-8890.4 / 095402-1034

46.     Answering Paragraph 46, Defendants admit only that Centene Management classified Plaintiffs in their respective roles as Care Coordinators as non-exempt employees for purposes of receiving overtime in accordance with the FLSA. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 46.

47.     Answering Paragraph 47, Defendants deny the allegations contained in Paragraph 47.

48.     Answering Paragraph 48, Defendants deny the allegations contained in Paragraph 48.

49.     Answering Paragraph 49, Defendants deny the allegations contained in Paragraph 49.

50.     Answering Paragraph 50, Defendants deny the allegations contained in Paragraph 50.

51.     Answering Paragraph 51, Defendants deny the allegations contained in Paragraph 51.

52.     Answering Paragraph 52, Defendants deny the allegations contained in Paragraph 52.

## VI.     PRAYER FOR RELIEF

Responding to the Amended Complaint's PRAYER FOR RELIEF paragraph and each of its subparts, Defendants deny that Plaintiffs are entitled to any of the relief they seek, or in the manner Plaintiffs seek it, and otherwise deny the allegations in Plaintiffs' unnumbered PRAYER FOR RELIEF paragraph and all of the lettered subparagraphs, A through E.

## **GENERAL DENIAL**

Any allegations contained in the Amended Complaint that Defendants did not specifically

9

admit are expressly denied.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses to Plaintiffs' claims. By asserting these defenses, Defendants do not concede that they have the burden of proof as to any such defense and do not hereby assume any such burden. To the extent any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are pleaded in the alternative. Defendants also reserve the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action. Subject to and without waiving the foregoing, Defendants state:

1.      The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The Amended Complaint fails, in whole or in part, because Defendant Centene Corporation was not and is not an employer or joint employer of Plaintiffs, and the FLSA applies only to an "employee" who is "employed" by an "employer." *See* 29 U.S.C. § 207(a)(1); 29 U.S.C. § 203(e)(1).

3.      Plaintiffs' claims are barred, in whole or part, by the applicable statutes of limitation. Specifically, the statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation. 29 U.S.C. § 255. Plaintiffs' claims do not arise out of a willful violation, so the applicable statute of limitations under the FLSA is two years prior to the filing date of each party-plaintiff's notice of consent.

4.      To the extent that the period of time alluded to in the Amended Complaint, or the period of time alleged later in this action, predates the limitations periods set forth in the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, such claims are barred.

4884-3373-8890.4 / 095402-1034

5.      The claims of Plaintiffs are barred, in whole or in part, by the doctrines of estoppel and avoidable consequences to the extent that discovery reveals that Plaintiffs misrepresented, fabricated, falsely reported, or purposely concealed their true time worked, duties, or job performance and there is no evidence that their employer encouraged them to misrepresent, fabricate, falsely report, or purposely conceal their true time worked, duties, or job performance and no evidence that their employer knew or should have known that they were misrepresenting, fabricating, falsely reporting, or purposely concealing their true time worked, duties, or job performance. *See, e.g., Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

6.      The claims of Plaintiffs are barred, in whole or in part, by Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254(a) as to all hours during which they were engaged in activities preliminary, postliminary, or incidental to their principal duties or activities, or otherwise were not engaged in compensable work.

7.      To the extent Plaintiffs might have spent insubstantial or insignificant periods of time working beyond their scheduled working hours, such time may be disregarded to the extent it cannot, as a practical administrative matter, be precisely recorded for payroll purposes.

8.      Plaintiffs' claims are barred, in whole or in part, as to all hours allegedly worked that their employer did not suffer or permit Plaintiffs to work, of which their employer lacked actual or constructive knowledge, and/or which Plaintiffs deliberately misreported hours by failing to report all hours worked. Among other reasons, Plaintiffs' employer implemented and enforced policies requiring them to accurately report their work time, and Plaintiffs' failure to comply with those timekeeping policies bars any recovery. *See, e.g., Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981); Department of Labor Field Assistance Bulletin No. 2020-5 (August 24, 2020).

