Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TAIWAN DICKERSON, KIM KING-MACON, and TIFFANY RUSSELL** | ) ) ) | **CASE NO.:  4:22-CV-519-HEA** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CENTENE MANAGEMENT COMPANY, LLC, DEFENDANTS and CENTENE CORPORATION** | ) ) ) | |
| **Defendants.** | ) | |
| _____ | ) ) ) | |

**<u>DEFENDANT CENTENE MANAGEMENT COMPANY, LLC RESPONSES
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION</u>**

TO:   Josh Sanford, Esquire
      SANFORD LAW FIRM, PLLC
      Kirkpatrick Plaza
      10800 Financial Centre Pkwy, Suite 510
      Little Rock, Arkansas 72211

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, Defendant

CENTENE MANAGEMENT COMPANY, LLC (hereinafter "Defendant")

provides these responses, answers, and objections to Plaintiffs' First Set of

Interrogatories and Request for Production propounded to Defendant Centene

Management Company, LLC.  Please note that Defendant's responses are based on its investigation to date.  Defendant reserves the right to supplement any or all of its responses as discovery progresses and as its investigation continues. Defendant's responses also should be deemed supplemented by documents that are or become available to the parties as a consequence of discovery in this litigation.

## DEFENDANT'S REQUEST TO MEET AND CONFER

In the event that any of Defendant's objections (either asserted below or asserted in the future) require clarification or are a subject of disagreement between the parties, Defendant's counsel invites Plaintiffs' counsel to contact Defendant's counsel so that counsel may meet and confer regarding the matter. The meet and confer would be preliminary to Defendant seeking a protective order or Plaintiffs filing a motion to compel with regard to any issues the parties are unable to resolve by agreement.

## DEFENDANT'S DEFINITIONS AND GENERAL STATEMENT

1.  **Definitions**.  As used in these discovery responses:

a)  "Overbroad" means the discovery request is objected to on the ground that it is too broadly worded to reasonably require a response.

b)  "Irrelevant" means that the discovery request is objected to on the ground that the information or documents called for are not relevant to any party's claim or defense as required by Federal Rule of Civil Procedure 26(b)(1).

2

c)    "Unduly burdensome" means the discovery request is objected to on the ground that it is oppressive and/or would impose undue burden or expense.  As courts routinely recognize, there is no duty to preserve, let alone search, review and produce, "every shred of paper, every e-mail or electronic document" that is arguably within the scope of discovery.  *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497 (D. Md. 2010).  *See also Woods v. Capital One Servs., LLC*, 2011 U.S. Dist. LEXIS 61962 (N.D.N.Y Apr. 15, 2011) (recognizing that parties should be protected from "having to produce voluminous documents of questionable relevance"); *Med Pharma, Inc. v. BioMatrix*, 2011 U.S. Dist. LEXIS 141614 (D.N.J. Dec. 9, 2011) (affirming ruling that party did not have to review a set of nearly 2 million ESI files); *Thermal Design, Inc. v. Guardian Building Products, Inc.*, 2011 U.S. Dist. LEXIS 50108 (E.D. Wis. Apr. 20, 2011) (denying Plaintiff's electronic fishing expedition and noting that Defendant's financial resources are insufficient basis for ordering such discovery); *McBride v. Halliburton Co.*, 272 F.R.D. 235 (D.D.C. 2011) (recognizing with respect to discovery  "the court's obligation to balance its utility against its cost").

d)    "Confidential" means the discovery request is objected to on the ground that it calls for information or documents that constitute trade secrets, HIPAA-protected information, or other confidential information.

e)    "Privileged" means the discovery request is objected to on the

ground that it may call for documents, tangible things or information that fall within any relevant privilege (including without limitation the attorney-client privilege and the joint defense privilege), that are within the work product doctrine, that constitute trial preparation materials within the meaning of Fed. R. Civ. P. 26(b)(3), or that constitute expert witness information that is not discoverable under Fed. R. Civ. P. 26(b)(4).  Defendant has asserted privilege objections to specific requests where it believes privilege may apply.  To the extent the request is interpreted differently by Plaintiffs such that the request applies to privileged documents, or to the extent that privileged documents are subsequently discovered, Defendant intends to preserve, and does not waive, the protections of the attorney-client privilege, the work product doctrine and trial preparation materials within the meaning of Fed. R. Civ. P. 26(b)(3), the joint defense privilege, and all applicable privileges.

f)    "Not Proportional" means that Defendant objects to the request as contrary to the rule of proportionality contained in Federal Rule of Civil Procedure 26(b)(1) and 26(b)(2)(C), which "serves to protect a party against having to produce voluminous documents of questionable relevance." *Woods v. Capital One Servs., LLC*, 2011 U.S. Dist. LEXIS 61962 (N.D.N.Y Apr. 15, 2011); *see also*, *Med Pharma, Inc. v. BioMatrix*, 2011 U.S. Dist. LEXIS 141614 (D.N.J. Dec. 9, 2011) (applying the Rule 26(b)(2)(C) proportionality analysis and

affirming magistrate's ruling that party did not have to review a set of nearly 2 million ESI files); *Thermal Design, Inc. v. Guardian Building Products, Inc.*, 2011 U.S. Dist. LEXIS 50108 (E.D. Wis. Apr. 20, 2011) (denying Plaintiff's electronic fishing expedition simply because Defendant had the financial resources to pay for the review, and noting that Defendant's financial resources are insufficient basis for ordering such discovery).

g)     "See records" means Defendant elects to give the alternative form of answer provided by Fed. R. Civ. P. 33(d).

h)     The statement "see records" and statements that all documents or specified documents will be produced, each mean that, subject to and as limited by the objections below, to the extent reasonably responsive documents exist that are not privileged (as defined above) and that are within Defendant's possession, custody or control, they will be made available for inspection and copying during regular business hours on a day or days mutually agreeable to counsel.

2.     **Protective Order**.  Certain of the documents within the scope of the below discovery requests are considered by Defendant to be confidential, and will be produced subject to the Stipulated Protective Order and FRE 502(e) Clawback Agreement filed on March 26, 2024 (ECF No. 59) and the Protective Order entered by the Court on March 28, 204 (EFF No. 60).

5

3.    **Supplementation**.  Defendant will supplement its responses to these discovery requests to the extent required by FRCP 26(e).  Defendant's responses also should be deemed supplemented by documents that are or become available to the parties as a consequence of discovery in this litigation.

4.    **No Waiver**.  Nothing set forth in Defendant's objections or responses is intended as or should be construed as a waiver of any specific objections set forth.

5.    **Reservation of Rights**.  Defendant reserves the right to move later for a protective order or otherwise to seek relief from the court if the parties are unable to resolve Defendant's objections by agreement.  This response is made solely for the purpose of discovery in this action.  Each response and/or document produced is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and/or grounds that would require exclusion of any documents, or portions thereof, produced herewith, all of which objections and grounds are reserved and may be interposed at the time of trial.

6.    **Ongoing Investigation**.  When Defendant prepared its responses to these discovery requests, it had not yet completed its factual and legal investigation, discovery or trial preparation.  Accordingly, the responses set forth below represent only the information and responsive documents currently available and known following a reasonable and diligent investigation within the time and

resources available.  Defendant expressly reserves the right to rely on information and documents discovered pursuant to subsequent investigation or discovery which, if presently within its knowledge, would have been included in its responses to these discovery requests.

