Exhibit M



**Exhibit
0001**

Dickerson

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**TAIWAN DICKERSON and KIM**                                    **PLAINTIFFS**
**KING-MACON, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                    No. 4:22-cv-519-HEA

**CENTENE MANAGEMENT COMPANY, LLC,**                       **DEFENDANTS**
**and CENTENE CORPORATION**

### PLAINTIFF TAIWAN DICKERSON'S ANSWERS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff Taiwan Dickerson ("Plaintiff"), by and through his attorneys Courtney Harness and Josh Sanford of Sanford Law Firm, PLLC, hereby submits his Answers and Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents, and states as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person known or believed by you to have knowledge or information concerning any of the assertions in the Complaint or in Defendants' Answer, and for each such person generally describe their knowledge or information regarding the assertions in the Complaint or in Defendants' Answer.

**ANSWER NO. 1:** Objection. This Interrogatory is unduly burdensome to the extent that it seeks to have Plaintiff speculate about the specific facts and opinions to which each witness will testify.

Subject to and without waiving the foregoing objections, Plaintiff and opt-ins will likely testify to the hours they worked, the way they were paid, their job duties, and

**Page 1 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Taiwan Dickerson's Answers and Responses to Defendant's**
**First Set of Interrogatories and Requests for Production of Documents**

communications they may have had with any current or former employees of Defendants germane to the same.

Otherwise, Plaintiff states as follows: Other current or former employees of Defendants, especially other Care Coordinators, and other current or former Plaintiffs in related lawsuits against Defendants involving Care Coordinators, a lady named Ms. Zandalisa whose I don't know last name I don't recall. Chaz whose last name I don't recall and another female manager whose name I don't recall both spoke with me about the company not paying employees for working after hours or for mileage. They both said that it was a common concern that led to a lot of turnover.

**INTERROGATORY NO. 2:** For each item or element of damages that you seek to recover in this lawsuit, please provide or identify the following:

a.      A description of the nature of each item or element of damages;

b.      The dollar amount of each item or element of damages sought in this lawsuit, and its method of calculation;

c.      Each person who participated in, or has knowledge concerning, the calculation of each item or element of damages sought by you in this lawsuit, and a description of the nature and substance of their participation and/or knowledge regarding such calculation;

d.      The specific person(s), and act(s) or omission(s), that you allege caused each item or element of damages; and

e.      Each person known or believed by you to have knowledge concerning the factual basis for each item or element of damages claimed by you in this lawsuit, and a description of the nature and substance of such knowledge.

**Page 2 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

**ANSWER NO. 2:** Objection. Plaintiff objects to this Interrogatory because it contains compound, conjunctive, or disjunctive questions. Plaintiff further objects to this Interrogatory as being unduly burdensome to the extent that it is duplicative of Interrogatory No. 1. In Answer No. 1, Plaintiff has already provided the name(s) and knowledge and/or information for each individual Plaintiff believes may possess relevant knowledge or information regarding the assertions in the Complaint or in Defendants' Answer, which would include knowledge concerning the factual basis for each item or element of damages claimed by Plaintiff.

Subject to and without waiving the foregoing objections, damages have not been calculated in this case yet. However, damages include monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay proper regular and overtime wages under the FLSA and the AMWA. Plaintiff will provide detailed damages calculations after Plaintiff has had an opportunity to inspect relevant documents in Defendants' possession and the damages calculations have been prepared.

**INTERROGATORY NO. 3:** Identify (a) any claim, complaint, charge, or grievance you have submitted to any government agency (whether local, state or federal) concerning Defendants or the subject matter of this lawsuit, and (b) any complaint submitted to Defendants concerning the subject matter of this lawsuit, and for each include: the date it was submitted; the entity to which it was submitted and the names of all representatives with whom you have had any contact concerning the claim, complaint or grievance; the substance of the claim, complaint or grievance; and the status of the claim, complaint or grievance.

**Page 3 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

**ANSWER NO. 3:** Objection. Plaintiff objects to this Interrogatory because it contains compound, conjunctive, or disjunctive questions. Plaintiff further objects to this Interrogatory as unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall every complaint submitted to Defendants or any state, federal or local agency concerning the subject matter of this lawsuit over the entirety of Plaintiff's tenure with Defendants, if any exist, no less the dates such complaints were made, the names of all representatives with whom Plaintiff has had any contact concerning such complaints, the substance of such complaints and the statuses of such complaints.

Subject to and without waiving the foregoing, Plaintiff states as follows: I can't recall the specific dates, but please see Answer No. 1 as to the two managers I tried to speak to about my concerns within my last few months working there in 2021.

**INTERROGATORY NO. 4:** Identify all personal e-mail addresses (such as Gmail, Yahoo!, Hotmail, AOL, AT&T, Blackberry etc.), social networking accounts (for on-line services such as Facebook, Twitter, MySpace, Google+, Instagram, Picasa, Tumblr etc.), professional networking site accounts (for on-line services such as LinkedIn, Monster.com, etc.), job search website accounts (such as Monster, Indeed, GlassDoor, CareerBuilder, and/or SimplyHired), back-up or other on-line third-party storage accounts (such as iCloud, Google Docs, Dropbox, Mozy etc.), or any other on-line sites, services, blogs, wikis or message boards, that you have used or maintained during the Relevant Time Period, and have used either (1) during any workday where you claim you worked off-the-clock or (2) to create, store, or disseminate communications, descriptions, or any other information relating to the claims and defenses in this lawsuit.

Page 4 of 40
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Kim King-Macon's Responses to Defendant's
First Set of Requests for Admission

**ANSWER NO. 4:** Objection. This Interrogatory is unduly burdensome and irrelevant in that it seeks information that is not reasonable to retain in normal personal records or memory and in that it seeks information that is not materially related to the hours Plaintiff worked, the compensation Plaintiff received, Plaintiff's job duties or communications Plaintiff may have had with other current or former employees of Defendant germane to the same. Plaintiff cannot reasonably be expected to recall all personal e-mail addresses, social networking accounts, professional networking site accounts, back-up or other on-line third-party storage accounts, or any other on-line sites, services, blogs, wikis or message boards, that Plaintiff may have used or maintained during the Relevant Time Period, and which Plaintiff may have used during any workday which Plaintiff worked off-the-clock. Nor should Plaintiff be expected to. Such information is irrelevant to resolving the issues in this case and it would be prohibitively difficult to compile such information retrospectively.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: To the best of my recollection, I had a Facebook account, an Instagram account, and a Gmail account while employed by the Defendants.

