Exhibit Q

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**TAIWAN DICKERSON and KIM**                                         **PLAINTIFFS**
**KING-MACON, Each Individually and on**
**Behalf of All Others Similarly Situated**


vs.                              No. 4:22-cv-519-HEA


**CENTENE MANAGEMENT COMPANY, LLC,**                              **DEFENDANTS**
**and CENTENE CORPORATION**

### PLAINTIFF TAIWAN DICKERSON'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

Plaintiff Kim King-Macon ("Plaintiff"), by and through Plaintiffs' attorneys Courtney Harness and Josh Sanford of Sanford Law Firm, PLLC, hereby submits her Responses to Defendant's First Set of Requests for Admission, and states as follows:

### REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that the Company had a written policy prohibiting you from performing work off-the-clock.

**RESPONSE NO.1:** Admitted in part, denied in part. Admitted to the extent that the company had a written policy prohibiting employees from performing work off-the-clock but denied to the extent that the company had an unwritten policy and practice of only paying employees for the hours they were scheduled regardless of whether or not the volume of their work required them to perform work outside of those hours.

**REQUEST FOR ADMISSION NO. 2:** Admit that the Company had a written policy requiring you to report all of the time you worked.

Page 1 of 8
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Kim King-Macon's Responses to Defendant's
First Set of Requests for Admission

Exhibit 18

**RESPONSE NO. 2:** Admitted in part, denied in part. Admitted to the extent that the company had a written policy requiring employees to report all of the time they worked but denied to the extent that the company had an unwritten policy and practice of only paying employees for the hours they were scheduled regardless of whether or not the volume of their work required them to perform work outside of those hours

**REQUEST FOR ADMISSION NO. 3:** Admit that you received training about how to record your work time in the Company's timekeeping system.

**RESPONSE NO. 3:** Admitted in part, denied in part. Admitted to the extent that Plaintiff received training about how to record Plaintiff's work time but denied to the extent that the company had a practice of only paying employees for the hours they were scheduled regardless of whether or not the volume of their work required them to perform work outside of those hours

**REQUEST FOR ADMISSION NO. 4:** Admit that you received training about the requirement to report all of your work time in the Company's timekeeping system.

**RESPONSE NO. 4:** Admitted in part, denied in part. Admitted to the extent that Plaintiff received training about the requirement to report all of Plaintiff's hours worked but denied to the extent that the company had an unwritten policy and practice of only paying employees for the hours they were scheduled regardless of whether or not the volume of their work required them to perform work outside of those hours and any input of hours into the system.

**REQUEST FOR ADMISSION NO. 5:** Admit that you reported all of your work time in the Company's timekeeping system.

Page 2 of 8
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Taiwan Dickerson's Responses to Defendant's
First Set of Requests for Admission

**RESPONSE NO. 5:** Denied, I reported almost all of it but some I did not because I was discouraged by the official policy against being paid for time outside of our normal schedule.

**REQUEST FOR ADMISSION NO. 6:** Admit that you were paid for all of the work time you reported in the Company's timekeeping system.

**RESPONSE NO. 6:**  Denied.

**REQUEST FOR ADMISSION NO. 7:** Admit that you were paid for all of the time you worked for the Company.

**RESPONSE NO. 7:** Denied.

**REQUEST FOR ADMISSION NO. 8:** Admit that you knew you could report any concerns with your pay or hours worked to your manager or supervisor at the Company.

**RESPONSE NO. 8:** Objection. This Request is unduly burdensome in that Plaintiff has no duty to mitigate overtime wage damages under the FLSA. *King v. ITT Educ. Servs., Inc.*, No. 3:09-cv-848, 2009 WL 3583881, at *3 (M.D. Fla. Oct. 27, 2009) ("there is no requirement to mitigate overtime wages under the FLSA."); see also *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CV, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009) (granting a motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA, nor a duty to provide notice as to any alleged unlawful pay practice); *Lopez v. Autoserve LLC*, No. 05-C-3554, 2005 WL 3116053, at *2 (N.D. Ill. Nov. 17, 2005) (granting the plaintiff's motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA).

Page 3 of 8
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Taiwan Dickerson's Responses to Defendant's
First Set of Requests for Admission

Subject to and without waiving the foregoing objection, admitted in part, denied in part. Admitted to the extent that Plaintiff could and did complain to managers, but denied to the extent that the company had a practice of only paying employees for the hours they were scheduled regardless of whether or not they worked more, and that the managers did not address the complaints.

**REQUEST FOR ADMISSION NO. 9:** Admit that you knew you could report any concerns with your pay or hours worked to the Company's Human Resources department.

**RESPONSE NO. 9:** Objection. This Request is unduly burdensome in that Plaintiff has no duty to mitigate overtime wage damages under the FLSA. *King v. ITT Educ. Servs., Inc.*, No. 3:09-cv-848, 2009 WL 3583881, at *3 (M.D. Fla. Oct. 27, 2009) ("there is no requirement to mitigate overtime wages under the FLSA."); see also *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CV, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009) (granting a motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA, nor a duty to provide notice as to any alleged unlawful pay practice); *Lopez v. Autoserve LLC*, No. 05-C-3554, 2005 WL 3116053, at *2 (N.D. Ill. Nov. 17, 2005) (granting the plaintiff's motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA).

