Exhibit X

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**TAIWAN DICKERSON, KIM KING-MACON, and TIFFANY RUSSELL**                                    **PLAINTIFFS**

vs.                                    No. 4:22-cv-519-HEA

**CENTENE MANAGEMENT COMPANY, LLC, and CENTENE CORPORATION**                                    **DEFENDANTS**

## PLAINTIFF TIFFANY RUSSELL'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

Plaintiff Tiffany Russell ("Plaintiff"), by and through Plaintiffs' attorney Josh Sanford of Sanford Law Firm, PLLC, hereby submits his Responses to Defendants' First Set of Requests for Admission, and states as follows:

### REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that the Company had a written policy prohibiting you from performing work off-the-clock.

**RESPONSE NO.1:** Admitted in part, denied in part. Admitted to the extent that the company had a written policy prohibiting employees from performing work off-the-clock but denied to the extent that the company had a practice of only paying employees for the hours they were scheduled regardless of whether or not the volume of their work required them to perform work outside of those hours. Plaintiff further denies this was the Company policy the entire time she was employed.

Page 1 of 7
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Tiffany Russell's Responses to Defendants'
First Set of Requests for Admission

Exhibit 0027

**REQUEST FOR ADMISSION NO. 2:** Admit that the Company had a written policy requiring you to report all of the time you worked.

**RESPONSE NO. 2:** Denied. I was told to just report my 40 hours per week.

**REQUEST FOR ADMISSION NO. 3:** Admit that you received training about how to record your work time in the Company's timekeeping system.

**RESPONSE NO. 3:** Denied, I had to figure it out myself or with coworkers.

**REQUEST FOR ADMISSION NO. 4:** Admit that you received training about the requirement to report all of your work time in the Company's timekeeping system.

**RESPONSE NO. 4:** Admitted in part, denied in part. Admitted to the extent that Plaintiff received training about the requirement to report all of Plaintiff's hours worked but denied to the extent that the company had an unwritten policy and practice of only paying employees for the hours they were scheduled regardless of whether or not the volume of their work required them to perform work outside of those hours.

**REQUEST FOR ADMISSION NO. 5:** Admit that you reported all of your work time in the Company's timekeeping system.

**RESPONSE NO. 5:** Denied. I reported my 40 hours, but nothing after those 40 hours.

**REQUEST FOR ADMISSION NO. 6:** Admit that you were paid for all of the work time you reported in the Company's timekeeping system.

**RESPONSE NO. 6:** Admitted, but only for the 40 hours I reported each week.

**REQUEST FOR ADMISSION NO. 7:** Admit that you were paid for all of the time you worked for the Company.

**RESPONSE NO. 7:** Denied.

Page 2 of 7
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Tiffany Russell's Responses to Defendants'
First Set of Requests for Admission

**REQUEST FOR ADMISSION NO. 8:** Admit that you knew you could report any concerns with your pay or hours worked to your manager or supervisor at the Company.

**RESPONSE NO. 8:** Objection. This Request is unduly burdensome in that Plaintiff has no duty to mitigate overtime wage damages under the FLSA. *King v. ITT Educ. Servs., Inc.*, No. 3:09-cv-848, 2009 WL 3583881, at *3 (M.D. Fla. Oct. 27, 2009) ("there is no requirement to mitigate overtime wages under the FLSA."); see also *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CV, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009) (granting a motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA, nor a duty to provide notice as to any alleged unlawful pay practice); *Lopez v. Autoserve LLC*, No. 05-C-3554, 2005 WL 3116053, at *2 (N.D. Ill. Nov. 17, 2005) (granting the plaintiff's motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA).

Subject to and without waiving the foregoing objection, admitted in part, denied in part. Admitted to the extent that Plaintiff knew she could report concerns but denied to the extent that she was made to feel fearful of retaliation if she did so and the company had a practice of only paying employees for the hours they were scheduled regardless of whether or not the volume of their work required them to perform work outside of those hours.

**REQUEST FOR ADMISSION NO. 9:** Admit that you knew you could report any concerns with your pay or hours worked to the Company's Human Resources department.

