**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **TAIWAN DICKERSON, KIM KING-MACON, and TIFFANY RUSSELL,** | |
| **Plaintiffs,** | **Case No. 4:22-cv-00519-HEA** |
| **vs.** | |
| **CENTENE MANAGEMENT COMPANY, LLC, and CENTENE CORPORATION,** | |
| **Defendants.** | |

**JOINT MOTION TO APPROVE SETTLEMENT
AND DISMISS WITH PREJUDICE**

## I.     INTRODUCTION

Plaintiff Taiwan Dickerson, Plaintiff Kim King Macon, Plaintiff Tiffany Russell, and Defendants (collectively, the "Parties") have reached a settlement in this lawsuit (the "Action"). The Parties' settlement resolves all of Plaintiffs' individual claims including those made under the Fair Labor Standards Act ("FLSA"). The settlement does not resolve the claims of any putative collective members, as no collective was conditionally certified, and the First Amended Substituted Complaint was filed only on behalf of Dickerson, King Macon, and Russell. The Parties, through experienced counsel, have engaged in discovery, motion practice, and arms-length negotiations through mediation. The negotiations resulted in a fair and reasonable settlement which resolved a *bona fide* dispute between the Parties. Accordingly, the Parties respectfully request the Court approve the Parties' Settlement Agreement (herein "Agreement"), attached as Exhibit 1.

## II.     PROCEDURAL BACKGROUND

Plaintiffs Dickerson and King-Macon originally filed this Action as a collective action on May 12, 2022. (ECF 1). Plaintiffs initially alleged Defendants failed to pay Plaintiffs one and one-

half times their regular rate for all hours worked in excess of 40 hours per week in violation of the Fair Labor Standards Act (FLSA). (ECF 1). On July 26, 2022, Plaintiff Russell filed her consent to join the collective action. On October 18, 2022, Plaintiffs filed a Motion for Conditional Certification, to which Defendants responded and Plaintiffs replied. (ECF 28, 29, 41, 42). The Court entered an Opinion and Memorandum and Order denying Plaintiffs' Motion for Conditional Certification on September 22, 2023. (ECF 46). On October 20, 2023, Plaintiffs Dickerson, King Macon, and Russell filed a First Amended and Substituted Complaint asserting against Defendants individual claims for allegedly unpaid overtime. (ECF 53). Defendants took the depositions of all Plaintiffs, and the parties exchanged written discovery.

On May 1, 2024, Defendants filed a Motion for Summary Judgment. (ECF 61, 62, 63). On May 3, 2024, the parties mediated pursuant to the Court's Order Referring Case to ADR for mediation. Prior to mediation, Defendants produced over 1,200 pages of documents including Excel spreadsheets containing time, pay, and activity logs. The Parties submitted mediation statements outlining their respective positions supported by facts, exhibits, and legal arguments. Mediation was held on May 3, 2024 with respected neutral Frank Neuner, which resulted in a settlement being reached. All terms of the Settlement are set forth in the Agreement. (Exhibit 1).

III.     **THE FLSA SETTLEMENT IS FAIR AND REASONABLE AND SHOULD BE APPROVED BY THE COURT**

Courts in the Eighth Circuit have routinely held that a district court may approve an FLSA settlement upon a determination "that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *See, e.g.*, *Boland v. Baue Funeral Home Co.*, 2015 WL 7300507, at *2 (E.D. Mo. Nov. 18, 2015) (noting unsettled law about whether approval is required, but explaining that absence of Court approval would leave the parties in an uncertain position). *See also, e.g., Meller v. Bank of the West*, 2018 WL 5305562, at *8 (S.D. Iowa

Sept. 10, 2018); *Shackleford v. Cargill Meat Solutions Corp.*, 2013 WL 209052, at \*2 (W.D. Mo. Jan. 17, 2013) (same).[1]

Here, the Parties' Agreement resolves *bona fide* disputes between the Parties and is fair and equitable to all involved. Additionally, Plaintiffs represent, and Defendants do not oppose, that the attorneys' fees and costs as part of the FLSA settlement are reasonable.

## A.    The Proposed Settlement Resolves a Bona Fide Dispute Between the Parties

"A settlement addresses a bona fide dispute when it reflects a reasonable compromise over issues that are actually in dispute." *Stainbrook v. Minnesota Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017). Here, the settlement resolves a clear and actual dispute between the Parties and the Agreement resolves that dispute through reasonable compromise. Settlement was a direct result of the mediation. Preceding the Agreement were months of litigation and motion practice specific to the merits of Plaintiffs' claims.

