# EXHIBIT "1"

Case: 4:22-cv-00519-HEA   Doc. #: 66-1   Filed: 05/30/24   Page: 1 of 11 PageID #: 1441

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made by and between Taiwan Dickerson ("Dickerson"), Kim King Macon ("King Macon"), and Tiffany Russell ("Russell") (referred to collectively as "Plaintiffs"), and Centene Management Company, LLC, and Centene Corporation (collectively referred to as the "Company") (Plaintiffs and the Company are collectively referred to as "the Parties").

WHEREAS, Plaintiffs have filed a lawsuit against Centene Management Company, LLC, and Centene Corporation in the United States District Court for the Eastern District of Missouri, styled *Taiwan Dickerson, et al. v. Centene Management, et al.*, Case Number 4:22-CV-00519-HEA, alleging wage-and-hour claims under the federal Fair Labor Standards Act (the "Matter");

WHEREAS, the Parties have conducted a thorough investigation into the facts of the Matter and Plaintiffs' disputed claims against the Company, and have engaged in extensive settlement discussions, including a full-day mediation, to discuss a possible resolution of the Matter;

WHEREAS, Plaintiffs and the Company wish to resolve all controversies between them, including, but not limited to, those arising out of Plaintiffs' employment with the Company, amicably and expeditiously, without admission of liability or wrongdoing by the Company;

NOW, THEREFORE, in consideration of the mutual promises, covenants, and agreements herein, the adequacy and sufficiency of which are hereby acknowledged, the Company and Plaintiffs do hereby promise, covenant, and agree as follows:

1. **RECITALS.** The foregoing recitals are true and correct and are incorporated herein by reference.

2. **CONSIDERATION FROM COMPANY.** In consideration for the execution of this agreement by Plaintiffs and the release contained herein, which form the material part of this Agreement, and the performance by the Parties of all terms and conditions set forth herein, Company shall pay to Plaintiffs the total Settlement Sum of Ten Thousand Dollars (**$10,000.00**) as follows:

    a. A check, payable to Dickerson, in the amount of One Thousand, Five Hundred Dollars ($1,500.00), subject to deductions for state and federal withholding tax, social security, and other employee tax deductions, in exchange for a release of wage claims. Dickerson shall provide Company a completed current IRS Form W-4, and Dickerson will be issued an IRS Form W-2 for this portion of the Settlement Sum;

    b. A check, payable to Dickerson, in the amount of One Thousand, Five Hundred Dollars ($1,500.00), in exchange for a release of non-wage claims. Dickerson shall provide Company a completed IRS Form W-9, and Dickerson will be issued an IRS Form 1099-MISC for this portion of the Settlement Sum;

    c. A check, payable to Russell, in the amount of One Thousand, One Hundred Twenty-Five Dollars ($1,125.00), subject to deductions for state and federal withholding tax, social security, and other employee tax deductions, in exchange for a release of wage claims. Russell shall provide Company a completed current IRS Form W-4, and Russell will be issued an IRS Form W-2 for this portion of the Settlement Sum;

1

    d. A check, payable to Russell, in the amount of One Thousand, One Hundred Twenty-Five Dollars ($1,125.00), in exchange for a release of non-wage claims. Russell shall provide Company a completed IRS Form W-9, and Russell will be issued an IRS Form 1099-MISC for this portion of the Settlement Sum;

    e. A check, payable to King Macon, in the amount of Three Hundred Seventy-Five Dollars ($375.00), subject to deductions for state and federal withholding tax, social security, and other employee tax deductions, in exchange for a release of wage claims. King Macon shall provide Company a completed current IRS Form W-4, and King Macon will be issued an IRS Form W-2 for this portion of the Settlement Sum;

    f. A check, payable to King Macon, in the amount of Three Hundred Seventy-Five Dollars ($375.00), in exchange for a release of non-wage claims. King Macon shall provide Company a completed IRS Form W-9, and King Macon will be issued an IRS Form 1099-MISC for this portion of the Settlement Sum; and

    g. A check in the amount of Four Thousand Dollars ($4,000.00) to compensate for Plaintiffs' attorneys' fees and costs, payable to Sanford Law Firm PLLC. The firm will provide a completed IRS Form W-9 for the firm to the Company and IRS Forms 1099-MISC shall be issued to Plaintiffs and Sanford Law Firm PLLC for all amounts paid as attorneys' fees and/or costs.