9.      Unlawful or other wrongful acts, if any, taken by any of the officers, directors, supervisors, or employees were outside the scope of their authority and such acts, if any, were not authorized, ratified or condoned by their employer, and their employer did not know, nor should have known, of such conduct.

10.      Plaintiffs fail to state a claim for declaratory or injunctive relief as Plaintiffs are no longer employed and there is no continuing or imminent future injury to enjoin and, accordingly, they are incapable of alleging prospective or future harm or seeking declaratory relief in connection with past conduct.

11.      Plaintiffs' employer is entitled to an offset against any damages awarded for amounts paid to Plaintiffs to which they were not otherwise entitled, including but not limited to wage overpayments.

12.      In calculating overtime liability (if any), Defendants are entitled to exclude all elements of compensation that are excludable from the regular rate for purposes of calculating overtime, including but not limited to, those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. § 207(e).

13.      Even if they prevail on any or all of their claims (which they cannot), Plaintiffs are not entitled to an award of any damages that are not authorized for FLSA claims.

14.      Plaintiffs are not entitled to any recovery to the extent the work they performed falls within exemptions, exclusions, or credits provided for under the FLSA, including but not limited to those for individuals employed in a bona fide executive, administrative, professional, or other capacity per 29 U.S.C. section 213(a)(1), 29 C.F.R. section 541.100, *et seq*. (executive employees), 29 C.F.R. section 541.200, *et seq*. (administrative employees), 29 C.F.R. section 541.300, *et seq*. (professional employees), or 29 C.F.R. section 541.708 (combination).

15.     To the extent Plaintiffs file or have filed for bankruptcy and fail or have failed to disclose with the bankruptcy court either: (1) unpaid wages as an amount owed to them; or (2) employment disputes giving rise to a claim seeking monetary damages, they may be barred from pursuing their wage and/or employment claims under the doctrine of judicial estoppel and for lack of standing.

16.     The Amended Complaint is barred, in whole or in part, to the extent Plaintiffs settled, waived, and/or released their alleged claims.

17.     The Amended Complaint is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata to the extent that Plaintiffs have litigated issues and claims raised by the Amended Complaint prior to adjudication of those issues and claims in the instant action.

18.     The Amended Complaint is barred, in whole or in part, to the extent Plaintiffs agreed to submit the claims alleged herein to binding arbitration.

19.     Defendants have not had an opportunity to conduct a full and sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiffs' allegations. Defendants will inform themselves as to the pertinent facts and prevailing circumstances surrounding any claimed damages and hereby gives notice of their intent to assert any affirmative defenses or allegations of fact that this information-gathering process may indicate are supported by law.

WHEREFORE, having fully answered the Amended Complaint, Defendants respectfully request that this Court dismiss Plaintiffs' Amended Complaint with prejudice, deny Plaintiffs' demands and prayer for relief, award Defendants their costs and reasonable attorneys' fees incurred herein, and grant such other and further relief to which Defendants may be equitably, justly, or legally entitled.

/s/ Breanne Sheetz Martell
Breanne Sheetz Martell, #39632 (WA)
*Admitted Pro Hac Vice*
bsmartell@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101
Telephone: 206.623.3300
Facsimile: 206.447.6965

Patricia J. Martin #57420 (MO)
pmartin@littler.com

LITTLER MENDELSON P.C.
600 Washington Avenue
Suite 900
St. Louis, MO  63101
Telephone:     314.659.2000
Facsimile:     314.659.2099

Eva C. Madison, #98183 (AR)
*Admitted Pro Hac Vice*
emadison@littler.com

LITTLER MENDELSON, P.C.
17 E. Dickson St., Suite 204
Fayetteville, AR 72701
Telephone: 479.582.6100
Facsimile: 479-582-6111

**ATTORNEYS FOR DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on the 3rd day of November, 2023, a true and correct copy of the above and foregoing **DEFENDANTS' ANSWER, AFFIRMATIVE, AND OTHER DEFENSES TO PLAINTIFFS' FIRST AMENDED AND SUBSTITUTED COMPLAINT** was electronically filed with the court using the CM/ECF system, which sent notification to all parties in interest participating in the CM/ECF.


*/s/ Breanne Sheetz Martell*
Breanne Sheetz Martell

15