       7.    **Objections to Plaintiffs' Instructions and Definitions**.

       a)    Defendant objects to these discovery requests to the extent they seek information or documents from any person or entity other than the party to whom the inquiry is directed.  Defendant provides the following responses only on its own behalf and not on behalf of any other party or person.

       b)    Defendant objects to Plaintiffs' instructions to the extent that they seek to impose burdens greater than those contemplated by the relevant discovery rules and/or applicable case law.

       c)    Defendant objects to Plaintiffs' General Instruction nos. 3-5 to the extent they call for a review or production of ESI from sources that are not reasonably accessible because of undue burden or cost, contrary to Fed. R. Civ. P. 26(b)(2)(B) and 45(d)(1)(D).  Among other things, Defendant objects to any requirement, express or implied, to produce ESI from backup media, and Defendant further objects to any requirement, express or implied, to review or produce deleted but potentially recoverable ESI.

d)      Defendant objects to General Instruction no. 4, which would require that for each document within a database that is responsive, Defendant extract and catalog every responsive content to a "fielded and electronically searchable format," because this requirement is unduly burdensome and goes beyond the scope of Defendant's obligations under the Federal Rules.

e)      Defendant objects General Instruction no. 5, which would require that Defendant provide "relevant system metadata field values for all responsive electronically stored information," on the grounds that Plaintiffs have not made a threshold showing of a particularized need for specific fields of metadata in the first instance, or an explanation of why metadata is relevant in this matter. *See e.g., Wyeth v. ImPax Laboratories, Inc.*, 2006 WL 3091331 (D. Del. Oct. 26, 2006); *Kingsway Financial v. PwC*, 2008 WL 5423316 (S.D.N.Y. Dec. 31, 2008).

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Please state the names, addresses, and telephone numbers of all persons who provided information used in answering these Interrogatories and state in detail the information provided by each person identified.

**RESPONSE:**   Defendant objects that this interrogatory seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy.   Defendant also objects to the extent that this interrogatory seeks information that is confidential and/or proprietary.

Defendant responds as follows:   Lauren Grounds, Director, Medical Management Operations and Mark Corcoran, Vice President, Labor Relations, who may be reached through counsel for Defendant.


**INTERROGATORY NO. 2:**  Please identify by name, address, and title of each and every person who has or may have knowledge of or information regarding any discoverable matter relating to the subject matter of this lawsuit, or matters pleaded with particularity in Defendant's Answer, whether or not that person will be called as a witness.

**RESPONSE:**   Defendant objects that the terms "knowledge," "discoverable matter," "subject matter," "matters pleaded" and "with particularity" are unduly

9

vague, ambiguous, and unintelligible as these terms fail to describe what information, if any, Plaintiffs seek, and improperly requires Defendant to guess their intended meanings. Defendant also objects that this interrogatory seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy. Defendant also objects to this request to the extent that it seeks confidential and private information related to non-parties to this litigation to which Plaintiff is not entitled under the federal discovery rules. Defendant objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.

Defendant responds as follows: Defendant identifies the individuals who supervised Plaintiffs during the relevant time period. Pursuant to Fed. R. Civ. P. 33(d), Defendant refers to the documents produced in response to Plaintiffs' First Set of Requests for Production of Documents, specifically Plaintiffs' HRIS files, which list their supervisors. Defendant additionally identifies Lauren Grounds, Senior Director, Medical Management Operations, Tanya Brooks, Senior Manager, Medical Management, and Mark Corcoran, Vice President, Labor Relations. These individuals are likely to have knowledge regarding Plaintiffs' claims and Defendant's defenses, including but not limited to Plaintiffs' employment and Defendant's employment policies and practices that applied to Plaintiffs, and they may be reached through counsel for Defendant.

**INTERROGATORY NO. 3:**   Please state the name, address, place of employment and telephone number of each witness Defendant will or may call at the trial of this matter, and state, with respect to each, the expected subject matter of his or her testimony.

**RESPONSE:**  Defendant objects that the term "expected subject matter" is unduly vague, ambiguous, and unintelligible as this term fails to describe what information, if any, Plaintiffs seek, and improperly requires Defendant to guess their intended meanings.  Defendant objects that this interrogatory is premature and seeks a dress rehearsal of Defendant's presentation at trial, and thus that no response is required.  Defendant will provide information responsive to this request in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Orders entered by this Court.  Defendant also objects that this interrogatory seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy.  Defendant objects to the extent that this interrogatory seeks information that is confidential and/or proprietary.  Defendant objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege and work product doctrine.

Defendant responds as follows:  Defendant identifies the witnesses and subject matter listed in its Initial Disclosures and its answer to Interrogatory No. 2.

**INTERROGATORY NO. 4:**  Please describe in detail how plaintiffs were paid by Defendant during the Applicable Statutory Period, including the amount of compensation, method of compensation, whether they received the same amount of pay regardless of how many hours they worked, whether they received any compensation in addition to hourly, per diem and/or day rates, and, if so, the circumstances under which they would receive compensation in addition to their hourly, per diem, and/or day rates.

**RESPONSE:**  Defendant objects that the terms "method of compensation," "per diem," "day rates" and "circumstances" are unduly vague, ambiguous, and unintelligible as these terms fail to describe what information, if any, Plaintiffs seek, and improperly requires Defendant to guess their intended meanings. Defendant objects to the extent that this interrogatory seeks information that is confidential and/or proprietary.  Defendant also objects to providing any information that is subject to the attorney-client privilege, the work-product protection, or any other privilege or protection, including communications with or work product of in-house counsel and outside counsel.

Defendant responds as follows: Plaintiffs were responsible for accurately reporting all hours worked in Defendant's timekeeping system and were compensated based upon the hours they reported. During the relevant time, Plaintiffs recorded their hours worked in EmpCenter, which allowed Plaintiffs to

enter time on Chromebooks, laptops and/or mobile devices. Further, and pursuant to Fed. R. Civ. P. 33(d), Defendant refers to the documents produced in response to Plaintiffs' First Set of Requests for Production of Documents, including Plaintiffs' HRIS files, time records, and pay records.

**INTERROGATORY NO. 5:**  Please state how many hours defendant contends that Plaintiffs worked each and every individual week during the Applicable Statutory Period.

**RESPONSE:**  Defendant responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Defendant refers to the documents produced in response to Plaintiffs' First Set of Requests for Production of Documents, specifically Plaintiffs' time records and pay records.

**INTERROGATORY NO. 6:**  Please state the day rate, per diem, piece rate or hourly wage of Plaintiffs for each and every individual week during the Applicable Statutory Period.

**RESPONSE:** Defendant objects that the terms "day rate," "per diem," "piece rate" and "individual week" are unduly vague, ambiguous, and unintelligible as these terms fail to describe what information, if any, Plaintiffs seek, and improperly requires Defendant to guess their intended meanings.  Defendant objects that this request is unnecessarily duplicative of Request for Production no. 4.

13

Defendant responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Defendant refers to the documents produced in response to Plaintiffs' First Set of Requests for Production of Documents, including Plaintiffs' pay records.


**INTERROGATORY NO. 7:**  Please describe in detail all duties, responsibilities, and work required of Plaintiffs during the Applicable Statutory Period, the time when such work was to be performed, and if the duties changed over time. If the duties changed over time, please state when and how the duties changed and how those changes were communicated to Plaintiffs.

**RESPONSE:**  Defendant objects that the terms "work," "changed," "changes" and "communicated" are unduly vague, ambiguous, and unintelligible as these terms fail to describe what information, if any, Plaintiffs seek, and improperly requires Defendant to guess their intended meanings.  Defendant objects to the extent that this interrogatory seeks information that is confidential and/or proprietary. Defendant also objects to providing any information that is subject to the attorney-client privilege, the work-product protection, or any other privilege or protection, including communications with or work product of in-house counsel and outside counsel.