**INTERROGATORY NO. 5:** Identify (by manufacturer, type, model number, phone number, and service provider, as applicable) each and every electronic computing, communication, or data storage device you have owned or leased during the Relevant Time Period, including but not limited to the following examples and categories of devices: computers, tablets, cellular phones, iPhones, iPads, smartphones, personal digital assistants, USB devices, flash drives, DVDs, CDs, external hard drives, cameras, video recorders, or any other electronic computing, communication or data storage device, and

**Page 5 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

that you used either (1) during any workday where you claim you worked off-the-clock or (2) to create, store, or disseminate communications, descriptions, or any other information relating to the claims and defenses in this lawsuit.

**ANSWER NO. 5:** Objection. This Interrogatory is unduly burdensome and irrelevant in that it seeks information that is not reasonable to retain in normal personal records or memory and in that it seeks information that is not materially related to the hours Plaintiff worked, the compensation Plaintiff received, Plaintiff's job duties or communications Plaintiff may have had with other current or former employees of Defendant germane to the same. Plaintiff cannot reasonably be expected to recall and identify (by manufacturer, type, model number, phone number, and service provider, as applicable) each and every electronic computing, communication, or data storage device Plaintiff may have owned or leased during the Relevant Time Period, including but not limited to the following examples and categories of devices: computers, tablets, cellular phones, iPhones, iPads, smartphones, personal digital assistants, USB devices, flash drives, DVDs, CDs, external hard drives, cameras, video recorders, or any other electronic computing, communication or data storage device, and which Plaintiff may have used during any workday which Plaintiff worked off-the-clock. Nor should Plaintiff be expected to. Such information is irrelevant to resolving the issues in this case and it would be prohibitively difficult to compile such information retrospectively.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: To the best of my recollection, I had a personal cell phone and a laptop during my employment with Defendants.

**INTERROGATORY NO. 6:** Identify, for each week of your employment with

**Page 6 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

Centene Management, the number of hours that you claim you worked off-the-clock for Defendants by listing the exact date of the off-the-clock time worked, the location where the alleged off-the-clock time was worked, any supervisors or managers who you allege knew you were working off-the-clock on that particular date and your basis for knowing that he or she had knowledge of it, and the reason why you allegedly worked off-the-clock on that particular date.  If you are not able to state the exact number of hours that you claim you worked off-the-clock on any particular date, provide a good faith estimate of the number of hours on each date.

**ANSWER NO. 6:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall for each week of Plaintiff's employment with Centene Management, the number of hours that Plaintiff worked off-the-clock for Defendants by listing the exact date of the off-the-clock time worked, the location where the alleged off-the-clock time was worked, any supervisors or managers who knew Plaintiff was working off-the-clock on that particular date and Plaintiff's basis for knowing that he or she had knowledge of it, and the reason why Plaintiff allegedly worked off-the-clock on that particular date. Nor can Plaintiff even reasonably be expected to provide a good faith estimate of the number of off-the-clock hours Plaintiff worked "on each date." This Interrogatory is further unduly burdensome because Defendants are legally responsible for maintaining records of hours worked, the information requested would require contemporaneously maintenance in order to respond in such detail as is requested and compiling such information retroactively would be prohibitively difficult.

**Page 7 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference," the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

In this case, Plaintiff knows Defendants did not keep accurate records of hours worked by Plaintiff due to the off-the-clock nature of his claims. For that reason, Plaintiff is entitled to prove Plaintiff's damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

**Page 8 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I was employed by Defendants from April of 2018 until June of 2021 as a Care Coordinator. In a typical workweek, I was scheduled Monday through Friday from 8 AM to 5 PM. However, I often worked after my shift, especially because of traveling back from client homes or from attending meetings. I would turn in my exact hours worked and mileage driven, but my checks wouldn't reflect any hours beyond what I was scheduled and for the majority of my employment with Defendants, I didn't receive any mileage reimbursement whatsoever. I would currently estimate that on average I worked approximately 15 hours per week that went uncompensated.

**INTERROGATORY NO. 7:** For any time you were absent from work on a regular workday while employed by Centene Management during the Relevant Time Period, state the date(s), number of hours taken off on each date, and the reason for the absence (e.g., sickness, vacation, holiday, personal, short or long term disability, Family Medical Leave Act, etc.).

**ANSWER NO. 7:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall for any time Plaintiff was absent from work on a regular workday while employed by Centene Management during the Relevant Time Period, the date(s), number of hours taken off on each date, and the reason for the absence (e.g., sickness, vacation, holiday, personal, short- or long-term disability, Family Medical Leave Act, etc.). This Interrogatory is further unduly burdensome in that the Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of

**Page 9 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

employment. 29 U.S.C. § 211(c). Presumably, most, if not all, of the requested information is already in Defendants' possession or more easily accessible by Defendants reviewing their own records.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: To the best of my recollection, I missed work for bereavement leave a few times during my employment, but I can't recall exactly when those were. I believe I only took one to two days off each time, even though we were allowed three days for bereavement which was covered as PTO.

**INTERROGATORY NO. 8:** Identify each location where you performed work activities for Centene Management during the Relevant Time Period (including but not limited to your home, Centene Management's worksites, and members' locations), and the days and number of hours you worked at each location.

**ANSWER NO. 8:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall each location where you performed work activities for Centene Management during the Relevant Time Period (including but not limited to your home, Centene Management's worksites, and members' locations), and the days and number of hours you worked at each location. This Interrogatory is further unduly burdensome in that the Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c). Presumably, most, if not all, of the requested information is already in Defendants' possession or more easily accessible by Defendants reviewing their own records.

**Page 10 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

Subject to and without waiving the foregoing objections, Plaintiff states as follows: I performed work from client homes all over Arkansas and I attended a few meetings and/or trainings at the Defendants' office in Little Rock.