Subject to and without waiving the foregoing objection, admitted in part, denied in part. Admitted to the extent that Plaintiff tried to complain to HR but denied to the extent that HR told Plaintiff to go to Plaintiff's direct supervisor, Lauren, whom Plaintiff had already spoken to repeatedly about Plaintiff's concerns.

Page 4 of 8
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Taiwan Dickerson's Responses to Defendant's
First Set of Requests for Admission

**REQUEST FOR ADMISSION NO. 10:** Admit that you had the capability of recording all time you worked in the Company's timekeeping system.

**RESPONSE NO. 10:** Admitted in part, denied in part. Admitted to the extent that Plaintiff had access to the company's timekeeping system and knew how to operate it, so Plaintiff was technically capable of using it, but denied to the extent that Plaintiff was paid for anything more than what Plaintiff was scheduled.

**REQUEST FOR ADMISSION NO. 11:** Admit that you were never disciplined for recording your work time in the Company's timekeeping system.

**RESPONSE NO. 11:** Admitted in part, denied in part. Admitted to the extent that Plaintiff was not disciplined for recording Plaintiff's work time in the company's timekeeping system but denied to the extent that Plaintiff was informed that the company would only pay its employees for the hours they were scheduled.

**REQUEST FOR ADMISSION NO. 12:** Admit that you verified and approved the time you recorded in the Company's timekeeping system each pay period.

**RESPONSE NO. 12:** Admitted in part, denied in part. Admitted to the extent that regardless of whether Plaintiff worked more hours than what Plaintiff was allowed to record or not, Plaintiff was required to verify the time in order for her payroll to be processed.  This verification did not mean that Plaintiff agreed with the amount of hours she was being paid for.

**REQUEST FOR ADMISSION NO. 13:** Admit that you had the capability of submitting corrections to your work time if information in the Company's timekeeping system was inaccurate.

Page 5 of 8
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Taiwan Dickerson's Responses to Defendant's
First Set of Requests for Admission

**RESPONSE NO. 13:** Admitted in part, denied in part. Admitted to the extent that Plaintiff had access to the company's timekeeping system and knew how to operate it, so Plaintiff was technically capable of using it and technically capable of submitting corrections but denied to the extent that plaintiff was paid for any hours beyond what Plaintiff was scheduled regardless of the number of hours Plaintiff reported.

**REQUEST FOR ADMISSION NO. 14:** Admit that you have no personal knowledge of any specific hours of work performed by other Care Coordinators.

**RESPONSE NO. 14:** Admitted in part, denied in part. Admitted to the extent that Plaintiff does not have a complete personal knowledge of any specific hours of work performed by other care coordinators but denied to the extent that Plaintiff does have some knowledge of hours worked by other care coordinators which went unpaid.

**REQUEST FOR ADMISSION NO. 15:** Admit that you have no personal knowledge of whether other Care Coordinators were paid for all hours they worked.

**RESPONSE NO. 15:** Admitted in part, denied in part. Admitted to the extent that Plaintiff does not have a complete personal knowledge of whether other care coordinators were paid for all hours they worked but denied to the extent that Plaintiff does know that at least some other care coordinators were unpaid on occasion for the hours they worked.

**REQUEST FOR ADMISSION NO. 16:** Admit that you were not employed by Centene Corporation.

**RESPONSE NO. 16:** Objection, the employer status of Centene Corporation is a legal question and is inappropriate for a Request for Admission.  Subject to the foregoing objection, denied.

Page 6 of 8
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Taiwan Dickerson's Responses to Defendant's
First Set of Requests for Admission

Respectfully submitted,

**PLAINTIFF KIM KING-MACON**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 7 of 8
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Taiwan Dickerson's Responses to Defendant's
First Set of Requests for Admission

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 31st day of August, 2022, a true and correct copy of the above and foregoing was sent via email to the following attorney of record:

Breanne Sheetz Martell, Esq.
LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101
Telephone: 206-623-3300
Facsimile: 206-447-6965
bsmartell@littler.com

Patricia J. Martin, Esq.
LITTLER MENDELSON P.C.
600 Washington Avenue, Suite 900
St. Louis, MO 63101
Telephone:  314-659-2000
Facsimile: 314-659-2099
pmartin@littler.com

Eva C. Madison, Esq.
*Admitted Pro Hac Vice*
LITTLER MENDELSON, P.C.
2600 Candlewood Drive
Fayetteville, AR 72703
Telephone: 479-582-6102
Facsimile: 479-582-6111
emadison@littler.com

/s/ Josh Sanford
**Josh Sanford**

Page 8 of 8
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Taiwan Dickerson's Responses to Defendant's
First Set of Requests for Admission