Page 3 of 7
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Tiffany Russell's Responses to Defendants'
First Set of Requests for Admission

**RESPONSE NO. 9:** Objection. This Request is unduly burdensome in that Plaintiff has no duty to mitigate overtime wage damages under the FLSA. *King v. ITT Educ. Servs., Inc.*, No. 3:09-cv-848, 2009 WL 3583881, at *3 (M.D. Fla. Oct. 27, 2009) ("there is no requirement to mitigate overtime wages under the FLSA."); see also *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CV, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009) (granting a motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA, nor a duty to provide notice as to any alleged unlawful pay practice); *Lopez v. Autoserve LLC*, No. 05-C-3554, 2005 WL 3116053, at *2 (N.D. Ill. Nov. 17, 2005) (granting the plaintiff's motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA).

Subject to and without waiving the foregoing objection, Denied.

**REQUEST FOR ADMISSION NO. 10:** Admit that you had the capability of recording all time you worked in the Company's timekeeping system.

**RESPONSE NO. 10:** Admitted in part, denied in part. Admitted to the extent that Plaintiff had access to the company's timekeeping system and knew how to operate it, so Plaintiff was technically capable of using it, but denied to the extent that Plaintiff was paid for anything more than what Plaintiff was scheduled.

**REQUEST FOR ADMISSION NO. 11:** Admit that you were never disciplined for recording your work time in the Company's timekeeping system.

**RESPONSE NO. 11:** Admitted in part, denied in part. Admitted to the extent that Plaintiff was not disciplined for recording Plaintiff's work time in the company's

Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Tiffany Russell's Responses to Defendants'
First Set of Requests for Admission

timekeeping system but denied to the extent that Plaintiff was informed that the company would only pay its employees for the hours they were scheduled.

**REQUEST FOR ADMISSION NO. 12:** Admit that you verified and approved the time you recorded in the Company's timekeeping system each pay period.

**RESPONSE NO. 12:** Admitted in part, denied in part. Admitted to the extent that regardless of whether Plaintiff worked more hours than what Plaintiff was allowed to record or not, Plaintiff was required to approve Plaintiff's time record in order to have Plaintiff's payroll processed. Denied as to whether this verification constituted an approval of Defendant's policy not to pay Plaintiff for all time worked, or a confirmation that such pay constituted all the pay Plaintiff was owed.

**REQUEST FOR ADMISSION NO. 13:** Admit that you had the capability of submitting corrections to your work time if information in the Company's timekeeping system was inaccurate.

**RESPONSE NO. 13:** Admitted in part, denied in part. Admitted to the extent that Plaintiff had access to the company's timekeeping system and knew how to operate it, so Plaintiff was technically capable of using it and technically capable of submitting corrections but denied to the extent that plaintiff was paid for any hours beyond what Plaintiff was scheduled regardless of the number of hours Plaintiff reported.

**REQUEST FOR ADMISSION NO. 14:** Admit that you were not employed by Centene Corporation.

**RESPONSE NO. 14:** Denied.

Page 5 of 7
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Tiffany Russell's Responses to Defendants'
First Set of Requests for Admission

Respectfully submitted,

**PLAINTIFF TIFFANY RUSSELL**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 6 of 7
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Tiffany Russell's Responses to Defendants'
First Set of Requests for Admission

## **CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify that on the 7th day of February, 2024, a true and correct copy of the above and foregoing was sent via email to the following attorney of record:

Breanne Sheetz Martell, Esq.
LITTLER MENDELSON P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101
Telephone: 206-623-3300
Facsimile: 206-447-6965
bsmartell@littler.com

Patricia J. Martin, Esq.
LITTLER MENDELSON P.C.
600 Washington Avenue, Suite 900
St. Louis, MO 63101
Telephone:  314-659-2000
Facsimile: 314-659-2099
pmartin@littler.com

Eva C. Madison, Esq.
*Admitted Pro Hac Vice*
LITTLER MENDELSON, P.C.
2600 Candlewood Drive
Fayetteville, AR 72703
Telephone: 479-582-6102
Facsimile: 479-582-6111
emadison@littler.com

                                                    */s/ Josh Sanford*
                                                    **Josh Sanford**

Page 7 of 7
Taiwan Dickerson, et al. v. Centene Management Company, LLC, et al.
U.S.D.C. (E.D. Mo.) No. 4:22-cv-519-HEA
Plaintiff Tiffany Russell's Responses to Defendants'
First Set of Requests for Admission