From the Action's initiation, litigation has demonstrated the existence of a *bona fide* dispute. Plaintiffs assert they worked hours outside of their regular work schedules for which they were not compensated. Defendants maintain that they had policies and procedures regarding proper timekeeping, of which Plaintiffs were aware, that Plaintiffs were paid for all hours they

---

[1] The Eighth Circuit has noted the existence of a circuit split but has never taken a side on the issue of whether 29 U.S.C. § 216 actually requires judicial approval of all FLSA settlements. *See, e.g.*, *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019) ("There is a circuit split on whether . . . to require judicial approval of all FLSA settlements. . . We have never taken a side on this issue. . . . [W]e need not decide our view on the circuit split today."). Generally, the accepted practice in this Circuit is to assume without deciding that the district court has a duty to exercise some level of review of any proposed FLSA settlement. *See, e.g.*, *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("[W]e will assume without deciding that the district court has a duty to exercise some level of review of the [proposed FLSA Settlement] Agreement and the attorneys' fee award."); *Johnson v. Thomson Reuters*, 2019 WL 1254565, at \*2 n.1 (D. Minn. Mar. 19, 2019) (noting that "[i]t is not entirely clear whether court approval is necessary," but proceeding to evaluate the parties' proposed FLSA collective action settlement to ensure it "is a fair and reasonable resolution of [a] bona fide dispute"); *Jones v. Synergies3 Tec Services*, 2018 WL 6727061, at \*1-2 (E.D. Mo. Dec. 21, 2018) (same).

recorded (including overtime hours outside of their regular work schedules), and that Defendants had no knowledge of any hours Plaintiffs allegedly worked for which they were not compensated. The Parties do not agree how any potential damages would be calculated, including the applicable period of time, number of hours worked, and the validity of liquidated damages. The Parties analyzed their respective risk and ultimately determined that settlement was in their best interest.

The extensive litigation history and participation in the mediation demonstrates a *bona fide* dispute exists between the Parties. Accordingly, the Court should find that the threshold requirement of a *bona fide* dispute is established.

### B.    The Proposed Settlement is Fair and Reasonable

After establishing the existence of a *bona fide* dispute between the parties, the Court then considers whether the proposed settlement is fair and reasonable. Here, after considering the totality of the circumstances leading to this settlement, the Parties believe it is fair and reasonable.

When determining whether a proposed FLSA settlement is fair and reasonable, the Eighth Circuit recently endorsed a "totality of the circumstances" approach, including the consideration of five factors that may be relevant to a district court's evaluation of an FLSA settlement. *See Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) (citing with approval *Stainbrook*, 239 F. Supp. 3d at 1126) (identifying five of the many factors a district court may consider "[t]o determine whether settlement terms are fair and equitable to all parties"). This approach ensures "the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights." *King v. Raineri Constr., LLC*, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015)(citing *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)).

The five factors a court considers when determining the reasonableness of an FLSA settlement are: "(1) the stage of the litigation and the amount of discovery exchanged, (2) the

4

experience of counsel, (3) the probability of the plaintiff's success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case." *Stainbrook*, 239 F. Supp. 3d at 1126 (citing *King*, 2015 WL 631253, at \*2).

Before analyzing the five factors supporting the Agreement's fairness, the Parties note that the Settlement is presumptively valid because it was negotiated at arm's length by experienced counsel with the assistance of a highly regarded mediator, Frank Neuner. *See, e.g.*, *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999) ("A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor."); *Meller*, 2018 WL 5305562, at \*6 (holding that settlement was presumptively valid, given, among other things, "the arm's length negotiations supervised by experienced class action mediator" and "the substantial experience of both plaintiff and defense attorneys").

Irrespective of the Agreement's presumptive validity, each of the five factors used to evaluate an FLSA settlement all weigh in favor of this Court finding it to be fair and reasonable. First, the Parties engaged in substantial litigation preceding the mediation. Plaintiffs filed a Motion for Conditional Certification, which the Court denied, Defendants took all three Plaintiffs' depositions, the parties engaged in written discovery, and Defendants produced over 1,200 pages of documents which provided Plaintiffs sufficient information to evaluate the claims, defenses, risk, and potential damages, and Defendants filed a Motion for Summary Judgment. (ECF 1, 28, 29, 41, 42, 46, 53, 61, 62, and 63). Accordingly, the first element is met.

Next, each of the Parties benefited from experienced counsel throughout this litigation. Each attorney participating in this matter is experienced in litigating and resolving complex wage and hour disputes and FLSA claims. Each side was afforded an opportunity, through competent counsel, to

present arguments, analyze risk, and determine the likelihood of success. The resolution was reached after extensive litigation, serious negotiation, and compromise by the Parties, so there is no indication of overreaching.

The final factor, probability of success on the merits, also favors approval of the Agreement. While the Parties remain steadfast in their belief of success, they acknowledge risks remain. Defendants are confident the arguments in their Motion for Summary Judgment would be successful, but recognize the outcome of any case can be uncertain. The settlement fairly compensates Plaintiffs and eliminates the possibility of uncertainty in the resolution on summary judgment, at trial, or on appeal. The benefit Plaintiffs will immediately receive is a significant factor weighing in favor of the Court's approval of the proposed Agreement. Plaintiffs will receive a sum representing a reasonable amount of potential damages based on the testimony and documentary evidence in this case.[2] This is a fair result, given the facts and Defendants' strong opposition to Plaintiffs recovering any amounts.