The Settlement Sum payments shall be delivered to Plaintiffs' counsel at Sanford Law Firm PLLC within 30 days after the Court has granted approval of the settlement, so long as neither Dickerson nor King Macon nor Russell exercises his or her right to revoke this Agreement, and upon satisfaction of the following conditions precedent:

    a. Receipt by Company of this Agreement executed by Dickerson, King Macon, and Russell;

    b. Receipt by Company of the current IRS Forms W-4 and W-9 fully completed and executed by Dickerson, King Macon, and Russell; and

    c. Plaintiffs acknowledge that the Company is not obligated to make the Settlement Sum payments unless they agree to the terms in this Agreement and the Court approves the settlement and dismisses the Matter with prejudice.

The foregoing consideration is in full and final settlement and resolution of any and all claims which Plaintiffs have, had or might have against Company arising out of or in any way connected with matters or disputes related to Plaintiffs' employment and the end of their employment, as of the date of the execution of this Agreement, including any claims for attorneys' fees. It is expressly agreed that the payments set forth in the Settlement Sum are not benefits to which Plaintiffs are otherwise entitled without acceptance of this Agreement and fulfillment of the promises contained therein.

Plaintiffs will be solely responsible for paying any amounts due to any governmental taxing authority as a result of Settlement Sum under Paragraph 2 of this Agreement, except as specifically agreed to in this Paragraph. Plaintiffs agree to indemnify Company in the event that any governmental taxing authority asserts against Company any claim for unpaid taxes, failure to withhold taxes, penalties or

Doc ID: 9e8e768add32dd39b68344369124eb85a097e5a4

interest based upon the allocation and payment of the consideration under this Agreement. In paying the amounts specified in Paragraph 2, Company makes no representation regarding the tax consequences or liability arising from said payments. Plaintiffs have not relied upon any advice from Company and/or its attorneys as to the allocation of the payments under this Agreement for any tax or any other purposes, or regarding tax withholding or the ultimate taxability of the payments, whether pursuant to federal, state or local income tax laws statutes or otherwise.

3.  **FULL AND FINAL RELEASE** Dickerson, King Macon, and Russell, for their attorneys, heirs, executors, administrators, successors and assigns, release and forever discharge Company and any and all related, parent, subsidiary, acquired, predecessor, successor, subsidiary, or otherwise affiliated entities, including but not limited to Centene Corporation and Centene Management Company, LLC, as well as their officers, directors, agents, representatives and employees ("the Released Parties" also collectively and individually referred to as "Company") from and against any and all liabilities, claims, grievances, demands, charges, complaints, actions and causes of action whatsoever (collectively, "Claims"), whether known or unknown, which arose prior to and through the date Dickerson, King Macon, and Russell sign this Agreement, including, but not limited to, any and all Claims for discrimination, harassment, retaliation, failure to accommodate or other Claims arising under or pursuant to Title VII of the Civil Rights Act of 1964; the Family and Medical Leave Act; the Americans With Disabilities Act of 1990; the Employee Retirement Income Security Act of 1974; the National Labor Relations Act (NLRA); the Fair Labor Standards Act (FLSA) and applicable state and municipal law (including common law, statutes, ordinances, and regulations) for claims for minimum wages, overtime wages, or wages of any type, recordkeeping claims, meal and rest break claims, untimely payment claims, wage statement claims, and unfair competition claims; any and all other federal, state or local statues, regulations, and/or ordinances, as well as any claims for alleged wrongful discharge, negligent or intentional infliction of emotional distress, breach of contract, whistleblowing, whistleblower retaliation, wrongful termination in violation of public policy, public policy retaliation, tort, fraud, or any other unlawful behavior, the existence of which is specifically denied by Company, including but not limited to and any claims related to any of the foregoing for liquidated, exemplary, or punitive damages or penalties, equitable relief, interest, and attorneys' fees and costs. Dickerson, King Macon, and Russell further waive and release any and all rights to become, and agree not to consent to become, a member of any class or collective action or multi-party action or proceeding in which claims are asserted against the Released Parties that are related in any way to Plaintiffs' employment with the Released Parties. Nothing in this Agreement, however, is intended to waive Claims (i) for vested benefits under any pension or 401(k) plan or other ERISA-governed benefit plan provided by Company, (ii) for unemployment or workers' compensation benefits, (iii) that may arise after Plaintiffs sign this Agreement; and (iv) which cannot be released by private agreement.