Defendant responds as follows:   As Care Coordinators, Plaintiffs were responsible for providing specialty care coordination to members and ensuring that

14

appropriate services were delivered by specialty providers and providing continuity of care across all services.  Plaintiffs were responsible for a member's total care plan, encompassing all services and plans related to members.  Further, and pursuant to Fed. R. Civ. P. 33(d), Defendant refers to the documents produced in response to Plaintiffs' First Set of Requests for Production of Documents, including Plaintiffs' HRIS files.

**INTERROGATORY NO. 8**:  Please state the terms and conditions of any and all oral or written agreements between Defendant and Plaintiffs regarding the method for compensation, including the rates of pay, and the recording of and payment for hours worked by Plaintiffs during the Applicable Statutory Period.

**RESPONSE**:  Defendant objects that the terms "terms and conditions," "method for compensation" and "rates of pay" are unduly vague, ambiguous, and unintelligible as these terms fail to describe what information, if any, Plaintiffs seek, and improperly requires Defendant to guess their intended meanings. Defendant objects to the extent that this interrogatory seeks information that is confidential and/or proprietary.   Defendant also objects to providing any information that is subject to the attorney-client privilege, the work-product protection, or any other privilege or protection, including communications with or work product of in-house counsel and outside counsel.

Defendant responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Defendant refers to the documents produced in response to Plaintiffs' First Set of Requests for Production of Documents, including Plaintiffs' personnel records, time and pay records, employee handbooks and payroll and timekeeping policies.

**INTERROGATORY NO. 9:**  Please identify steps Defendant has taken to locate and preserve documents and ESI which are relevant to this case, including, but not limited to, text or email messages to or from Plaintiffs and/or other employees of Defendant, or other documents pertaining to Plaintiffs' claims or Defendant's defenses or contentions in this case.

**RESPONSE:**   Defendant objects that the terms "steps," "preserve," "relevant," "other employees," "other documents," "claims," "defenses" and "contentions" are unduly vague, ambiguous, and unintelligible as these terms fail to describe what information, if any, Plaintiffs seek, and improperly requires Defendant to guess their intended meanings. Defendant objects to the extent that this interrogatory seeks information that is confidential and/or proprietary.  Defendant also objects to providing any information that is subject to the attorney-client privilege, the work-product protection, or any other privilege or protection, including communications with or work product of in-house counsel and outside counsel.

16

Defendants further object on the grounds of relevance: this interrogatory improperly seeks discovery about discovery or meta-discovery, as opposed to information that is, or is reasonably calculated to lead to the discovery of, relevant evidence concerning the parties' claims or defenses. *See*, *e.g.*, *Hanan v. Corso*, 1998 U.S. Dist. LEXIS 11877 (D.D.C. 1998) (denying discovery on discovery and noting that there is "no authority for the proposition that the Federal Rules of Civil Procedure contemplate that discovery is itself a fit subject for discovery"); *Advante Int'l Corp. v. Mintel Learning Technology*, 2006 WL 3371576 (N.D. Cal.) (denying IT-focused 30(b)(6) depositions "seeking 'discovery about discovery,'" as deponents would not have "knowledge relevant to the claims and defenses in this action"). This discovery is therefore beyond the scope of permissible discovery as defined by F.R.C.P. 26. *See*, *e.g.*, *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008) (rejecting plaintiffs' request for additional 30(b)(6) discovery aimed squarely at 'discovery about discovery' as based on pure speculation and therefore insufficiently founded); *Watkins v. HireRight, Inc.*, 12-cv-1432-MMA (BLM), Dkt. No. 39 (S.D. Cal. Nov. 18, 2013) (denying 30(b)(6) testimony on meta-discovery, and granting protective order re same); *In re Honeywell Int'l., Inc. Sec. Litig.*, 230 F.R.D. 293, 302 (S.D.N.Y. 2003) (denying motion to compel seeking information concerning document retention, preservation, search and collection procedures). Discovery is self-executing, and a party is not entitled to

discovery for the sole purpose of verifying the other side's compliance therewith. *Cf.* Fed. R. Civ. P. 26(f) (meet and confer about discovery); 26(g)(1)(B) (counsel's certification of discovery requests and responses); 34(b)(2)(A) (parties directed to respond to discovery requests); 34(b)(2)(E)(i) (specifying form of production absent agreement). The Federal Rules do not grant parties the right to take formal discovery to test the sufficiency of each other's document retention, preservation or production efforts, absent evidence of misconduct, which evidence is absent here. *See*, *e.g.*, *Orillaneda v. French Culinary Institute*, 2011 U.S. Dist. LEXIS 105793 (S.D.N.Y. 2011) (holding that Defendants did not have to respond to meta-discovery requests "without [Plaintiffs] first identifying facts suggesting that the production is deficient", and requiring that Plaintiffs provide "specific statements" to prove deficiency instead of relying on "generalities"); *Koninklijke Philips N.V. v. Hunt Control Systems, Inc.*, 2014 WL 1494517 (D.N.J. 2014) (granting protective order against 30(b)(6) deposition of an IT witness where party "failed to make the requisite showing that [the challenged production was] materially deficient," noting that the party's "alleged dissatisfaction with the results of [the] production" was at best "speculative and suggestive"). Absent a colorable basis for these discovery requests, which basis Plaintiffs neither have provided nor have, these requests amount to an impermissible fishing expedition. *See*, *e.g.*, *Steuben Foods, Inc. v.*

18

*Country Gourmet Foods, LLC*, 2011 U.S. Dist. LEXIS 43145 (W.D.N.Y. 2011) ;

*Larsen v. Coldwell Banker Real Estate Corp.*, 2012 WL 359466 (C.D. Cal. 2012)

(rejecting Plaintiffs' motion to compel responses to "questions propounded by

Plaintiffs concerning [Defendants'] ESI preservation, collection and processing"

because the "isolated examples cited" of alleged inadequacies in production

"fail[ed] to demonstrate that Defendants have not reasonably and in good faith

produced the documents required").  Defendant further requests that Plaintiffs

withdraw this interrogatory.


**INTERROGATORY NO. 10:**  Please state each and every fact that supports each

affirmative defense that Defendant raised in Defendant's Answers or that

Defendant intends to raise at any time in this action.

**RESPONSE:**  Defendant objects that the terms "supports," "affirmative defense,"

"Answers" and "action" are unduly vague, ambiguous, and unintelligible as these

terms fail to describe what information, if any, Plaintiffs seek, and improperly

requires Defendant to guess their intended meanings.  Defendant objects that this

interrogatory is premature and seeks a dress rehearsal of Defendant's presentation

at trial, and thus that no response is required.  Defendant also objects to providing

any information that is subject to the attorney-client privilege, the work-product

protection, or any other privilege or protection, including communications with or

19

work product of in-house counsel and outside counsel.  Defendant further objects that this request is overbroad and unduly burdensome in asking Defendant to state "each and every fact" supporting its defenses in an interrogatory.  Defendant objects to the extent that this interrogatory seeks information that is confidential and/or proprietary.   Defendant also objects that this request seeks a legal conclusion.

Defendant responds as follows:  See Defendants' Answer, Affirmative, and Other Defenses to Plaintiffs' First Amended and Substituted Complaint, and Defendants' Opposition to Plaintiffs' Motion for Conditional Certification and all supporting declarations and exhibits.  Defendant incorporates by reference facts revealed in discovery responses, documents produced, and depositions taken in this litigation.  While Defendant will attempt to focus its answer on true affirmative defenses, it does not make any admissions or representations as to the burden of proof.  Defendant also does not waive its right to assert affirmative defenses for which facts are still being investigated.