**INTERROGATORY NO. 9:** Describe each of Defendants' policies and practices that you allege was unlawful, including: your understanding of the policy or practice; the basis for your understanding of the policy or practice and how it was communicated to you; the person(s) responsible for implementing, applying, or enforcing the policy or practice; whether the policy or practice changed at any time; when the policy or practice changed; and your understanding of the revised policy or practice, including how it was communicated to you and the person(s) responsible for implementing, applying, or enforcing it.

**ANSWER NO. 9:** Objection. This Interrogatory is unduly burdensome in that the Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours and other conditions and practices of employment. 29 U.S.C. § 211(c). Defendant may access this information as easily, or more easily, than Plaintiff by reviewing Defendant's own records "whether the policy or practice changed at any time" and "when the policy or practice changed." The Interrogatory is also exceedingly broad and vague because determining Plaintiff's "basis for understanding . . . the policy or practice" and "your understanding of the revised policy or practice" is subject to interpretation. Also, this Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory.

Subject to and without waiving the foregoing objections, Plaintiff states as follows:

**Page 11 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

Chaz, whose last name I don't recall, and another female manager, whose name I don't recall, both spoke with me about the company not paying employees for working after hours or for mileage. They both said that was a common concern that led to a lot of turnover. I would turn in my exact hours worked and mileage driven, but my checks wouldn't reflect any hours beyond what I was scheduled and for the majority of my employment with Defendants, I didn't receive any mileage reimbursement whatsoever.

**INTERROGATORY NO. 10:** Identify every employee of Defendants whom you contend engaged in unlawful conduct implicated in the Complaint and describe in detail the alleged acts committed by each individual.

**ANSWER NO. 10:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall every communication with "every employee of Defendants whom [Plaintiff] contend[s] engaged in unlawful conduct" and to "describe in detail the alleged acts committed by each individual." Plaintiff can and will identify relevant individuals and information within his knowledge; however, Plaintiff's knowledge will likely be limited in comparison to the full picture of the individuals involved with the decision making that led to the claims in this lawsuit. It is not Plaintiff's burden to know every exact facet of the innerworkings of Defendants' business practices which led to violations of the FLSA. It is only Plaintiff's responsibility to attest to his own experience of such practices.

Furthermore, this Interrogatory is unduly burdensome in that since it was a company-wide set of policies/practices that lead to the violations Plaintiff claims in Plaintiff's Complaint, essentially all employees of Defendants who were similarly situated

**Page 12 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

to Plaintiff, and perhaps even more individuals with similar policies effecting their receipt of lawful compensation that Plaintiff may not be aware of, would be "engaged" in unlawful conduct, depending on how broadly one interprets the meaning of the term. For that reason, this Interrogatory is vague in that it fails to describe with reasonable particularity the category of information requested by not defining the intended meaning of the term "engaged." By the broadest definition of that term, this Interrogatory essentially asks Plaintiff to identify all members of the putative collective, a responsibility belonging to Defendants should Plaintiff file for and be granted conditional certification as is Plaintiff's intention.

This Interrogatory is also duplicative of Interrogatory No. 1 to the extent that any such individual whom Plaintiff has already identified as having knowledge or information in Answer No. 1 must also inherently be "engaged" in the unlawful conduct that is the basis of this lawsuit in some sense.

Subject to and without waiving the foregoing objections, Plaintiff restates and incorporates Answer No. 1 hereto.

**INTERROGATORY NO. 11:** As to each and every communication (except those communications that are subject to the attorney-client privilege), whether written or oral, between you and any employee, former employee, agent, representative, or customer of Defendants related to the allegations in the Complaint or the subject matter of this lawsuit:

a.      Identify every person who was present when the communication was made, or if the communication was in writing, every person who received or appeared to be copied on the communication;

b.      Describe in detail the substance of the communication; and

**Page 13 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

c.      State with particularity the date of the communication and who made the communication.

**ANSWER NO. 11:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall "each and every" communication, "every" person present for a verbal communication, "every" person who received a written communication, the substance "in detail" of each such communication, the date "with particularity" of each such communication.

Subject to and without waiving the foregoing objections, Plaintiff restates and incorporates Answer Nos. 1 & 3 hereto.

**INTERROGATORY NO. 12:** If you denied any Request(s) for Admission served on you by Defendants in this action, explain the facts supporting your denial.

**ANSWER NO. 12:** Objection. Plaintiff objects to this Interrogatory to the extent that it seeks information protected by Attorney-Client Privilege and/or the Attorney Work-Product Doctrine. Furthermore, Plaintiff objects to this Interrogatory as duplicative in that in Plaintiff's corresponding Responses to any such Request for Admission(s) that Plaintiff denied, Plaintiff described in detail which aspects of the Request were denied and why. Please see Plaintiff's Response to Defendants' First Set of Requests for Admission.

**INTERROGATORY NO. 13:** Identify each lawsuit, bankruptcy case, immigration action, arbitration, or other court or legal proceeding in which you have been involved in as a party or a witness in the last ten years, including: the date the action was filed or initiated; the full title of the action, including the names of all parties, court, jurisdiction, venue, and cause number; the name, mailing address, and contact information for

**Page 14 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

counsel for each party to the action; and a description of the nature of the action, its current status or disposition, and your involvement.

**ANSWER NO. 13:** Objection. This Interrogatory is overbroad, irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any "lawsuit, immigration action, arbitration, or other court or legal proceeding in which [Plaintiff may] have been involved in as a party or a witness in the last ten years, including: the date the action was filed or initiated; the full title of the action, including the names of all parties, court, jurisdiction, venue, and cause number; the name, mailing address, and contact information for counsel for each party to the action; and a description of the nature of the action, its current status or disposition, and [Plaintiff's] involvement" are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such lawsuit, immigration action, arbitration, or other court or legal proceeding involves or involved Defendant. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was

**Page 15 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

"intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

Furthermore, this Interrogatory also seeks information that goes beyond the scope allowed by Rule 26 in that it exceeds the relevant time period.

Subject to and without waiving the foregoing objections, as for any other suits, complaints, claims or charges that involves or involved Defendants and/or any recent or ongoing bankruptcies, Plaintiff states as follows: None.