Accordingly, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the Parties' motion.

## IV.   PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND EXPENSES IS REASONABLE

The FLSA requires courts to award reasonable attorneys' fees to successful plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the

---

[2] The wage amounts being paid to Plaintiffs are what the parties agreed would be reasonable, considering the length of time Plaintiffs were employed and the evidence relating to their claims. Plaintiffs are also receiving an equal amount in non-wages, as consideration for a release of liquidated damages and their general release. In Defendants' view, this is generous given the records and testimony in this case cannot establish Plaintiffs worked any overtime for which they were not compensated. In addition, summary judgment was recently granted against Plaintiffs Dickerson and King Macon in another case brought against Defendants under the FLSA. *See Laertha Banks, et al. v. Centene Management Company, et al.*, Case No. 4:21-cv-429-DPM (E.D. Ark. 2024).

plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Generally, "[t]he amount of the fee . . . must be determined on the facts of each case," and "[i]t remains for the district court to determine what fee is reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 429, 433 (1983).

The Eight Circuit recently directed district courts to afford "a certain level of deference" when reviewing the amount of attorneys' fees a defendant agrees to pay in an FLSA settlement. *Melgar*, 902 F.3d at 779. As the court explained, any process of reviewing and approving stipulated attorneys' fees in the event of a settlement is more deferential than resolving attorneys' fees in a disputed case." *Id.* at 780 (citing *Hensley*, 461 U.S. at 437). "[A]ny review by the district court [of the agreed-upon attorneys' fees] is light" and should receive court approval so long as "the award is not outside the range of what would be approved." *Id.*

As part of the FLSA settlement in this case, Plaintiffs' counsel will receive a modest amount in attorneys' fees and litigation costs. (*See* Exhibit 1, § 2(g)). Given the litigation history, Plaintiffs' counsel has agreed to accept a discounted amount for their work on the case. Considering the amount in controversy, the material facts, prior litigation, and the mediation, the agreement on attorneys' fees is reasonable.

## V.   CONCLUSION

For all the above reasons, the Parties submit that the settlement warrants approval in full. Accordingly, the Parties request the Court to grant this motion and sign and enter the accompanying proposed order approving the settlement.

Respectfully submitted this 30th day of May, 2024.

| Respectfully submitted, | |
|---|---|
| *s/ Josh Sanford* | *s/ Natalie J. Storch* |
| Josh Sanford | Patricia J. Martin |

| | |
|---|---|
| Admitted Pro Hac Vice<br>josh@sanfordlawfirm.com<br>SANFORD LAW FIRM, PLLC<br>Kirkpatrick Plaza<br>10800 Financial Centre Pkwy, Suite 510<br>Little Rock, Arkansas 72211<br>Telephone: (800) 615-4946<br>Facsimile: (888) 787-2040<br><br>ATTORNEYS FOR PLAINTIFFS | MO Bar No. 57420<br>pmartin@littler.com<br>LITTLER MENDELSON, P.C.<br>600 Washington Avenue, Suite 900<br>St. Louis, Missouri 63101<br>Telephone: (314) 659-2000<br>Facsimile: (314) 659-2099<br><br>Breanne Sheetz Martell<br>Admitted Pro Hac Vice<br>WA Bar No. 39632<br>bsmartell@littler.com<br>LITTLER MENDELSON, P.C.<br>One Union Square<br>600 University Street, Suite 3200<br>Seattle, Washington 98101<br>Telephone: (206) 623-3300<br>Facsimile: (206) 447-6965<br><br>Eva C. Madison<br>Admitted Pro Hac Vice<br>Ark. Bar No. 98183<br>emadison@littler.com<br>LITTLER MENDELSON, P.C.<br>217 E. Dickson St., Suite 204<br>Fayetteville, Arkansas 72701<br>Telephone: (479) 582-6100<br>Facsimile: (479) 582-6111<br><br>Natalie J. Storch<br>Admitted Pro Hac Vice<br>Florida Bar No. 0269920<br>Email: njstorch@littler.com<br><br>LITTLER MENDELSON P.C.<br>111 North Orange Avenue, Suite 1750<br>Orlando, FL  32801.2366<br>Telephone:     407.393.2900<br>Facsimile:     407.393.2929<br><br>ATTORNEYS FOR DEFENDANTS |

## CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of May, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to be served by operation of the Court's electronic filing system upon the following:

Josh Sanford
Admitted Pro Hac Vice
josh@sanfordlawfirm.com
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211

*Attorneys for Plaintiff*

*/s/ Natalie J. Storch*
Natalie J. Storch

4884-4228-9091.1 / 095402-1034