4.  **NO OTHER CLAIMS.** Other than the Matter, Dickerson, King Macon, and Russell represent and affirm that as of the date they execute this Agreement, they have not filed, caused to be filed, and are not presently a party to any claim, complaint, or action against Company or Released Parties, including any lawsuit, arbitration, or agency complaint.

5.  **PROTECTED RIGHTS.** Nothing in this Agreement, including but not limited to the full and final release of claims, promise not to sue, representations, return of company property, confidential information, no disparagement, and confidentiality of agreement provisions: (i) limits the rights of any governmental agency or prevents Plaintiffs from communicating with, filing a charge or complaint with, cooperating with, or otherwise participating in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, National Labor Relations Board, the Securities and Exchange Commission, the Department of Justice, and/or any other any federal, state or local agency

3

charged with the enforcement of any laws, including providing documents or any other information, or (ii) prevents a non-management, non-supervisory employees from engaging in protected concerted activity under section 7 of the NLRA or similar state law such as joining, assisting, or forming a union, bargaining, picketing, striking, or participating in other activity for mutual aid or protection, or refusing to do so; this includes using or disclosing information acquired through lawful means regarding wages, hours, benefits, or other terms and conditions of employment, except where the information was entrusted to the employee in confidence by the Company as part of the employee's job duties. By signing this Agreement, Dickerson, King Macon, and Russell are waiving rights to individual relief (including back pay, front pay, reinstatement or other legal or equitable relief) in any proceeding brought by Dickerson or King Macon or Russell on their behalf by any third party, to the extent permitted by law, except for any right Dickerson, King Macon, and Russell may have to receive a payment or award from a government agency for information provided to the government agency or otherwise where prohibited.

6. **REPRESENTATIONS.** By signing below, Dickerson, King Macon, and Russell confirm and agree that as of the date of execution of this Agreement, (i) Dickerson, King Macon, and Russell have been paid all accrued wages, unused accrued Paid Time Off to the extent required by law, and other similar payroll related benefits and compensation due as a result of Dickerson's, King Macon's, and Russell's employment, including but not limited to wages, overtime, vacation, sick leave, commissions, bonuses and reimbursable expenses; (ii) Dickerson, King Macon, and Russell have reported and been paid for all hours worked and that Dickerson, King Macon, and Russell were given the opportunity to take all paid sick leave available pursuant to state or local law, (iii) Company does not owe, and shall not owe Dickerson, King Macon, and Russell any further compensation, payments, commissions, bonuses, incentive compensation, equity participation, or benefits of any kind, except as provided in this Agreement, (iv) the Settlement Sum does not represent any modification of previously credited hours of service, earnings, or other eligibility criteria under any employee benefit plan sponsored by Company, and (v) Dickerson, King Macon, and Russell have had the opportunity to provide Company with written notice of any and all concerns regarding suspected ethical and compliance issues or violations on the part of Company or any other Released Parties, and to the extent Dickerson, King Macon, and Russell are aware of any such misconduct, Dickerson, King Macon, and Russell have reported it to appropriate Company personnel. Dickerson, King Macon, and Russell acknowledge that the Company is relying on the accuracy of these representations as a material term to this Agreement.