- Failure to State a Claim (First Defense): Defendant bases this defense on the allegations in Plaintiffs' Complaint.  In addition, Defendant relies on the facts set forth in the balance of this answer to Interrogatory No. 10. In addition, Plaintiffs have not provided any evidence they worked and were not paid for hours worked during their employment with Defendant.

- No Joint Employment (Second Defense):  Centene Corporation was not Plaintiffs' employer.  Centene Corporation was not involved in the business operations and management of Defendant, and did not play a role in setting pay policies or the terms and conditions of employment for Plaintiffs.

- Statute of Limitations (Third and Fourth Defenses): The statute of limitations period is governed by 29 U.S.C. § 255(a) and 29 U.S.C. § 216(b). Any claims of Plaintiffs that accrued prior to two years before their opt-in date are barred.

- Good Faith and Lack of Willfulness (Third and Fourth Defenses): Any acts or omissions by Defendant giving rise to this action were taken in good faith, not done willfully, deliberately, or with intent, and/or were taken with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.  Defendant asserts that its timekeeping and pay practices comply with the requirements of the FLSA.  Defendant maintains a lawful policy requiring accurate timekeeping and prohibiting off-the-clock work.  Defendant further conducted training and provided instructions and reminders to Plaintiffs to ensure accurate timekeeping and prevent off-the-clock work.

- Estoppel and Avoidable Consequences (Fifth and Eighth Defenses): To the extent Plaintiffs failed to report any hours worked, Defendant is not liable

because Plaintiffs violated Defendant's lawful policies and instructions and/or prevented Defendant from obtaining knowledge of those hours and thus Defendant did not suffer or permit Plaintiffs to perform work.

- Hours Alleged Are Not Compensable (Sixth and Seventh Defenses):  To the extent that Plaintiffs are claiming they worked time that is considered *de minimis* (e.g., by its small increments, irregularity, and/or administrative difficulty in accounting for it) or time that is not otherwise compensable under governing law (e.g., because the hours were not controlled or required by the employer or spent for the employer's benefit or because they constituted preliminary or postliminary activities), Plaintiffs are not entitled to compensation for those hours.

- Actions Outside Scope of Authority (Ninth Defense): To the extent any of Defendant's employees engaged in unlawful or other wrongful acts outside the scope of their authority, without the authorization or knowledge of Defendant, such conduct should not be imputed to Defendant.

- Equitable Relief (Tenth Defense): Plaintiffs are no longer employed and there is no continuing or imminent future injury and, accordingly, they cannot seek declaratory or injunctive relief.

- Offset (Eleventh Defense): To the extent further investigation reveals wrongful conduct and resulting money owed to Defendant or additional

22

payments made to Plaintiffs to which they were not otherwise entitled, Defendant is entitled to an offset.

- Calculation of Potential Damages (Twelfth and Thirteenth Defense): Defendant denies that any overtime pay is owed. Defendant calculated all pay correctly. To the extent any overtime pay is deemed owed, it should be calculated according to 29 U.S.C. § 207(e) and applicable law. Plaintiffs cannot recover any damages that are not authorized for FLSA claims.

- Bankruptcy (Fifteenth Defense): Plaintiffs' claims are barred to the extent they petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States bankruptcy code, and failed to disclose potential claims against Defendant as required under applicable bankruptcy laws.

- Settlement, Waiver, Release, Res Judicata, and/or Collateral Estoppel (Sixteenth and Seventeenth Defenses): To the extent Plaintiffs signed a severance agreement or other agreement releasing the claims they assert in this lawsuit, or participated in a settlement covering any claims asserted in this lawsuit, they are barred from asserting those claims. Plaintiffs are barred from asserting claims that were or could have been asserted in the *Banks* litigation under the doctrines of res judicata and/or collateral estoppel.

Further, and pursuant to Fed. R. Civ. P. 33(d), Defendant refers to all documents produced in response to Plaintiffs' First Set of Requests for Production of

23

Documents, all testimony given in this matter, all exhibits to depositions taken in this matter, all pleadings and exhibits filed in this matter, and all documents and information produced in this matter to date.

**INTERROGATORY NO. 11:**  Please state whether Defendant has ever had a labor/employment compliance audit, whether internal or external, or a DOL investigation and if so, please describe the facts and circumstances surrounding the audit, including the reason(s) for the audit and the result(s) of the audit.

**RESPONSE:**  Defendant objects that the terms "labor/employment compliance audit," "internal," "external," "DOL investigation," "circumstances" and "audit" are unduly vague, ambiguous, and unintelligible as these terms fail to describe what information, if any, Plaintiffs seek, and improperly requires Defendant to guess their intended meanings.  Defendant objects to this interrogatory on the grounds that it is overbroad and unduly burdensome in that it seeks information unlimited by geographic location and subject matter.  Defendant objects to this interrogatory on the grounds that information requested regarding any investigation into any "labor/employment" issues unlimited in time or location is not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of this particular discovery in resolving the

issues in this case, and because the burden and expense of the proposed discovery outweighs its likely benefits.  Defendant objects to producing ESI from sources that are not reasonably accessible because of undue burden or cost.  Defendant objects to the extent that this interrogatory seeks information that is confidential and/or proprietary.  Defendant also objects to providing any information that is subject to the attorney-client privilege, the work-product protection, or any other privilege or protection, including communications with or work product of in-house counsel and outside counsel.

**INTERROGATORY NO. 12:**  Please identify Defendant's efforts to find all documents responsive to Plaintiffs' Requests for Production of Documents, and identify all persons involved in searching for documents, consulted, or interviewed who in any way provided documents or information related to these Interrogatories or to any Requests for Production of Documents.

**RESPONSE:**   Defendant objects that the terms "efforts," "responsive," "searching" and "consulted" are unduly vague, ambiguous, and unintelligible as these terms fail to describe what information, if any, Plaintiffs seek, and improperly requires Defendant to guess their intended meanings. Defendant objects that this interrogatory seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy. Defendant objects to

the extent that this interrogatory seeks information that is confidential and/or proprietary. Defendant also objects to providing any information that is subject to the attorney-client privilege, the work-product protection, or any other privilege or protection, including communications with or work product of in-house counsel and outside counsel.

Defendants further object on the grounds of relevance: this interrogatory improperly seeks discovery about discovery or meta-discovery, as opposed to information that is, or is reasonably calculated to lead to the discovery of, relevant evidence concerning the parties' claims or defenses. *See*, *e.g.*, *Hanan v. Corso*, 1998 U.S. Dist. LEXIS 11877 (D.D.C. 1998) (denying discovery on discovery and noting that there is "no authority for the proposition that the Federal Rules of Civil Procedure contemplate that discovery is itself a fit subject for discovery"); *Advante Int'l Corp. v. Mintel Learning Technology*, 2006 WL 3371576 (N.D. Cal.) (denying IT-focused 30(b)(6) depositions "seeking 'discovery about discovery,'" as deponents would not have "knowledge relevant to the claims and defenses in this action"). This discovery is therefore beyond the scope of permissible discovery as defined by F.R.C.P. 26. *See*, *e.g.*, *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008) (rejecting plaintiffs' request for additional 30(b)(6) discovery aimed squarely at 'discovery about discovery' as based on pure speculation and therefore insufficiently founded); *Watkins v. HireRight, Inc.*, 12-cv-1432-MMA