**INTERROGATORY NO. 14:** Identify each person from whom written and signed (or otherwise adopted or approved) or recorded or transcribed statements or reports have been secured related to any of the allegations in the Complaint or Defendants' Answer.

**ANSWER NO. 14:** Objection. This Interrogatory seeks attorney work product to the extent it seeks information "each person" that Plaintiff's counsel has communicated

**Page 16 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

with regarding this lawsuit. Also, this Interrogatory is vague in that it does not describe with reasonable particularity the category of items requested. "Written and signed (or otherwise adopted or approved) or recorded or transcribed statements or reports" is exceedingly broad and vague and determining whether something is "related to any of the allegations" is subject to interpretation.

Subject to and without waiving the foregoing objections, any affidavits or sworn statements which Plaintiff intends or decides to rely on in support of any motion will be filed and therefore provided to Defendant. To the extent Plaintiff would rely on such documents at trial, Plaintiff will produce them pursuant to these Requests or otherwise in accordance with the Federal Rules of Civil Procedure. Plaintiff has no responsive documents or statements from third-parties pursuant to subpoenas and/or FOIA requests, or otherwise, but will provide such documents if any are obtained.

**INTERROGATORY NO. 15:** Identify each expert retained by you to testify concerning the subject matter of this lawsuit, and as to each such expert provide the following:

a.      A complete statement of all opinions to be expressed by the expert and the basis and reasons therefor;

b.      A complete list or description of all Documents, ESI, videotapes, recordings, data, correspondence (including correspondence with Plaintiffs or their counsel), or other information or materials considered by the expert in forming his or her opinion(s);

c.      A complete list or description of all Documents, ESI, exhibits, reports, charts, databases, spreadsheets, videotapes, recordings, or other materials prepared by or for the expert concerning the subject matter of this lawsuit;

**Page 17 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

d.     A summary of the expert's education, experience, and qualifications, including a list of all publications authored by the expert and a list of any other cases or proceedings in which the expert has testified at trial or by deposition; and

e.     The compensation to be paid for the expert's study and testimony.

**ANSWER NO. 15:** Objection. This Interrogatory seeks information that is protected by the Attorney Work-Product Doctrine to the extent that it requests documents provided to or supplied to any expert which Plaintiff's attorneys may have drafted or may draft but which Plaintiff has not yet decided to rely upon at any trial in this matter. Any inquiries Plaintiff has made with any such expert is covered by Attorney Work-Product Doctrine until Plaintiff decides or intends to rely on any such opinions proffered by any such expert. Additionally, this Interrogatory is unduly burdensome in that it seeks to have Plaintiff marshal all Plaintiff's evidence prior to the end of discovery.

Subject to and without waiving the foregoing objections, no expert has been identified at this time. If and when Plaintiff decides to rely on any expert testimony, Plaintiff will disclose the identity of any such expert and produce any corresponding expert report in accordance with the timeline agreed to by the Parties and adopted by the Court in this matter or otherwise in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 16:** Describe all facts supporting your allegation that individuals employed as Care Coordinators were "similarly situated."

**ANSWER NO. 16:** Objection. This Interrogatory seeks information that is protected by the Attorney Work-Product Doctrine to the extent that it requests any Plaintiff or witness statements to Plaintiff's counsel. This Interrogatory is also unduly burdensome to the extent that it seeks to have Plaintiff speculate about "all facts supporting [Plaintiff's]

**Page 18 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

allegation that individuals employed as Care Coordinators were 'similarly situated.'" Furthermore, this Interrogatory is overly broad and vague in that stating "all facts" for each these individuals were "similarly situated" requires legal analysis and conclusions.

Subject to and without waiving the foregoing, Plaintiff states as follows: Other Care Coordinators and myself would have conversations asking each other if we had been paid for the hours that we had logged past 5 PM or the mileage we tried to claim every Friday. We would have to wait until Mondays to find out if we did get paid right, and we wouldn't be paid right, so we would talk about it some more on Mondays.

**INTERROGATORY NO. 17:** Identify every Care Coordinator who you contend worked off-the-clock and the basis of your knowledge regarding your contention.

**ANSWER NO. 17:** Objection. This Interrogatory seeks information that is protected by Attorney-client Privilege and/or the Attorney Work-Product Doctrine. Also, seeking "the basis of your knowledge" is exceedingly broad and vague because this determination would be subject to interpretation and requires legal analysis and conclusions.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Laeartha Banks, Aria Lambert, and Kim King-Macon have all had the same pay issues and been involved in this or other lawsuits against the company for the same pay issues that I am having.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Produce all Documents or ESI in your possession, custody or control that refer or relate to any aspect of your claims or damages in this action, including but not limited to your individual claims, the claims of others you purport to represent, hours worked, duties, compensation, and communications with any

**Page 19 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

person or entity concerning your claims or damages in this action (barring any privileged or work-product material).

**RESPONSE NO. 1:** Objection. This Request seeks information that is protected by the Attorney Work-Product Doctrine to the extent that it requests "all Documents or ESI in [Plaintiff's] possession, custody or control . . . [Plaintiff's] individual claims, the claims of others [Plaintiff] purport[s] to represent . . . and communications with any person or entity concerning [Plaintiff's] claims or damages in this action" which Plaintiff's attorneys may have drafted or may draft and to the extent that it otherwise requests witness statements to Plaintiff's counsel.

Also, this Request is vague in that it does not describe with reasonable particularity the category of items requested. "All Documents or ESI" is exceedingly broad and vague because determining whether something "refer[s] or relate[s] to any aspect of [Plaintiff's] claims or damages" is subject to interpretation. "Communications with any person or entity concerning [Plaintiff's] claims or damages" is not only vague, but unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory.

Furthermore, this Request is overbroad and unduly burdensome in light of the value of the information requested, and it represents an inappropriate omnibus request that essentially demands a "document dump." "Requests for production should identify categories of documents with reasonable precision." *Pirnie v. Cather & Sons Constr., Inc.*, 2006 U.S. Dist. LEXIS 67983, at *14 (D. Neb. Sep. 21, 2006). Numerous courts have held that "omnibus" discovery requests for all information or documents that "relate to" a particular claim or event are overly broad on their face. *See, e.g., Cotracom Commodity*

**Page 20 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

*Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999); *Milburn v. Life Inv'rs Ins. Co. of Am.*, 2005 U.S. Dist. LEXIS 47362, at *5 (W.D. Okla. Jan. 19, 2005).