7. **CONFIDENTIAL INFORMATION AND COMPANY PROPERTY.**

a. Confidential Information. As further exchange for the consideration provided above, Dickerson, King Macon, and Russell acknowledge that in their positions with Company, they may have obtained confidential business and proprietary information regarding Company and may have also been bound by one or more non-disclosure or confidentiality agreements. Dickerson, King Macon, and Russell agree that they have not disclosed and will not disclose to anyone outside the Company any trade secret or confidential information concerning Company's products or services, including but not limited to business plans, strategic directions, accounts payable, contracts with or to providers, and financial data regarding Company's performance. Confidential Information does not include information lawfully acquired by a non-management employee about wages, hours or other terms and conditions of employment if used by them for purposes protected by section 7 of the National Labor Relations Act (the NLRA) such as joining or forming a union, engaging in collective bargaining, or engaging in other concerted activity for their mutual aid or protection. Dickerson, King Macon, and

Doc ID: 9e8e768add32dd39b68344369124eb85a097e5a4

Russell further agree that they have not improperly disclosed and will not disclose any Protected Health Information about Company's members or employees. Dickerson, King Macon, and Russell further represent that any papers, letters, records, files, computer disks, and other documents or materials containing such trade secrets or confidential technical information belonging to Company that are in Dickerson's or King Macon's or Russell's possession or control have been returned to Company and that Dickerson, King Macon, and Russell have provided all passwords necessary for access to encrypted information. Dickerson, King Macon, and Russell also agree to maintain strict confidentiality and will not use for any purpose any passwords, software, or any information of any kind concerning Company's computer system. The Parties confirm that each is aware of the limitations imposed under the law, including but not limited to under the Computer Fraud and Abuse Act, 18 USC § 1030, the Stored Wire & Electronic Communications Act, 18 USC §2701 et seq, and the Economic Espionage Act of 1996, 18 USC §670, and understand the penalties for violating any of those provisions.

b. Return of Company Property. Dickerson, King Macon, and Russell have returned, or shall return within five (5) business days of their execution of this Agreement (and have not retained any copies in any form) all Company documents and information (including all Confidential Information and any other information stored on personally owned computer hard drives, portable storage devices or other format). Dickerson, King Macon, and Russell have also returned all tangible items that belong to Company including but not limited to ID badges, cell phones, tablets, computers, software, equipment, vehicles, or other property belonging to Company.

c. Defend Trade Secrets Act Notice to Dickerson, King Macon, and Russell. Notwithstanding the foregoing, Dickerson, King Macon, and Russell understand that as provided by the Federal Defend Trade Secrets Act, Dickerson, King Macon, and Russell will not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (A) is made (i) in confidence to a federal, state or local government official, either directly or indirectly, or to an attorney, and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. In addition, if Dickerson or King Macon or Russell files a lawsuit for retaliation by Company for reporting a suspected violation of law, Dickerson, King Macon, and Russell may disclose the trade secret to their attorney and use the trade secret information in the court proceeding if they file any document containing the trade secret under seal and do not disclose the trade secret except pursuant to court order.

8. **COMPLETE TERMINATION OF EMPLOYMENT RELATIONSHIP.** Except as set forth above, Dickerson, King Macon, and Russell and Company agree that this Agreement terminates all aspects of the relationship between them for all time. Dickerson, King Macon, and Russell acknowledge both that they do not and will not seek reinstatement, future employment, or return to active status with Company or any Released Parties and that Company and/or the Released Parties have no obligation to reinstate, employ, re-employ, or otherwise engage or consider Dickerson or King Macon or Russell for such engagement in the future. This provision also precludes Dickerson, King Macon, and Russell from performing services for Company and/or the Released Parties as a temporary, leased, outsourced, or otherwise contracted worker.