(BLM), Dkt. No. 39 (S.D. Cal. Nov. 18, 2013) (denying 30(b)(6) testimony on meta-discovery, and granting protective order re same); *In re Honeywell Int'l., Inc. Sec. Litig.*, 230 F.R.D. 293, 302 (S.D.N.Y. 2003) (denying motion to compel seeking information concerning document retention, preservation, search and collection procedures).  Discovery is self-executing, and a party is not entitled to discovery for the sole purpose of verifying the other side's compliance therewith. *Cf.* Fed. R. Civ. P. 26(f) (meet and confer about discovery); 26(g)(1)(B) (counsel's certification of discovery requests and responses); 34(b)(2)(A) (parties directed to respond to discovery requests); 34(b)(2)(E)(i) (specifying form of production absent agreement).  The Federal Rules do not grant parties the right to take formal discovery to test the sufficiency of each other's document retention, preservation or production efforts, absent evidence of misconduct, which evidence is absent here. *See*, *e.g.*, *Orillaneda v. French Culinary Institute*, 2011 U.S. Dist. LEXIS 105793 (S.D.N.Y. 2011) (holding that Defendants did not have to respond to meta-discovery requests "without [Plaintiffs] first identifying facts suggesting that the production is deficient", and requiring that Plaintiffs provide "specific statements" to prove deficiency instead of relying on "generalities"); *Koninklijke Philips N.V. v. Hunt Control Systems, Inc.*, 2014 WL 1494517 (D.N.J. 2014) (granting protective order against 30(b)(6) deposition of an IT witness where party "failed to make the requisite showing that

27

[the challenged production was] materially deficient," noting that the party's "alleged dissatisfaction with the results of [the] production" was at best "speculative and suggestive"). Absent a colorable basis for these discovery requests, which basis Plaintiffs neither have provided nor have, these requests amount to an impermissible fishing expedition. *See*, *e.g.*, *Steuben Foods, Inc. v. Country Gourmet Foods, LLC*, 2011 U.S. Dist. LEXIS 43145 (W.D.N.Y. 2011) ; *Larsen v. Coldwell Banker Real Estate Corp.*, 2012 WL 359466 (C.D. Cal. 2012) (rejecting Plaintiffs' motion to compel responses to "questions propounded by Plaintiffs concerning [Defendants'] ESI preservation, collection and processing" because the "isolated examples cited" of alleged inadequacies in production "fail[ed] to demonstrate that Defendants have not reasonably and in good faith produced the documents required"). Defendant further requests that Plaintiffs withdraw this interrogatory.

**INTERROGATORY NO. 13:**  Please identify and list all evidence Defendant intends to use at any hearing, deposition, or trial of this case.

**RESPONSE:**  Defendant objects that the terms "evidence" and "hearing" and are unduly vague, ambiguous, and unintelligible as these terms fail to describe what information, if any, Plaintiffs seek, and improperly require Defendant to guess their intended meanings. Defendant objects that this interrogatory is premature and

seeks a dress rehearsal of Defendant's presentation at trial, and thus that no response is required.  Defendant objects to the extent that this interrogatory seeks information that is confidential and/or proprietary.  Defendant also objects to providing any information that is subject to the attorney-client privilege, the work-product protection, or any other privilege or protection, including communications with or work product of in-house counsel and outside counsel.

Defendant responds as follows:  Defendant may use any and all documents or items produced or identified by either party in discovery, all documents filed with the Court, and all deposition testimony and exhibits.

**INTERROGATORY NO. 14:**  Please identify Defendant's process of deciding not to pay Plaintiffs overtime for all hours worked in excess of forty (40) per week at the rate of time and one half of their regular rate of pay. Please identify each factor Defendant considers when making such decision and the name and job title of every person who participated in making the decision.

**RESPONSE:**  Defendant objects that the terms "process," "factor" and "decision" are unduly vague, ambiguous, and unintelligible as these terms fail to describe what information, if any, Plaintiffs seek, and improperly requires Defendant to guess their intended meanings. Defendant objects to this interrogatory on the grounds that information requested regarding the persons responsible for or

29

involved in the decisions regarding Plaintiffs' pay is not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of this particular discovery in resolving the issues in this case, and because the burden and expense of the proposed discovery outweighs its likely benefits. Specifically, the identity of such individuals is irrelevant to the determination of whether Plaintiffs were compensated for all overtime hours worked. Defendant objects that this interrogatory seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy. Defendant objects to the extent that this interrogatory seeks information that is confidential and/or proprietary. Defendant also objects to providing any information that is subject to the attorney-client privilege, the work-product protection, or any other privilege or protection, including communications with or work product of in-house counsel and outside counsel. Defendant objects to this interrogatory because it calls for a legal conclusion. Defendant further objects to this interrogatory as it assumes facts not in evidence.

Defendant responds as follows: No decision was made "not to pay Plaintiffs overtime for all hours worked." Defendant properly compensated Plaintiffs for all hours worked, including any overtime hours.

**INTERROGATORY NO. 15:**  Please identify whether Defendant received any complaints (verbal or in writing) regarding Plaintiffs' pay and how it has been calculated within the Applicable Statutory Period. Please identify the name and job title of every person who made and received the complaint.

**RESPONSE:**  Defendant objects that the terms "complaints" and "calculated" are unduly vague, ambiguous, and unintelligible as these terms fail to describe what information, if any, Plaintiffs seek, and improperly requires Defendant to guess their intended meanings. Defendant objects to this interrogatory on the grounds that information requested regarding the persons who made or received complaints about Plaintiffs' pay is not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of this particular discovery in resolving the issues in this case, and because the burden and expense of the proposed discovery outweighs its likely benefits.  Specifically, the identity of such individuals is irrelevant to the determination of whether Plaintiffs were compensated for all overtime hours worked.  Defendant objects that this interrogatory seeks information protected by third parties' constitutional, statutory and/or common law rights to privacy. Defendant objects to the extent that this interrogatory seeks information that is confidential and/or proprietary.   Defendant also objects to providing any

31

information that is subject to the attorney-client privilege, the work-product protection, or any other privilege or protection, including communications with or work product of in-house counsel and outside counsel.

Defendant responds as follows:  Aside from the instant litigation, none.

**INTERROGATORY NO. 16:**  Please identify all charges, complaints, petitions, lawsuits (other than this lawsuit), grievances, or other claims filed, made, lodged, or in any other manner brought to Defendant's attention, against Defendant, whether individually or jointly, with any federal, state, or local government agency, any court, or as an internal grievance, relating to any arising under the FLSA or state minimum wage and overtime statutes, during the past six (6) years.

**RESPONSE:**     Defendant objects that the terms "charges," "complaints," "petitions," "grievances," "other claims," "lodged," "any other manner," "Defendant's attention," "federal, state, or local government agency," "any court," "internal grievance," "FLSA" and "state minimum wage and overtime statutes" are unduly vague, ambiguous, and unintelligible as these terms fail to describe what information, if any, Plaintiffs seek, and improperly requires Defendant to guess their intended meanings.  Defendant objects to this interrogatory on the grounds that it is overbroad in time and unduly burdensome in that it seeks information unlimited by geographic location.  Defendant objects to this interrogatory on the

grounds that information requested regarding any complaints or charges relating to minimum wage or overtime overbroad in time and unlimited by location is not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of this particular discovery in resolving the issues in this case, and because the burden and expense of the proposed discovery outweighs its likely benefits.  Defendant objects to the extent that this interrogatory seeks information that is confidential and/or proprietary. Defendant also objects to providing any information that is subject to the attorney-client privilege, the work-product protection, or any other privilege or protection, including communications with or work product of in-house counsel and outside counsel.  Defendant objects to this interrogatory on the grounds that it is overbroad in time.   Defendant also objects that this interrogatory seeks a legal conclusion.

**INTERROGATORY NO. 17:**   Please describe in detail separate Defendant Centene Corporation's involvement in the business operations and management of Defendant Centene Management Company, LLC., including, but not limited to, its role in setting pay policies, setting terms and conditions of employment, establishing the duties of Plaintiffs and hiring and firing Plaintiffs.