As for Plaintiff's damages, damages have not been calculated in this case yet. However, damages include monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay proper regular and overtime wages under the FLSA and the AMWA. Plaintiff will provide detailed damages calculations after Plaintiff has had an opportunity to inspect relevant documents in Defendants' possession and the damages calculations have been prepared.

Subject to and without waiving the foregoing objections, as for other documents or ESI that relate to Plaintiff's claims, Plaintiff has no responsive documents.

Otherwise, any other documents or ESI which Plaintiff intends or decides to rely on in support of any motion will be filed and therefore provided to Defendant. To the extent Plaintiff would rely on such documents or ESI at trial, Plaintiff will produce them pursuant to these Requests or otherwise in accordance with the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 2:**  Produce all Documents and ESI in your possession, custody or control that were used, consulted, relied upon or referred to in calculating any item, element or amount of damages described in your answer to Interrogatory No. 2 above.

**RESPONSE NO. 2:** Objection. This Request is unduly burdensome in that it is duplicative of Request for Production No. 1, which very broadly asks Plaintiff to produce any documents or ESI relating to not only Plaintiff's own damages but the damages of others or Plaintiff's claims in general. Plaintiff restates and incorporates Response No. 1

**Page 21 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

hereto.

**REQUEST FOR PRODUCTION NO. 3:**  Produce all correspondence and other Documents and ESI in your possession, custody or control that refer or relate to any communications identified in your answer to Interrogatory No. 3 above, including but not limited to any complaints you made to Defendants or any government agency (whether local, state, or federal) concerning the subject matter of this lawsuit, all Documents and correspondence submitted or received by you or someone acting on your behalf with respect to any such complaint, and all notes or tape recordings of any meetings or conversations related to any such complaint.

**RESPONSE NO. 3:**  Objection. This Request seeks documents and communications protected by Attorney-Client Privilege and the Attorney Work-Product Doctrine to the extent that it seeks any privileged or protected communications between Plaintiff and Plaintiff's counsel or any privileged or protected notes or tape recordings of any meetings or conversations. This Request is also unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall all correspondence and other documents and ESI that refer or relate to any complaints made by Plaintiff to Defendants, if any exist, or any correspondence submitted or received by Plaintiff with respect to any such complaint.

Furthermore, any relevant documents, communications or ESI would have already been addressed in Plaintiff's response to Request to Production No. 1, which so broadly requests documents as to create in most, if not all, additional similar or overlapping requests an abusively duplicative nature to Plaintiff's obligation to respond to these requests, creating needless duplication of efforts and, thereby, increasing litigation costs

**Page 22 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

to Plaintiff. Plaintiff restates and incorporates Response No. 1 hereto.

**REQUEST FOR PRODUCTION NO. 4:**  Produce all Documents or ESI in your possession, custody or control that document, describe or reflect the hours you claim you worked for Defendants and your daily or weekly work schedules during the Relevant Time Period, including but not limited to calendars, day-timers, diaries, notes, memoranda, emails, and text messages.

**RESPONSE NO. 4:** Objection. This Request is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory, in that the documents requested are already in Defendants' possession and more easily accessible by Defendants reviewing their own records, and in that the Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c). Plaintiff cannot reasonably be expected to have retained and now recall, locate and produce anywhere near a comprehensive record of the hours he worked for Defendants or Plaintiff's daily or weekly work schedule during the relevant time period.

The Supreme Court established the standard of proof for an award of back wages in FLSA cases where an employer has kept inadequate or inaccurate records in *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946). In that case, the Court held that when an employer has failed to keep adequate or accurate records of employees' hours, employees should not effectively be penalized by denying them recovery of back wages on the ground that the precise extent of their uncompensated work cannot be established. *Id.* at 687; *see Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 69

**Page 23 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

(2d Cir. 1997); *Dove v. Coupe*, 759 F.2d 167, 174 (D.C. Cir. 1985). Specifically, the Supreme Court concluded that where an employer has not maintained adequate or accurate records of hours worked, an employee need only prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens*, 328 U.S. at 687. Once the employee establishes the amount of uncompensated work as a matter of "just and reasonable inference," the burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. If the employer fails to meet this burden, the court may award damages to the employee "even though the result be only approximate." *Id.* at 688.

In this case, Plaintiff does not know if Defendants kept records of hours worked by Plaintiff. If Defendants did not keep such records, Plaintiff is entitled to prove his damages under the just and reasonable inference standard enunciated in *Mt. Clemens.*

Subject to and without waiving the foregoing objections, Plaintiff has no responsive documents.

**<u>REQUEST FOR PRODUCTION NO. 5:</u>** Produce all Documents and ESI in your possession, custody or control that document, describe or reflect any personal activities you engaged in during each workday you were employed by Centene Management, including the following:

a.      Phone calls, text messages, Internet activity, or other personal communications;

**Page 24 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

b.      Personal purchases (including debit and credit card purchases); and

c.      Facebook, MySpace, ClassMates.com, LinkedIn, Instagram, Twitter or other social or business networking site profiles, postings, messages, emails or other communications (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries, details, blurbs, comments and applications), photographs and videos.

**RESPONSE NO. 5:** Objection. This Request is overbroad, unduly burdensome, irrelevant, and can only be used in a fishing expedition against Plaintiff. Plaintiff's personal activities on days in which Plaintiff performed work for Defendants, including phone calls, text messages, internet activity, other personal communications, personal purchases, Facebook, MySpace, ClassMates.com, LinkedIn, Instagram, Twitter or other social or business networking site profiles, postings, messages, emails or other communications (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries, details, blurbs, comments and applications), photographs and videos are of no importance to resolving the issues in this matter or establishing any claims or defenses. Plaintiff cannot reasonably be expected to recall, have retained and now locate and produce documents and ESI which would allow Defendants carte blanche access to nearly four years' worth of Plaintiff's everyday life while performing work for Defendants and ostensibly beyond Plaintiff's working hours.