9. **NO DISPARAGEMENT.** Dickerson, King Macon, and Russell agree that they have not and will not make statements to clients, customers, suppliers, current and former employees of the Released Parties or to other members of the public that are slanderous, maliciously false, defamatory, abusive, threatening, harassing or discriminatory toward the Released Parties or their products and services. This provision does not prevent Dickerson or King Macon or Russell from fully and candidly

discussing employment matters with a governmental agency or participating in a government investigation or engaging in protected collective activity, including discussing the terms and conditions of employment with other employees.

10. **EMPLOYMENT VERIFICATION.** In keeping with Company policies and procedures, Dickerson, King Macon, and Russell should direct all requests for employment verification to Company's third-party employment verification vendor ("work verification vendor") at 1-800-367-5690; Centene Employer Code: 14500. The work verification vendor will provide only the dates of their employment, positions held, and salary.

11. **NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT.** This Agreement shall not be construed as an admission by Company or the Released Parties of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing. Company denies that it violated the law or engaged in any misconduct, willful or otherwise, and disputes the fact and amount of Plaintiffs' claims. Company maintains that Dickerson, King Macon, and Russell were properly classified as exempt employees during the period of their employment at issue in the Matter, and disputes that they are entitled to any overtime compensation.

12. **CONFIDENTIALITY OF AGREEMENT.** Dickerson, King Macon, and Russell agree that without the written consent of the Company, they will not reveal, disclose, disseminate or otherwise communicate in any manner or means the financial terms of this Agreement except to their legal and financial advisors, spouse or domestic partner, or as required or permitted by law. This does not apply to the motion for approval that will be filed by the Parties under paragraph 16. Nothing in this Paragraph shall require confidentiality of any claims of sexual harassment or abuse. This provision does not prevent Dickerson or King Macon or Russell from fully and candidly discussing employment matters with a governmental agency or participating in a government investigation and is not intended to interfere with any other of Dickerson's or King Macon's or Russell's rights including those arising under Section 7 of the NLRA including discussing compensation and other terms and conditions of employment.

13. **DELEGATION.** Company may assign, delegate or transfer this Agreement and Company's rights and obligations under this Agreement to any of its affiliates or to any business entity that by merger, consolidation, stock acquisition, or otherwise acquires all or substantially all of the assets of Company or to which Company transfers all or substantially all of its assets.

14. **NO WAIVER.** Failure to insist upon strict compliance with any term, covenant, or condition of this Release shall not be deemed a waiver of such term, covenant, or condition, nor shall any waiver or relinquishment of any right or power in this Release at any one time or more times be deemed a waiver or relinquishment of such right or power at any other time or times.

15. **MEDICARE.** Dickerson, King Macon, and Russell represent and warrant that they are not a current Medicare beneficiary, that they are not a current recipient of Social Security Disability benefits, that they have not applied for Social Security Disability benefits, that they have no knowledge of Medicare, or any other governmental entity, paying for any medical treatment relating to any injury claim covered by this Agreement, and that they do not expect to become a Medicare beneficiary within thirty (30) months after the execution of this Agreement.

16. **MOTION FOR APPROVAL OF SETTLEMENT.** This Agreement and the settlement it evidences are made in compromise of disputed claims. Because Plaintiffs' Complaint

contains FLSA claims, the Parties will seek approval of the settlement by the Court in accordance with *Lynn's Food Stores, Inc. v. United States, US Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and this Agreement is contingent on Court approval. The Parties agree to file a joint motion to approve the settlement ("Motion"). Company's counsel will prepare a first draft of the Motion and will file the Motion after Plaintiffs' counsel has reviewed the Motion. The Motion shall seek an Order of Approval that: (a) approves the Agreement as fair, adequate, and reasonable, and directs consummation of its terms and provisions; and (b) dismisses this Matter with prejudice. In the event that: (a) the Court does not approve this Agreement and enter an Order Granting Approval of the Settlement and Dismissing the Claims with Prejudice; (b) the Court does not approve of the settlement as proposed by the Parties; (c) the Order of Approval does not become final for any reason, or the terms and conditions set forth in this Agreement are modified in any material respect; or (d) the Order of Approval, as defined herein, does not occur, this Agreement shall be deemed null and void and shall be of no force or effect whatsoever, and shall not be admitted, referred to, or utilized by any Party for any purpose whatsoever. In the event that this settlement is not approved by the Court or is otherwise not consummated, Company does not waive, but rather expressly reserves, all rights to challenge all of Plaintiffs' claims upon all procedural and substantive grounds, including the assertion of all defenses.