**RESPONSE:**   Defendant objects that the terms "involvement," "business operations," "management," "role," "setting pay policies," "setting terms and conditions of employment," "establishing the duties," "hiring" and "firing" are unduly vague, ambiguous, and unintelligible as these terms fail to describe what information, if any, Plaintiffs seek, and improperly requires Defendant to guess their intended meanings.  Defendant objects to this interrogatory on the grounds that it is overbroad and unduly burdensome in that it seeks information unlimited by time.  Defendant objects to this interrogatory on the grounds that information requested regarding any involvement of Centene Corporation into Defendant's conditions of employment, unlimited in time, is not relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of this particular discovery in resolving the issues in this case, and because the burden and expense of the proposed discovery outweighs its likely benefits.  Defendant objects to the extent that this interrogatory seeks information that is confidential and/or proprietary.

Defendant responds as follows:  Centene Corporation was not involved in the business operations and management of Defendant, and did not play a role in setting pay policies or the terms and conditions of employment for Plaintiffs. Centene Corporation was not Plaintiffs' employer and did not establish the job

duties of Plaintiffs or have any role in hiring or terminating Plaintiffs.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Please produce all records, policies, or other documents referenced by or related to the previous Interrogatory [14].[1]

**RESPONSE:**  Defendant objects to this request for "all records, policies, or other documents" relating to the Plaintiffs' overtime records on the grounds that it is overbroad, unduly burdensome, and duplicative, and is therefore contrary to the rule of proportionality contained in Federal Rule of Civil Procedure 26(b)(2)(C), which "serves to protect a party against having to produce voluminous documents of questionable relevance." *Woods v. Capital One Servs., LLC*, 2011 U.S. Dist. LEXIS 61962 (N.D.N.Y Apr. 15, 2011).  As courts routinely recognize, there is no duty to preserve, let alone search, review and produce, "every shred of paper, every e-mail or electronic document" that is arguably within the scope of discovery. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497 (D. Md. 2010).  Defendant objects that the term "other documents" is undefined, unduly vague and ambiguous and, accordingly, this request fails to describe the category of documents sought with reasonable particularity, as required by FRCP 34(b)(1)(A).  Defendant further objects to providing ESI from sources that are not reasonably accessible because of undue burden or cost.  Defendant further objects to this request to the extent that it seeks confidential and private information

---

[1] Plaintiffs' First Request for Production of Documents consists of some requests immediately following certain interrogatories, so Defendant will reference the interrogatory to which the applicable RFP seems to refer in brackets.

related to non-parties to this litigation to which Plaintiffs are not entitled under the federal discovery rules, and confidential and proprietary business information concerning Defendant's business operations and organization.  Defendant objects to the extent this request seeks documents and information that are subject to the attorney-client privilege, the work-product protection, or any other privilege or protection, including communications with or work product of in-house counsel and outside counsel.

Defendant responds as follows:  Defendant properly compensated Plaintiffs for all hours worked, including any overtime hours, and therefore does not have any responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 2:**  Please produce true copies of all documents and things relating to the preceding Interrogatory [15].

**RESPONSE:**  Defendant objects to this request for "all documents" relating to any complaints or charges relating to minimum wage or overtime on the grounds that it is overbroad, unduly burdensome, and duplicative, and is therefore contrary to the rule of proportionality contained in Federal Rule of Civil Procedure 26(b)(2)(C), which "serves to protect a party against having to produce voluminous documents of questionable relevance." *Woods v. Capital One Servs., LLC*, 2011 U.S. Dist. LEXIS 61962 (N.D.N.Y Apr. 15, 2011).  As courts routinely recognize, there is no

duty to preserve, let alone search, review and produce, "every shred of paper, every e-mail or electronic document" that is arguably within the scope of discovery. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497 (D. Md. 2010).   Defendant further objects to providing ESI from sources that are not reasonably accessible because of undue burden or cost.   Defendant further objects to this request to the extent that it seeks confidential and private information related to non-parties to this litigation to which Plaintiffs are not entitled under the federal discovery rules, and confidential and proprietary business information concerning Defendant's business operations and organization.   Defendant objects to the extent this request seeks documents and information that are subject to the attorney-client privilege, the work-product protection, or any other privilege or protection, including communications with or work product of in-house counsel and outside counsel.

Defendant responds as follows:  Defendant does not have any responsive documents in its possession, custody or control.


**REQUEST FOR PRODUCTION NO. 3**:   Please produce copies of all handbooks, policies, and procedures that Plaintiffs were required to follow during their employment with Defendant.

**RESPONSE:**  Defendant objects to this request because it is unduly burdensome and not proportional to the needs of the case to the extent that it demands "*all* handbooks, policies, and procedures that Plaintiffs were required to follow during their employment," regardless of relevance to the issues in this civil action and without reasonable temporal limitation.  It is therefore contrary to the rule of proportionality contained in Federal Rule of Civil Procedure 26(b)(2)(C), which "serves to protect a party against having to produce voluminous documents of questionable relevance." *Woods v. Capital One Servs., LLC*, 2011 U.S. Dist. LEXIS 61962 (N.D.N.Y Apr. 15, 2011).  Defendant further objects to this request to the extent that it seeks confidential and proprietary business information concerning Defendant's business operations and organization.

Defendant responds as follows:  Defendant will conduct a search for responsive employee handbooks and policies relating to timekeeping, payroll, and overtime applicable to the Plaintiffs.  The results of the search will be produced in the format set forth in Exhibit A.  Defendant will produce responsive documents on a rolling basis starting on April 5, 2024, to be completed on April 12, 2024, subject to the terms and conditions of the Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 4**:  Please produce copies of all training materials that Plaintiffs were required to complete or review during their

39

employment with Defendant.

**RESPONSE:**   Defendant objects to this request for "all training materials" because it is overbroad and because it seeks documents that are unrelated to Plaintiffs' claims or Defendant's defenses.  It is therefore contrary to the rule of proportionality contained in Federal Rule of Civil Procedure 26(b)(2)(C), which "serves to protect a party against having to produce voluminous documents of questionable relevance." *Woods v. Capital One Servs., LLC*, 2011 U.S. Dist. LEXIS 61962 (N.D.N.Y Apr. 15, 2011).   Defendant objects that the terms "training materials" and "review" are undefined, unduly vague and ambiguous and, accordingly, this request fails to describe the category of documents sought with reasonable particularity, as required by FRCP 34(b)(1)(A).   Defendant further objects to this request to the extent that it seeks confidential and proprietary business information concerning Defendant's business operations and organization.

Defendant responds as follows:  Defendant will produce Plaintiffs' HRIS files and will conduct a search for training materials provided to the Plaintiffs that pertain to timekeeping, payroll, and overtime.  The results of the search will be produced in the format set forth in Exhibit A.  Defendant will produce responsive documents on a rolling basis starting on April 5, 2024,to be completed on April 12, 2024, subject to the terms and conditions of the Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 5**:  Please produce a complete copy of each Plaintiff's personnel file.

**RESPONSE:**  Defendant objects to the singular term "personnel file" because information must be obtained from different sources and systems with different retention procedures, depending on the subject matter, time period, and work location.

Defendant responds as follows:  Defendant will conduct a search for Plaintiffs' personnel files.  The results of the search will be produced in the format set forth in Exhibit A.  Defendant will produce responsive documents on a rolling basis starting on April 5, 2024, to be completed on April 12, 2024, subject to the terms and conditions of the Stipulated Protective Order.