To that extent, this Request is served solely for the purpose of harassment, in the hopes of portray Plaintiff as having bad character. Plaintiff additionally objects to the extent that this Request implies or makes the legal conclusion that any time not recorded or compensated is in any way offset by Defendants' unfounded assumption that Plaintiff

**Page 25 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

was performing personal activities while on-the-clock.

In *Palma v. Metro PCS Wireless, Inc*., 8:13-cv-698-T-33MAP, 18 F. Supp. 3d 1346, 1347-48 (M.D. Fla., Apr. 29, 2014), the defendants in a collective action under the FLSA moved to compel production of "all posts to Plaintiffs' social media accounts that relate[d] to 'any job descriptions or similar statements about th[e] case or job duties and responsibilities or hours worked which Plaintiff posted on LinkedIn, Facebook, or other social media sites," including "all private messages Plaintiffs sent from these sites." *Id.* The defendants in *Palma* claimed that the plaintiffs "may have posted comments which contradict[ed] their testimony in the case about breaks and hours worked." *Id.* The court there denied the motion, holding that the request for social media records was too broad: "[Although] social media content is neither privileged nor protected by any right of privacy, . . . Defendant 'does not have a generalized right to rummage at will through information that Plaintiff has limited from public view.'" *Id*. (citations omitted).  In addition, the court found that the burden associated with producing such records was not justified "when Defendant ha[d] nothing more than its 'hope that there might be something of relevance' in the social media posts."  *Id*. (citation omitted).  *See Jewell v. Aaron's, Inc*., CV 12-0563, 2013 U.S. Dist. LEXIS 102182, at *10-*11 (N.D. Ga., July 19, 2013) (in an FLSA collective action for, *inter alia*, alleged failure to pay employees for meal periods, denying discovery of social media information to show that employees were, in fact, taking lunch breaks); *see also Davenport v. State Farm Mut. Auto. Ins. Co.,* No. 3:11-cv-632-J-JBT, 2012 U.S. Dist. LEXIS 20944, at *3 (M.D. Fla. Feb. 21, 2012) ("Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." ); *Mackelprang v. Fidelity Nat'l*

**Page 26 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

*Title Agency of Nevada, Inc.*, 2007 U.S. Dist. LEXIS 2379, 2007 WL 119149 at *7 (D. Nev. Jan. 9, 2007) ("Ordering . . . release of all of the private email messages on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable.").

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

**REQUEST FOR PRODUCTION NO. 6:** Produce all Documents or ESI in your

**Page 27 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

possession, custody or control that document, describe or reflect the time you were absent from work on a regular workday (e.g., due to sickness, vacation, holiday, personal, short- or long-term disability, Family Medical Leave Act, etc.) while employed by Centene Management during the Relevant Time Period.

**RESPONSE NO. 6:** Objection. This Request is unduly burdensome in that all such records should already be in Defendants' possession and are more easily accessible by Defendants reviewing their own records. Fed. R. Civ. P. 33(d). The Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c). This Request is further unduly burdensome in that it seeks to have Plaintiff produce records which the Defendants did not ask Plaintiff to maintain contemporaneously, and which would be prohibitively difficult to compile retroactively. This Request is not proportional to the needs of the case because the burden of production outweighs the likely benefit.

Subject to and without waiving the foregoing objections, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 7:**  Produce all Documents and ESI in your possession, custody or control that document, describe or reflect any compensation you received while employed by Centene Management during the Relevant Time Period.

**RESPONSE NO. 7:** Objection. This Request is overbroad, unduly burdensome and irrelevant to the extent that it seeks information about any sources of income or income amounts from sources other than Defendants and in that it seeks information that is already in Defendants' possession and is as easily accessible by Defendants reviewing

**Page 28 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

their own records. Fed. R. Civ. P. 33(d). The Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c). The information is not proportional to the needs of this case because Plaintiff's sources of income and income amounts other than from Defendants are of no importance to resolving the issues in this case or establishing any claims or defenses. This Request is further unduly burdensome in that it is duplicative of Request for Production No. 4 that so broadly requests documents as to encompass the more specific requests stated here.

Subject to and without waiving the foregoing objections, Plaintiff restates and incorporates Response No. 4 hereto.

**REQUEST FOR PRODUCTION NO. 8:**  Produce all Documents and ESI that document, describe or reflect any hours you worked for any other employers or entities (including self-employment) while you were also employed by Centene Management during the Relevant Time Period.

**RESPONSE NO. 8:** Objection. Plaintiff restates and incorporates Response No. 7 hereto.

**REQUEST FOR PRODUCTION NO. 9:**  Produce all Documents and ESI in your possession, custody or control that describe or reflect your job assignments, duties, responsibilities, activities, or work experience in your employment with Centene Management during the Relevant Time Period.  Such documents should include, but not be limited to, resumes, job performance documents created during your employment, training materials and policies you received during your employment with Centene Management, and job descriptions for the position(s) you held while employed with

**Page 29 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

Centene Management.

**RESPONSE NO. 9:** Objection. This Request is unduly burdensome in that it seeks information that is already in Defendants' possession and is more easily accessible by Defendants reviewing their own records. Fed. R. Civ. P. 33(d).  The Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c).

Subject to and without waiving the foregoing objections, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 10:**  Produce all Documents and ESI in your possession, custody or control that refer or relate to your allegation that individuals employed as Care Coordinators were "similarly situated."

**RESPONSE NO. 10:** Objection. This Request is unduly burdensome to the extent that it seeks information already in the Defendants' possession that are more easily accessible by Defendants reviewing their own records, it that it requires legal analysis and conclusions, and in that it is duplicative of Request for Production No. 9 to the extent that it seeks documents that describe or reflect Care Coordinators' job assignments, duties, responsibilities, activities, or work experiences in their employment with Centene Management during the Relevant Time Period, including, but not be limited to, resumes, job performance documents created during their employment, training materials and policies they received during their employment with Centene Management, and job descriptions for the position(s) they held while employed with Centene Management.

Subject to and without waiving the foregoing objections, Plaintiff restates and

**Page 30 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

incorporates Response No. 9 hereto. Otherwise, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 11:** If you denied any Request(s) for Admission served on you by Defendants in this action, produce any and all Documents supporting your denial.