17.     **GOVERNING LAW.** This Release shall be construed and enforced in accordance with the laws of the State of Missouri and all disputes or actions to enforce this Agreement will be brought and heard in St. Louis County.

18.     **NO ASSIGNMENT:** Dickerson, King Macon, and Russell represent and warrant that no other person than Dickerson or King Macon or Russell has or had any interest in the matters referred to in this Agreement and has the sole right and exclusive authority to execute this Agreement. Dickerson, King Macon, and Russell represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

19.     **SEVERABILITY:** Should any part, term or provision of this Agreement, except the release in Paragraph 3 and the requirement for Court approval in Paragraph 16, be declared and/or be determined by any court or arbitrator to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

20.     **COUNTERPARTS:** This Agreement may be executed in one or more counterparts, each of which together shall be deemed to be an original, but all of which together shall constitute one Agreement and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

21.     **ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between the Parties; however, any prior obligations arising out of a previously executed Agreement related to the confidentiality of information, restrictive covenants (such as agreements not to compete and non-solicitation agreements), or intellectual property remain intact and are incorporated by reference herein. This Agreement may not be modified or amended in any manner, except by an instrument in writing signed by all parties to this Agreement.

22.     **RETURN OF AGREEMENT.** Dickerson, King Macon, and Russell should deliver a signed copy of this Agreement to designated counsel for Company via email by a legible, color .pdf to: Breanne Martell at bsmartell@littler.com.

AGREED AND UNDERSTOOD:

_[signature]_  05 / 16 / 2024

Taiwan Dickerson  Date
Signature

_____  _____

Kim King Macon  Date
Signature

_____  _____

Tiffany Russell  Date
Signature

ACCEPTED BY COMPANY:

**Merdith Linhardt**  Head of People Relations and Compliance Solutions

Name of Company Representative  Title

_[signature]_  May 22, 2024
Merdith Linhardt (May 22, 2024 17:42 CDT)

Signature of Company Representative  Date

8

AGREED AND UNDERSTOOD:

_____
Taiwan Dickerson
Signature

_____
Date

*Kim King-Macon*
_____
Kim King Macon
Signature

05 / 16 / 2024
_____
Date

_____
Tiffany Russell
Signature

_____
Date

ACCEPTED BY COMPANY:

**Merdith Linhardt**
_____
Name of Company Representative

Head of People Relations and Compliance Solutions
_____
Title

*[signature]*
Merdith Linhardt (May 22, 2024 17:42 CDT)
_____
Signature of Company Representative

May 22, 2024
_____
Date

8

Doc ID: 67d620af598eb92a8504ac83aae11e199891c1c5

AGREED AND UNDERSTOOD:

_____     _____
Taiwan Dickerson                    Date
Signature

_____     _____
Kim King Macon                      Date
Signature

*[signature: Tiffany Russell]*     05 / 16 / 2024
_____     _____
Tiffany Russell                     Date
Signature

ACCEPTED BY COMPANY:

**Merdith Linhardt**                Head of People Relations and Compliance Solutions
_____     _____
Name of Company Representative      Title

*[signature]*
Merdith Linhardt (May 22, 2024 17:42 CDT)    May 22, 2024
_____     _____
Signature of Company Representative   Date

8

Doc ID: 918bfa32f6c69640ee97e738b8143128df4e88af