**REQUEST FOR PRODUCTION NO. 6**:  Please produce copies of all documents, including any timesheets, timeclock records, and schedules, that may reflect each Plaintiff's hours of work during the Applicable Statutory Period.

**RESPONSE:**  Defendant objects that the terms "timeclock records" and "schedules" are undefined, unduly vague and ambiguous and, accordingly, this request fails to describe the category of documents sought with reasonable particularity, as required by FRCP 34(b)(1)(A).  Defendant further objects to

providing ESI from sources that are not reasonably accessible because of undue burden or cost.

Defendant responds as follows:  Defendant will conduct a search for Plaintiffs' time records.  The results of the search will be produced in the format set forth in Exhibit A.  Defendant will produce responsive documents on a rolling basis starting on April 5, 2024, to be completed on April 12, 2024, subject to the terms and conditions of the Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 7**:  Please produce copies of all pay records reflecting monies paid to each Plaintiff during the Applicable Statutory Period. Please produce Plaintiff's pay records in an Excel or delimited text format, if available.

**RESPONSE:**  Defendant objects that the terms "monies," "Excel" and "delimited text format" are undefined, unduly vague and ambiguous and, accordingly, this request fails to describe the category of documents sought with reasonable particularity, as required by FRCP 34(b)(1)(A).  Defendant further objects to providing ESI from sources that are not reasonably accessible because of undue burden or cost.

Defendant responds as follows:  Defendant will conduct a search for Plaintiffs' pay records.  The results of the search will be produced in the format set

forth in Exhibit A.  Defendant will produce responsive documents on a rolling basis starting on April 5, 2024, to be completed on April 12, 2024, subject to the terms and conditions of the Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 8**:  Please produce copies of all logs maintained by Plaintiffs during Plaintiffs' employment with Defendant reflecting any work Plaintiffs performed for Defendant, Plaintiffs' hours, or Plaintiffs' compensation.

**RESPONSE:**  Defendant objects that the terms "logs" and "any work" are undefined, unduly vague and ambiguous and, accordingly, this request fails to describe the category of documents sought with reasonable particularity, as required by FRCP 34(b)(1)(A).

Defendant responds as follows:  Defendant will conduct a search for Plaintiffs' time and pay records.  The results of the search will be produced in the format set forth in Exhibit A.  Defendant will produce responsive documents on a rolling basis starting on April 5, 2024, to be completed on April 12, 2024, subject to the terms and conditions of the Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 9**:  Please produce copies of all evaluations of Plaintiffs' during the Applicable Statutory Period.

**RESPONSE:** Defendant objects that the term "evaluations" is undefined, unduly vague and ambiguous and, accordingly, this request fails to describe the category of documents sought with reasonable particularity, as required by FRCP 34(b)(1)(A). Defendant objects on the grounds that this request is unnecessarily duplicative of Request for Production No. 5.

Defendant responds as follows: Defendant will conduct a search for Plaintiffs' personnel files. The results of the search will be produced in the format set forth in Exhibit A. Defendant will produce responsive documents on a rolling basis starting on April 5, 2024, to be completed on April 12, 2024, subject to the terms and conditions of the Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 10:** Please produce a copy of all emails beginning three years before the filing of the Original Complaint (to the present) sent to or received through the email addresses of all employees of Defendant who set the pay policies for Plaintiffs and/or dictated Plaintiffs' work schedules that contain any of the terms listed below. For each responsive email, produce these emails with attachments enclosed in their original unaltered form. Please do not delete any metadata.

   a)   Supervisor*,

   b)   Operations

      c)      Shift,

      d)      Hours,

      e)      Pay,

      f)      Off-the-clock,

      g)      Exempt*,

      h)      Timesheet,

      i)      DOL,

      j)      Hire*, and

      k)      Fire*.

**RESPONSE:**  Defendant objects to this request for "all emails" exchanged with "all employees of Defendant who set the pay policies for Plaintiffs and/or dictated Plaintiffs' work schedules" that contain any of the provided search terms on the grounds that it is overbroad, unduly burdensome, and cumulative, and is therefore contrary to the rule of proportionality contained in Federal Rule of Civil Procedure 26(b)(2)(C), which "serves to protect a party against having to produce voluminous documents of questionable relevance." *Woods v. Capital One Servs., LLC*, 2011 U.S. Dist. LEXIS 61962 (N.D.N.Y Apr. 15, 2011).  As courts routinely recognize, there is no duty to preserve, let alone search, review and produce, "every shred of paper, every e-mail or electronic document" that is arguably within the scope of discovery. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497 (D. Md.

2010). Not only would this request require Defendant to search, review and produce thousands of emails, but also its scope arguably covers every single email exchanged with these individuals that pertain in any way to scheduling, time or compensation. Defendant objects to producing ESI from sources that are not reasonably accessible because of undue burden or cost. Defendant objects that the term "Original Complaint" is an undefined term. Defendant objects that the terms "pay policies," "dictated," "schedules," "terms," "responsive emails," "unaltered form" and "metadata" are undefined, unduly vague and ambiguous and, accordingly, this request fails to describe the category of documents sought with reasonable particularity, as required by FRCP 34(b)(1)(A). Defendant further objects to this request to the extent that it seeks confidential and private information related to non-parties to this litigation to which Plaintiffs are not entitled under the federal discovery rules, and confidential and proprietary business information concerning Defendant's business operations and organization.

**REQUEST FOR PRODUCTION NO. 11**:   Please produce any and all documents Defendant will or may use to negate Plaintiffs' claims or to support Defendant's defenses or for any other purpose in the context in this case, including documents to be used at depositions, hearings, pleadings, motions, and trial.

**RESPONSE:**   Defendant objects to this request for "all documents" on the

grounds that it is overbroad and unduly burdensome, and is therefore contrary to the rule of proportionality contained in Federal Rule of Civil Procedure 26(b)(2)(C). As courts routinely recognize, there is no duty to preserve, let alone search, review and produce, "every shred of paper, every e-mail or electronic document" that is arguably within the scope of discovery. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497 (D. Md. 2010). Defendant further objects to this request because it improperly and prematurely requires Defendant to marshal its evidence and to provide its legal arguments prior to trial. Defendant objects that the terms "negate," "defenses," "any other purpose," "context," "hearings" and "motions" are undefined, unduly vague and ambiguous and, accordingly, this request fails to describe the category of documents sought with reasonable particularity, as required by FRCP 34(b)(1)(A). Defendant further objects to this request to the extent that it seeks confidential and proprietary business information concerning Defendant's business operations and organization or confidential and proprietary third-party information. Defendant objects to the extent this request seeks documents and information that are subject to the attorney-client privilege, the work-product protection, or any other privilege or protection, including communications with or work product of in-house counsel and outside counsel.

Defendant responds as follows: In support of its defenses, Defendant refers to all the documents that have been or will be produced to Plaintiffs, which will be

produced in the format set forth in Exhibit A, subject to the terms and conditions of the Stipulated Protective Order. Defendant also reserves the right to rely on documents produced or identified by Plaintiffs, filed with the Court by any party, or used as exhibits in depositions by any party.

## **VERIFICATION**

I, Mark Corcoran, am currently the Vice President, Labor Relations at Centene Management Company, LLC. I have reviewed Defendant's Answers and Objections to Plaintiffs' First Set of Interrogatories to Defendant and am duly authorized to do so. Certain of the matters set forth in Defendant's answers are not within my personal knowledge; however, the information is based upon facts compiled from employees and/or business records, and I am informed that the information provided therein is true and correct.

Dated this ____4____ day of April, 2024.