**RESPONSE NO. 11:** Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 12:** Produce all affidavits, declarations, and statements concerning the subject matter of this lawsuit that you have sent to or received from anyone.

**RESPONSE NO. 12:** Objection. This Request seeks attorney work product to the extent it seeks information about individuals that Plaintiff's counsel has communicated with regarding this lawsuit. Also, this Request is vague in that determining whether something concerns the subject matter of this lawsuit is subject to interpretation.

Subject to and without waiving the foregoing objections, any affidavits or sworn statements which Plaintiff intends or decides to rely on in support of any motion will be filed and therefore provided to Defendant. To the extent Plaintiff would rely on such documents at trial, Plaintiff will produce them pursuant to these Requests or otherwise in accordance with the Federal Rules of Civil Procedure. Plaintiff has no responsive documents or statements from third-parties pursuant to subpoenas and/or FOIA requests, or otherwise, but will provide such documents if any are obtained.

**REQUEST FOR PRODUCTION NO. 13:** Produce all Documents and ESI that contain or relate to any advertisements, communications, or other solicitations referring to Defendants or soliciting interest or participation in the claims asserted in the Complaint sent or posted by you or your agents or attorneys, including any Documents and ESI that

**Page 31 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

contain the names of any of the individuals to whom you or your agents or attorneys sent such advertisements, communications, or other solicitations.

**RESPONSE NO. 13:** Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 14:** Produce all Documents and ESI in your possession, custody or control, including any drafts thereof, that comprise, document, describe, or refer or relate to your answers to any subpart of Interrogatory No. 15 above, including any documents regarding the qualifications, research, writings, prior testimony, opinions, reports, exhibits, summaries or analyses of any expert identified in your answer to Interrogatory No. 15.

**RESPONSE NO. 14:** Objection. This Request seeks information that is protected by the Attorney Work-Product Doctrine to the extent that it requests documents provided to or supplied to any expert which Plaintiff's attorneys may have drafted or may draft but which Plaintiff has not yet decided to rely upon at any trial in this matter. Any inquiries Plaintiff has made with any such expert is covered by Attorney Work-Product Doctrine until Plaintiff decides or intends to rely on any such opinions proffered by any such expert. Additionally, this Request is unduly burdensome in that it seeks to have Plaintiff marshal all Plaintiff's evidence prior to the end of discovery.

Subject to and without waiving the foregoing objections, no expert has been identified at this time. If and when Plaintiff decides to rely on any expert testimony, Plaintiff will disclose the identity of any such expert and produce any corresponding expert report in accordance with the timeline agreed to by the Parties and adopted by the Court in this matter or otherwise in accordance with the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 15:** Produce all Documents and ESI you

**Page 32 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

intend to use as exhibits at trial as a summary of or support for the opinions to be given by any expert identified in your answer to Interrogatory No. 15.

**RESPONSE NO. 15:** Objection. Plaintiff restates and incorporates Answer No. 15 and Response No. 14 hereto.

**REQUEST FOR PRODUCTION NO. 16:** Produce all Documents and ESI in your possession, custody or control, including any drafts thereof, that comprise, document, describe, or refer or relate to the information, instructions, suggestions, directions or assumptions given by you or your attorneys or agents to any expert identified in your answer to Interrogatory No. 15 above.

**RESPONSE NO. 16:** Objection. Plaintiff restates and incorporates Answer No. 15 and Response No. 14 hereto.

**REQUEST FOR PRODUCTION NO. 17:** Produce any and all calendars, day-timers, diaries, notes, memoranda, emails, text messages, and other documents or electronically stored information in your possession, custody or control in which you recorded meetings, thoughts, information, or events during the Relevant Time Period.

**RESPONSE NO. 17:** Objection. This Request is overbroad, unduly burdensome, irrelevant, duplicative and can only be used in a fishing expedition against Plaintiff to the extent that it seeks any documentation of Plaintiff's personal activities, including personal meetings, thoughts, information or events, to the extent that it seeks information that is already in Defendants' possession (such as work meetings, information or events) and is more easily accessible by Defendants reviewing their own records, and to the extent that such records have already been requested in previous requests (such as documents reflecting the hours Plaintiff worked such as calendars or scheduling, which are

**Page 33 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

responsive to Request No. 2 and, therefore, have already been produced, if any exist). Any requests for documents seeking reflections of Plaintiff's personal meetings, thoughts, information or events are wholly irrelevant to resolving the issues in this matter or establishing any claims or defenses. To that extent, this Request is served solely for the purposes of harassment. Any documents related to any employer Plaintiff may have had other than Defendants while employed by Defendants, if any exist, are also irrelevant. As written, the burden or expense of the proposed discovery outweighs the likely benefit.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions"

**Page 34 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

Subject to and without waiving the foregoing objections, as for any documents reflecting any meetings, thoughts, information or events that Plaintiff maintained during Plaintiff's employment with Defendants related to the work Plaintiff performed for Defendants, Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 18:** To the extent not already produced in response to the preceding discovery requests, produce all Documents or ESI in your possession, custody or control (including but not limited to handwritten notes, word processing documents, handbooks, policies, job descriptions, evaluations, memoranda, notices, directives, reports, calendars, day-timers, diaries, emails, letters, text messages, phone records, photographs, video or audio recordings, and electronic chats or posts) that refer or relate to any aspect of your employment with Centene Management during the Relevant Time Period.

**RESPONSE NO. 18:** Objection. This Request is overbroad, unduly burdensome, and irrelevant in that it fails to limit the scope of the proposed request to documents relating to the hours Plaintiff worked, the compensation Plaintiff received, Plaintiff's job duties, and/or any communications Plaintiff had with any current or former employees of Defendants, including managers and supervisors, germane to the same. The burden or expense outweigh the likely benefit in that any documents related to Plaintiff's employment with Defendants but unrelated to the above-listed categories are of no importance to resolving the issues in this matter or establishing any claims or defenses.