Signature: *Mark Corcoran*
Mark Corcoran (Apr 4, 2024 13:14 EDT)

Printed Name: Mark Corcoran _____

49

**Exhibit A**

Form of Production/Load File Specifications

A.    **Production Format in General**.

All documents (whether originally electronic or hard copy paper) should be produced as TIFF image files[#] (black-and-white) and as JPEG image files[#] (color) in electronic form on a CD-ROM, or on other removable media.  All production documents should be accompanied by a Concordance .DAT load file.  The Concordance .DAT file should contain the following delimiters:

| | | |
|---|---|---|
| Field Separator | ¶ | (ASCII:0020) |
| Quote | þ | (ASCII:0254) |
| Multi-Entry Delimiter | ; | (ASCII:0059) |
| <Return> Value in Data | ® | (ASCII:0174) |

The TIFF images should be produced as single-page Group IV TIFF format with an Opticon image load file.  The Opticon image load file should contain the BEGBATES value for each corresponding document and appropriate path or folder information to the corresponding images that comprise each document.  Each TIFF or JPEG image should be individually Bates numbered (each party using a unique prefix of letters as appropriate, without punctuation, and each page having a unique number of at least six digits, with no separator between the letters and numbers).  The Bates number must not obliterate, conceal, or interfere with any information on the produced document.

B.    **Production Format from Electronic Format**.

For documents that are produced directly from electronic format, the full extracted text will be provided by a link in the main (.DAT) load file.
To the extent readily available at the time of retrieval, the following extracted data and metadata fields shall to be provided in the Concordance .DAT file:

- FOR E-MAIL AND E-DOCS (REQUIRED)
    - PRODUCTION BEG NUM
    - PRODUCTION END NUM
    - PRODUCTION BEG ATTACH[2]
    - CUSTODIAN[3]

---

[2] PRODUCTION BEG ATTACH should contain the PRODUCTION BEG NUM value of an attachment's parent document.  PRODUCTION BEG ATTACH for a parent document is equal to the PRODUCTION BEG NUM for the parent document.
[3] If it has been captured.

- o CONFIDENTIALITY DESIGNATION
- o MESSAGE FROM
- o MESSAGE TO
- o MESSAGE CC
- o MESSAGE BCC
- o MESSAGE SUBJECT
- o MESSAGE DATE/TIME SENT[#]
- o MESSAGE DATE/TIME RECEIVED[#]
- o MESSAGE ATTACHMENT COUNT
- o MESSAGE ATTACHMENT NAMES
- o MESSAGE HAS ATTACHMENTS
- o FILE AUTHOR
- o FILE DATE CREATED[#]
- o FILE DATE MODIFIED[#]
- o FILE NAME
- o FILE SIZE
- o FILE EXTENSION
- o ORIGINAL FOLDER NAME[4]
- o PAGE COUNT
- o MD5 HASH
- o LINK TO NATIVE FILE[5]
- o LINK TO EXTRACTED TEXT[6]

[#] Date/time to be provided in EST time zone.

- FOR SCANNED HARDCOPY DOCUMENTS
  - PRODUCTION BEG NUM
  - PRODUCTION END NUM
  - o PAGE COUNT
  - o LINK TO TEXT[7]

These are the only metadata fields that the parties are required to collect and produce, to the extent they are readily available at the time of retrieval.

---

[4] Mailbox Path for E-Mails or Original Path for E-Docs
[5] Only for data being produced natively; see Section C below
[6] Extracted text will be provided at the document level – not the page level
[7] Extracted text will be provided at the document level – not the page level

C.      **DeDuplication**

Cross-Custodian DeDuplication[8] (also known as Horizontal Duplication) will be applied to all data.

D.      **Native Production**

Where feasible, non-redacted Excel, Multi-Media and PowerPoint files shall be produced in their native format.

E.      **Databases or Structured Data.**

If a party is providing databases or structured data, the parties will confer to discuss the appropriate delivery format.

F.      **Social Media and Web Content.**

Social media and other web content shall be produced as Group IV TIFF image files (black-and-white) and JPEG image files (color) with associated metadata load files.  The parties will further confer regarding the specific web pages and available metadata.

---

[8] *See The Sedona Conference Glossary:  E-Discovery & Digital Information Management*, p. 11 (2d ed. 2010).

Dated:  April 5, 2024.

*/s/ Breanne Sheetz Martell*
Breanne Sheetz Martell, #39632 (WA)
*Admitted Pro Hac Vice*
bsmartell@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101
Telephone: 206.623.3300
Facsimile: 206.447.6965

Patricia J. Martin #57420 (MO)
pmartin@littler.com

LITTLER MENDELSON P.C.
600 Washington Avenue
Suite 900
St. Louis, MO  63101
Telephone:     314.659.2000
Facsimile:      314.659.2099
Eva C. Madison, #98183 (AR)
*Admitted Pro Hac Vice*
emadison@littler.com

LITTLER MENDELSON, P.C.
17 E. Dickson St., Suite 204
Fayetteville, AR 72701
Telephone: 479.582.6100
Facsimile: 479-582-6111

Natalie J. Storch, #0269920 (FL)
*Admitted Pro Hac Vice*
njstorch@littler.com

LITTLER MENDELSON, P.C.
111 North Orange Avenue
Suite 1750
Orlando, FL 32801
Telephone:  (407) 393-2900
Fascimile:   (407) 393-2929

**ATTORNEYS FOR DEFENDANTS**

53

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 5TH day of April, 2024, a true and correct copy of the above and foregoing **notice** was electronically served via email on the following.

**<u>Attorneys for Plaintiffs</u>**
Josh Sanford (*Admitted Pro Hac Vice*)
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone:      501-221-0088
Facsimile:       888-787-2040
Email: josh@sanfordlawfirm.com
Email: sean@sanfordlawfirm.com
Email: discovery@sanfordlawfirm.com
Email: ecfnotices@sanfordlawfirm.com
Email: sanfordlawfirm@recap.email

*/s/ Breanne Sheetz Martell*
Breanne Sheetz Martell

## DECLARATION OF SERVICE

I am a resident of the state of Florida, over the age of eighteen years, and not a party to the within action. My business address is 111 North Orange Avenue, Suite 1750, Orlando, Florida 32801. I hereby declare that on April 5, 2024, I served a copy of the foregoing document entitled **DEFENDANT CENTENE MANAGEMENT COMPANY LLC'S OBJECTIONS AND RESPONSES** TO **PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** on the following persons as indicated below:

**Attorneys for Plaintiffs**

Josh Sanford (*Admitted Pro Hac Vice*)

SANFORD LAW FIRM, PLLC

One Financial Center

650 South Shackleford, Suite 411

Little Rock, Arkansas 72211

Telephone:  501-221-0088

Facsimile:   888-787-2040

Email: josh@sanfordlawfirm.com

Email: sean@sanfordlawfirm.com

Email: discovery@sanfordlawfirm.com

Email: ecfnotices@sanfordlawfirm.com

Email: sanfordlawfirm@recap.email

| | |
|---|---|
| ☐ | **ELECTRONICALLY FILED** the foregoing document(s) with the Clerk of the Court using the CM/ECF system. |
| ☒ | **EMAIL** to the email address(es) of the person(s) set forth above, ***pursuant to the parties' agreement to electronic service.*** |

| | |
|---|---|
| ☐ | **U.S. MAIL** by placing a true copy for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Seattle, Washington addressed as set forth above. |
| ☐ | **PERSONAL DELIVERY** by causing a copy of the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth above. |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on April 5, 2024, at Orlando, Florida.

*/s/ Michelle A. Filmore*
Michelle A. Filmore, Legal Assistant
mfilmore@littler.com
**LITTLER MENDELSON, P.C.**

4865-3376-0172.12 / 095402-1034