**Page 35 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

Furthermore, this Request is overbroad and unduly burdensome in light of the value of the information requested, and it represents an inappropriate omnibus request that essentially demands a "document dump." "Requests for production should identify categories of documents with reasonable precision." *Pirnie v. Cather & Sons Constr., Inc.*, 2006 U.S. Dist. LEXIS 67983, at *14 (D. Neb. Sep. 21, 2006). Numerous courts have held that "omnibus" discovery requests for all information or documents that "relate to" a particular claim or event are overly broad on their face. *See, e.g., Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999); *Milburn v. Life Inv'rs Ins. Co. of Am.*, 2005 U.S. Dist. LEXIS 47362, at *5 (W.D. Okla. Jan. 19, 2005).

To the extent that this Request seeks any electronic chats or posts Plaintiff may have privately made to any online forum, this Request is overbroad and seeks information that is not relevant and that can only be used for a fishing expedition against Plaintiff to the extent that it seeks all documents relating to any websites or instant messaging platforms by which Plaintiff has shared or requested information relating to the allegations in this case, regardless of whether the documents themselves relate to the allegations in this case. The information requested is not proportional to the needs of this case because any documents relating to websites or instant messaging platforms used by Plaintiff are of no importance to resolving the issues in this case or establishing any claims or defenses unless they relate to the allegations in the Complaint.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed.

**Page 36 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

R. Civ. P. 26 advisory committee's notes note the 2015 amendment.  This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone."  *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language.  *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016).  The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely.  *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018).  While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists.  *Id.*

**REQUEST FOR PRODUCTION NO. 19:** To the extent not already produced in response to the preceding discovery requests, produce all Documents and ESI that you intend to use as an exhibit or evidence at any trial of this matter.

**RESPONSE NO. 19:** Objection. This Request is premature in that it seeks to have Plaintiff marshal of Plaintiff's evidence prior to the close of discovery.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: No exhibits have been identified at this time. Plaintiff may offer as an exhibit any document disclosed by any Party in discovery. Any exhibits identified in the future will be disclosed in accordance with the Federal Rules of Civil Procedure.

**Page 37 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

**REQUEST FOR PRODUCTION NO. 20:** To the extent not already produced in response to the preceding discovery requests, produce all Documents and ESI used, reviewed, referred to, or relied upon by you to prepare the Complaint and/or your answers and responses to these discovery requests.

**RESPONSE NO. 20:** Plaintiff has no responsive documents.

**REQUEST FOR PRODUCTION NO. 21:** To the extent not already produced in response to the preceding discovery requests, produce all Documents and ESI you obtained by subpoena or public records request in connection with this litigation.

**RESPONSE NO. 21:** Any affidavits or sworn statements or other documents or ESI which Plaintiff intends or decides to rely on in support of any motion will be filed and therefore provided to Defendant. To the extent Plaintiff would rely on such documents at trial, Plaintiff will produce them pursuant to these Requests or otherwise in accordance with the Federal Rules of Civil Procedure. Plaintiff has no responsive documents or statements from third-parties pursuant to subpoenas and/or FOIA requests, or otherwise, but will provide such documents if any are obtained.

**REQUEST FOR PRODUCTION NO. 22:** To the extent not already produced in response to the preceding discovery requests, produce all ESI created, sent, received or stored using any of the e-mail accounts; social networking accounts; professional networking sites; back-up or other on-line third-party storage accounts; or other on-line sites, services, blogs, wikis, or message boards, identified in response to Interrogatory No. 4, that is responsive to the preceding Requests for Production or otherwise and in any way pertains to the allegations and claims in the Complaint, to the defenses asserted in Defendants' Answer, or to any circumstances or activities relating to this lawsuit

**Page 38 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

(barring any privileged or work-product material).

**RESPONSE NO. 22:** Objection. Plaintiff restates and incorporates Answer No. 2 and Response No. 5 hereto.

**REQUEST FOR PRODUCTION NO. 23:** To the extent not already produced in response to the preceding discovery requests, produce all ESI created, sent, received or stored using any of the electronic computing, communication or storage devices identified in response to Interrogatory No. 5 including but not limited to word processing documents, e-mails, text messages, photographs, video recordings, and audio recordings, that is responsive to the preceding Requests for Production or otherwise and in any way pertains to the allegations and claims in the Complaint, to the defenses asserted in Defendants' Answer, or to any circumstances or activities relating to this lawsuit (barring any privileged or work-product material).

**RESPONSE NO. 23:** Objection. Plaintiff restates and incorporates Answer No. 2 and Response No. 5 hereto.

Respectfully submitted,

**PLAINTIFF TAIWAN DICKERSON**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

*/s/ Josh Sanford*
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 39 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 31st day of August, 2022, a true and correct copy of the above and foregoing was sent via email to the following attorney of record:

Breanne Sheetz Martell, Esq.
LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101
Telephone: 206-623-3300
Facsimile: 206-447-6965
bsmartell@littler.com

Patricia J. Martin, Esq.
LITTLER MENDELSON P.C.
600 Washington Avenue, Suite 900
St. Louis, MO 63101
Telephone:  314-659-2000
Facsimile: 314-659-2099
pmartin@littler.com

Eva C. Madison, Esq.
*Admitted Pro Hac Vice*
LITTLER MENDELSON, P.C.
2600 Candlewood Drive
Fayetteville, AR 72703
Telephone: 479-582-6102
Facsimile: 479-582-6111
emadison@littler.com

*/s/ Josh Sanford*
**Josh Sanford**

**Page 40 of 40**
**Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.**
**U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA**
**Plaintiff Kim King-Macon's Responses to Defendant's**
**First Set of Requests for Admission**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**TAIWAN DICKERSON and KIM**                                              **PLAINTIFFS**
**KING-MACON, Each Individually and on**
**Behalf of All Others Similarly Situated**


vs.                                    No. 4:22-cv-519-HEA


**CENTENE MANAGEMENT COMPANY, LLC,**                           **DEFENDANTS**
**and CENTENE CORPORATION**

<u>**VERIFICATION**</u>

I, Taiwan Dickerson, verify under penalty of perjury that the factual information contained in the foregoing Answers to Defendant's First Set of Interrogatories is true and correct to the best of my knowledge, information and belief.

Executed on August 31, 2022.

**TAIWAN DICKERSON**